James R. Patterson, CA Bar No. 211102
Allison H. Goddard, CA Bar No. 211098
Elizabeth A. Mitchell CA Bar No. 204853
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
elizabeth@pattersonlawgroup.com

*Attorneys for Plaintiff BUCKEYE TREE LODGE
AND SEQUOIA VILLAGE INN, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company; TRIVAGO GmbH, a German limited liability company; VENERE NET S.R.L DBA VENERE NET, LLC, an Italian limited liability company; and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD., an Australian private company,<br><br>        Defendants. | Case No. 3:16-CV-04721-SK<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF AND OTHER EQUITABLE RELIEF**<br><br>1. Violation of the Lanham Act, 15 U.S.C. § 1125 (False Association)<br>2. Violation of the Lanham Act, 15 U.S.C. § 1125 (False Advertising)<br>3. Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Competition)<br>4. Violation of California Business & Professions Code §§ 17500, *et seq.* (False Advertising)<br>5. Intentional Interference with Prospective Economic Advantage<br>6. Negligent Interference with Prospective Economic Advantage<br>7. Unjust Enrichment and Restitution<br><br>**[Demand for Jury Trial]** |

Case No.: 16CV04721-SK

Plaintiff Buckeye Tree Lodge and Sequoia Village Inn, LLC ("Buckeye Tree Lodge") on behalf of itself and all others similarly situated, alleges upon personal knowledge, information and belief as follows:

## I.    NATURE OF ACTION

1.    The classic bait and switch. Defendants run a network of on-line travel services and websites under popular brands like Hotels.com, Expedia.com, Orbitz, Trivago, Venere and Wotif (collectively, "Expedia").  Expedia baits consumers with on-line deals for vacation and hotel stays at the Buckeye Tree Lodge and other Class Member hotels, even though these hotels are not affiliated with Expedia.  In fact, Expedia has no way to book these hotels.

2.    After Expedia baits consumers with the false impression that they can book these hotels through its website, the switch begins. Expedia's website falsely shows that there is no availability at the hotel, but then pushes the consumers to "deals" at Expedia's nearby member hotels, who pay Expedia a fee for every room booked through its website.

3.    Expedia's deceit is brazen. Expedia posts fake telephone numbers for Buckeye Tree Lodge and other Class Member hotels to divert callers to Expedia's own operators, who then try to book the consumers at Expedia member hotels.

4.    Worse, Expedia then targets social media advertisements – *for hotels it cannot book* – to those consumers, using the brands of Class Member hotels to divert business from them to Expedia members.

5.    Believing Expedia's representation that there is no availability at a Class Member hotel, consumers take their business to Expedia member hotels. And the bait and switch is complete.

6.    Expedia's conduct violates the Lanham Act (15 U.S.C. § 1125), California Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.*, and constitutes unfair competition, false advertising, false affiliation, trademark infringement, interference with prospective economic advantage and unjust enrichment.

///

## II.   JURISDICTION

7.   This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. § 1331.

8.   This Court has supplemental subject matter jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9.   This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are more than 100 putative class members, the amount in controversy exceeds $5 million, and there is minimal diversity. Plaintiff Buckeye Tree Lodge, a California citizen, is diverse from Defendant Expedia, Inc., a Washington citizen, Defendant Hotels.com, L.P., a Texas citizen, Defendant Hotels.com GP, LLC, a Texas citizen, Orbitz, LLC, a Delaware citizen, Trivago GmbH, a German citizen, Venere Net S.r.l. dba Venere Net, LLC, a citizen of Italy and Washington, and Expedia Australia Investments Pty Ltd., an Australian citizen.

## III.   VENUE

10.   This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b). Defendants reside in this District under 28 U.S.C. § 1391(c); a substantial amount of the events giving rise to the claims occurred in this District, including in San Fransisco; and there are Class Members who operate hotels and suffered damages is in this District, including in San Francisco.

## IV.   PARTIES

11.   Plaintiff Buckeye Tree Lodge and Sequoia Village Inn, LLC is a California limited liability company.

12.   Defendant Expedia, Inc. is a Washington corporation with its headquarters in Bellevue, Washington.

13.   Defendant Hotels.com, L.P. is a Texas limited partnership with its headquarters in Dallas, Texas. Hotels.com, L.P. also has offices in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants.

14.   Defendant Hotels.com GP, LLC is a Texas limited liability company with its headquarters in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants. Hotels.com GP, LLC is the general partner of Hotels.com, L.P.

15.     Defendant Orbitz, LLC is a Delaware limited liability company with offices in Chicago, Illinois. Orbitz, LLC also has offices in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants.

16.     Defendant Trivago, GmbH is a German limited liability company headquartered in Düsseldorf, Germany with offices in New York, New York.

17.     Venere Net S.r.l. dba Venere Net, LLC is an Italian limited liability company headquartered in Rome, Italy, registered as a foreign limited liability company doing business in the State of Washington and with offices in the State of Washington.

18.     Expedia Australia Investments Pty Ltd. in an Australian private company headquartered in Sydney, New South Wales, Australia. Expedia Australia Investments Pty Ltd. was previously known as EMU Australia Investments Pty Ltd and is the successor in interest to Wotif.com Holdings Limited. On information and belief, Expedia Australia Investments Pty Ltd. is doing business under the names Wotif, Wotif Group and Wotif.com.

19.     Plaintiff is informed and believes, and based thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, each of the named Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policies of each of the named Defendants.

20.     Plaintiff is informed and believes, and based thereon alleges that, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

21.     Plaintiff is informed and believes, and based thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

/ / /

## V.   STANDING

22.   Plaintiff has standing to bring the claims alleged in this complaint because, as further detailed below, Defendants' wrongful conduct proximately caused Plaintiff to suffer injuries to its commercial interests in its reputation and sales.

## VI.   FACTUAL BACKGROUND

### Defendants Lure Consumers With False Google Ads

23.   Defendants own and operate various websites that they identify as their brands, including, but not limited to, Expedia.com, Hotels.com, Orbitz.com, Trivago.com, Venere.com and Wotif.com (collectively, the "Websites").

24.   Through these Websites, Defendants offer travel services to consumers in this District, throughout California and the United States, and across the world.

25.   For a fee, hotels and vacation lodges can sign up to be members of Defendants' websites.

26.   Buckeye Tree Lodge and the Class Members are not members of Defendants' websites or otherwise affiliated with Defendants. Buckeye Tree Lodge and, on information and belief, the Class Members have not consented to the Defendants' use of their names, marks or any information concerning their booking, accommodations or availability.

27.   Buckeye Tree Lodge and, on information and belief, the Class Members, own their names and marks.

28.   Defendants push "deals" for stays at their members' hotels and lie about the availability of rooms at non-member hotels. Consumers visiting these Websites have no way of knowing which hotels are members and which are not.

29.   But the deception starts even before consumers visit the Websites. Defendants purchase false and misleading advertisements on internet search engines like Google, to funnel traffic to their Websites.

30.   For example, when a consumer uses Google to search for the Buckeye Tree Lodge, the engine's top result returns an advertisement purchased by Defendants to "Book Buckeye Tree Lodge" and promising "Incredible Offers on Great Hotels. Buckeye Tree Lodge."



31.     Plaintiff alleges on information and belief that Defendants had a pattern and practice, when available, to purchase similarly deceptive advertisements on Google and other search engines regarding the Class Members (collectively, the "Google Advertisements").

32.     The Google Advertisements were false, misleading and omitted material facts necessary to make them not misleading because they stated or implied that Defendants had an affiliation with the Class Members and that Defendants could book stays at the Class Members' hotels on behalf of consumers.

33.     In truth, at all relevant times, Defendants had no affiliation with Buckeye Tree Lodge and the Class Members, and Defendants had no way to actually book stays at Buckeye Tree Lodge or at the Class Members' hotels on behalf of consumers.

34.     The Google Advertisements funneled consumers away from legitimate websites that could book rooms at Buckeye Tree Lodge and at the Class Members and lured consumers onto Defendants' Websites, where Defendants' unlawful conduct continued.

/ / /

### **Defendants' Unfair and Fraudulent Practices on the Websites**

35.    At all relevant times, when a consumer searches for Class Members on Defendants' Websites, the Websites prompt consumers to enter prospective travel dates to check for room availability.

36.    Defendants' travel date searches are misleading in that they falsely lead consumers to believe that Defendants have an affiliation with Buckeye Tree Lodge and the Class Members and that Defendants can book stays with Buckeye Tree Lodge and the Class Members on behalf of travelers.

37.    Plaintiff alleges on information and belief that after baiting consumers to enter their prospective travel dates, Defendants' Websites, as a standard practice, represent that there are "no rooms available" at the Buckeye Tree Lodge or Class Member hotels, that the Buckeye Tree Lodge and Class Members are "sold out," or that there are "no deals available at this time" at the Buckeye Tree Lodge and Class Members, regardless of the actual vacancy rates.



38.    In returning these false and misleading "sold out" search results, Defendants use the names and addresses of the Buckeye Tree Lodge and Class Members together with fake phone numbers. These phone numbers do not connect would be travelers to the Buckeye Tree Lodge and Class Members.

1   Instead, these phone numbers are owned and operated by Defendants.

2       39.    At the same time that the Websites return false and misleading "sold out" search results

3   with phony 800 numbers for the Buckeye Tree Lodge and Class Members, the Websites offer "deals" at

4   their own member hotels during the same travel dates.



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22      40.    Plaintiff alleges on information and belief that at all relevant times, when consumers call

23  the fake phone numbers, Defendants' operators confirm there is no availability at the Buckeye Tree

24  Lodge and Class Members' hotels (regardless of their actual vacancy rates) and offer to book stays at

25  nearby Defendants' member hotels.

26              **Defendants Continue Pursing Consumers with False Social Media Ads**

27      41.    If a consumer does not immediately book a room through the Websites, Defendants

28  continue pursuing their business with misleading social media advertisements.

42.   For example, at all relevant times, Defendants ran targeted Facebook advertisements that would encourage consumers to "Book Buckeye Tree Lodge Now!" after the consumer has searched for Buckeye Tree Lodge on Defendants' Websites.



43.   At all relevant times, Defendants also ran targeted Twitter advertisements that would encourage consumers to book at Buckeye Tree Lodge after searching Defendants' Websites.

44.   Plaintiff alleges on information and belief that Defendants had a policy and practice of running targeted advertisements on Facebook, Twitter and other social media platforms referring to Buckeye Tree Lodge and the Class Members (collectively, the "Facebook Advertisements") in an effort to mislead consumers and get them to return to the Websites to book with Defendants' member hotels.

## VII.   CLASS ALLEGATIONS

45.   **Classes**: Plaintiff brings its claims on behalf of the following classes of persons, as alleged more specifically in each claim for relief set forth herein:

    a.   **National Class**: Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to certify a class of the following persons:

> All hotels, lodges, inns, motels and providers of overnight accommodations whose names appeared on Hotels.com, Expedia.com, Orbitz.com or Trivago.com with whom Defendants did not have a booking agreement during the relevant time period from four (4) years preceding the filing of this Complaint, up to and through the time of trial for this matter (hereinafter the "National Class").

b.     **California Sub-Class**:  Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to certify a sub-class of the following persons:

> All California-based hotels, lodges, inns, motels and providers of overnight accommodations whose names appeared on Hotels.com, Expedia.com, Orbitz.com or Trivago.com with whom Defendants did not have a booking agreement during the relevant time period from four (4) years preceding the filing of this Complaint, up to and through the time of trial for this matter (hereinafter the "California Sub-Class").

46.     **Excluded from the Classes**: Excluded from the classes are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which any Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities, and Plaintiff's attorneys. Also excluded are any judges presiding over these proceedings and their immediate family.

47.     **Numerosity**: The class members are so numerous that joinder of all members is impracticable. While the exact numbers of class members are unknown to Plaintiff at this time, Buckeye Tree Lodge is informed and believes that the classes consist of more than one hundred individuals. Members are readily ascertainable through appropriate discovery from records maintained by Defendants and their agents.

48.     **Common Questions of Law and Fact Predominate**: Questions of law and fact common to the Class predominate over questions affecting only individuals, including:

a.     What algorithms Defendants used on their Websites to return search results to consumers;

b.     Whether Defendants' search engines accessed actual vacancy rates of their non-member hotels;

c.     How Defendants used smart technology to track consumer search history;

d.     Whether Defendants online advertisements were part of a pattern and practice to divert business unfairly toward their member hotels;

e.     Whether Defendants' offers to book stays at hotels with whom they had no affiliation violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

Case No.: 16CV04721-SK

f.    Whether Defendants' use of Plaintiff and Class Members' names and identifying information violated section 43(a) of the Lanham Act;

g.    Whether Defendants' false representation that Plaintiff and Class Members' hotels were sold out, had no rooms available or had no deals violated section 43(a) of the Lanham Act;

h.    Whether Defendants' systematic acts and practices violated California Business and Professions Code §§ 17200 *et seq.*;

i.    Whether Defendants' systematic acts and practices violated California Business and Professions Code §§ 17500 *et seq.*;

j.    Whether Defendants were unjustly enriched under California law;

k.    Whether restitution, lost profits or another damages measure is most appropriate to compensate Plaintiff and the Class Members; and

l.    Whether Defendants' conduct should be enjoined.

49.    **Typicality**: Buckeye Tree Lodge's claims are typical of other Class Members' claims. Like the other Class Members, Buckeye Tree Lodge was subjected to Defendants' common advertising and website policies and practices. Defendants' representations, advertisements and treatment of Buckeye Tree Lodge were and are typical of those of other Class Members.

50.    **Adequacy**: Buckeye Tree Lodge can fairly and adequately represent the Class's interests. It has no conflicts of interest with other Class Members, and it retained counsel who are competent and experienced in class actions and unfair competition litigation.

51.    **Superiority**: The nature of this action and the nature of laws available to Buckeye Tree Lodge and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Buckeye Tree Lodge and the Classes for the wrongs alleged because:

a.    The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly and burdensome;

b.    This case involves a small number of tight knit Defendants operating four Websites under a common scheme, and a large number of individual small and

medium size hotels and lodges with many relatively small claims with common issues of law and fact; and

c.  If each class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual class member.

## VIII.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**
**(False Association and Trademark Infringement)**
**(By Plaintiff and the National Class Members Against All Defendants)**

52.     Plaintiff incorporates every preceding paragraph as if fully set forth herein.

53.     In acting as alleged above, Defendants violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line travel and booking services, by using in commerce words, terms, names, or symbols, or a combination thereof, which were likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Buckeye Tree Lodge and the National Class Members, or as to the origin, sponsorship, or approval of their services or commercial activities.

54.     In acting as alleged above, Defendants also violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line travel and booking services, by using in commerce false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which were likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Buckeye Tree Lodge and the National Class Members, or as to the origin, sponsorship, or approval of their services or commercial activities.

55.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) proximately caused an injury to a commercial interest in sales or business reputation of Buckeye Tree Lodge and the National Class Members.

56.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive Buckeye Tree Lodge and the National Class Members of

the ability to control the consumer perception of its products and services offered under their names and marks, placing the valuable reputation and goodwill of Buckeye Tree Lodge and the National Class Members in the hands of Defendants.

57.     Defendants had direct and full knowledge of Buckeye Tree Lodge and the National Class Members' prior use of and rights in their names and marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

58.     Accordingly, pursuant to 15 U.S.C. § 1117, Buckeye Tree Lodge and the National Class Members are entitled to recover: (1) Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by Buckeye Tree Lodge and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) the costs of the action; and (4) reasonable attorney fees.

59.     As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the National Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the National Class Members have no adequate remedy at law. Buckeye Tree Lodge and the National Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**SECOND CLAIM FOR RELIEF**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**
**(False Advertising and Trademark Infringement)**
**(By Plaintiff and the National Class Members Against All Defendants)**

60.     Plaintiff incorporates every preceding paragraph as if fully set forth herein.

61.     In acting as alleged above, Defendants violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in connection with on-line travel and booking services, by using in commerce words, terms, names, or symbols, or a combination thereof, which in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of Buckeye Tree Lodge and the

National Class Members' services or commercial activities.

62.     In acting as alleged above, Defendants also violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in connection with on-line travel and booking services, by using in commerce false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of Buckeye Tree Lodge and the National Class Members' services or commercial activities.

63.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(B) proximately caused an injury to a commercial interest in sales or business reputation of Buckeye Tree Lodge and the National Class Members.

64.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive Buckeye Tree Lodge and the National Class Members of the ability to control the consumer perception of their products and services offered under their names and marks, placing the valuable reputation and goodwill of Buckeye Tree Lodge and the National Class Members in the hands of Defendants.

65.     Defendants had direct and full knowledge of Buckeye Tree Lodge and the National Class Members' prior use of and rights in their names and marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

66.     Accordingly, pursuant to 15 U.S.C. § 1117, Buckeye Tree Lodge and the National Class Members are entitled to recover: (1) Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by Buckeye Tree Lodge and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) the costs of the action; and (4) reasonable attorney fees should the Court find this to be an exceptional action.

67.     As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the National Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks.  This continuing loss of goodwill cannot be properly

1  calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the

2  National Class Members have no adequate remedy at law.  Buckeye Tree Lodge and the National Class

3  Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**THIRD CLAIM FOR RELIEF**
**Unfair Competition – Violations of California**
**Business & Professions Code §§ 17200, *et seq.***
**(By Plaintiff and the California Sub-Class Members Against All Defendants)**

8        68.    Plaintiff incorporates every preceding paragraph as if fully set forth herein.

9        69.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful,

10  and harmful to Buckeye Tree Lodge, the California Sub-Class Members, consumers and the general

11  public.  Buckeye Tree Lodge seeks to enforce important rights affecting the public interest within the

12  meaning of California Code of Civil Procedure § 1021.5.

13        70.    Defendants' activities, as alleged herein, are violations of federal and California law, and

14  constitute unfair competition and unlawful business acts and practices in violation of California Business

15  & Professions Code §§ 17200, *et seq.*

16        71.    Buckeye Tree Lodge and the California Sub-Class Members have been personally

17  aggrieved by Defendants' unfair competition and unlawful business acts and practices as alleged herein,

18  including but not necessarily limited to, by the loss of money or property.

19        72.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Buckeye Tree

20  Lodge and the California Sub-Class Members are entitled to disgorgement and restitution of the income

21  that Defendants earned during a period that commences four years prior to the filing of this Complaint;

22  an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable

23  law; and an award of costs.

24        73.    As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye

25  Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and

26  reputation established by their names and marks.  This continuing loss of goodwill cannot be properly

27  calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the

28  California Sub-Class Members have no adequate remedy at law.  Buckeye Tree Lodge and the California

Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### FOURTH CLAIM FOR RELIEF
**False Advertising– Violations of California**
**Business & Professions Code §§ 17500, *et seq.***
**(By Plaintiff and the California Sub-Class Members Against All Defendants)**

74.    Plaintiff incorporates every preceding paragraph as if fully set forth herein.

75.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Buckeye Tree Lodge, the California Sub-Class Members, consumers and the general public. Buckeye Tree Lodge seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

76.    Defendants' activities, as alleged herein, are violations of federal and California law, and constitute false advertising in violation of California Business & Professions Code §§ 17500, *et seq.*

77.    Buckeye Tree Lodge and the California Sub-Class Members have been personally aggrieved by Defendants' false advertising as alleged herein, including but not necessarily limited to, by the loss of money or property.

78.    Pursuant to California Business & Professions Code §§ 17500, *et seq.*, Buckeye Tree Lodge and the California Sub-Class Members are entitled to disgorgement and restitution of the income that Defendants earned during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

79.    As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law. Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

/ / /

**FIFTH CLAIM FOR RELIEF**
**Intentional Interference with Prospective Economic Advantage**
**(By Plaintiff and the California Sub-Class Members Against All Defendants)**

80.     Plaintiff incorporates every preceding paragraph as if fully set forth herein.

81.     Buckeye Tree Lodge and the California Sub-Class Members, on the one hand, and consumers who were looking to book stays at their hotels, on the other hand, were in an economic relationship that probably would have resulted in a future economic benefit to Buckeye Tree Lodge and the Class Members (the "Relationship").

82.     Defendants knew of the Relationship.

83.     Defendants intended to disrupt the Relationship.

84.     Defendants, in acting as alleged above, engaged in wrongful conduct by, without limitation, violating the Lanham Act, violating California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*, violating California common law, engaging in acts of unfair competition, false advertising, false affiliation and misrepresentation.

85.     The Relationship was disrupted.

86.     Buckeye Tree Lodge and the California Sub-Class Members suffered harm.

87.     Defendants' wrongful conduct, as alleged above, was a substantial factor in causing Buckeye Tree Lodge and the California Sub-Class Members' harm.

88.     Defendants engaged in the conduct alleged above with malice, oppression, or fraud in that Defendants' conduct was done with a willful and knowing disregard of Plaintiff and the California Sub-Class Members' rights, Defendants' conduct subjected Plaintiff and the California Sub-Class Members' to cruel and unjust hardship in knowing disregard of their rights, or Defendants intentionally misrepresented the true facts or concealed material facts and did so intending to harm Plaintiff and the California Sub-Class Members or in reckless disregard that such harm would result.

89.     As a result, in addition to other remedies available, Plaintiff and the California Sub-Class Members may also recover damages to punish Defendants and deter future similar wrongful conduct.

90.     As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and

reputation established by their names and marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law.  Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**SIXTH CLAIM FOR RELIEF**
**Negligent Interference with Prospective Economic Advantage**
**(By Plaintiff and the California Sub-Class Members Against All Defendants)**

91.    Plaintiff incorporates every preceding paragraph as if fully set forth herein.

92.    Buckeye Tree Lodge and the California Sub-Members, on the one hand, and consumers who were looking to book stays at their hotels, on the other hand, were in a Relationship that probably would have resulted in a future economic benefit to Buckeye Tree Lodge and the California Sub-Class Members.

93.    Defendants knew or should have known of this Relationship.

94.    Defendants knew or should have known that this Relationship would be disrupted if they failed to act with reasonable care.

95.    Defendants failed to act with reasonable care.

96.    Defendants, in acting as alleged above, engaged in wrongful conduct by, without limitation, violating the Lanham Act, violating California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*, violating California common law, engaging in acts of unfair competition, false advertising, false affiliation and misrepresentation.

97.    The Relationship was disrupted.

98.    Buckeye Tree Lodge and the California Sub-Class Members suffered harm.

99.    Defendants' wrongful conduct, as alleged above, was a substantial factor in causing Buckeye Tree Lodge and the Class Members' harm.

100.    As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly

calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law. Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**SEVENTH CLAIM FOR RELIEF**
**Unjust Enrichment and Restitution**
**(By Plaintiff and the California Sub-Class Members Against All Defendants)**

101.    Plaintiff incorporates every preceding paragraph as if fully set forth herein.

102.    In acting as alleged above, Defendants have been unjustly enriched in that Defendants have knowingly benefitted at the expense of Buckeye Tree Lodge and the California Sub-Class Members in a manner such that allowance of Defendants to retain the benefits that they received would be unjust.

103.    Buckeye Tree Lodge and the California Sub-Class Members are entitled to disgorgement and restitution of the income that Defendants earned during a period that commences four years prior to the filing of this Complaint; a temporary and permanent injunction requiring Defendants to refrain from their unlawful activities; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

104.    As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law. Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**IX.    PRAYER FOR RELIEF**

105.    Plaintiff and the Classes prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Action Certification

1.    That Plaintiff's claims be certified as a class action under Federal Rule of Civil Procedure

1   23;

2   2.      That the Court certify the National Class; and

3   3.      That the Court certify the California Sub-Class.

4

5              As to the First Claim For Relief
6      (False Affiliation, the Lanham Act (15 U.S.C. § 1125(a)(1)(A) violations)

7   1.      Defendants' profits, or an amount that is adequate, which the Court finds to be just

8           according to the circumstances of the case, as compensation, pursuant to 15 U.S.C. §

9           1117;

10   2.      The damages sustained by Buckeye Tree Lodge and the National Class Members, in a

11          sum above the amount found as actual damages, not exceeding three times such amount,

12          pursuant to 15 U.S.C. § 1117;

13   3.      For temporary and permanent injunctive relief;

14   4.      The costs of the action pursuant to 15 U.S.C. § 1117;

15   5.      For reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

16   6.      For such other and further relief as the Court may deem equitable and appropriate.

17

18              As to the Second Claim For Relief
19      (False Advertising, Lanham Act (15 U.S.C. § 1125(a)(1)(B) violations)

20   1.      Defendants' profits, or an amount that is adequate, which the Court finds to be just

21          according to the circumstances of the case, as compensation, pursuant to 15 U.S.C. §

22          1117;

23   2.      The damages sustained by Buckeye Tree Lodge and the National Class Members, in a

24          sum above the amount found as actual damages, not exceeding three times such amount,

25          pursuant to 15 U.S.C. § 1117;

26   3.      For temporary and permanent injunctive relief;

27   4.      The costs of the action pursuant to 15 U.S.C. § 1117;

28   5.      For reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

6.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Claim For Relief
(Unfair Competition)

1.    The disgorgement of any and all income in connection with Defendants' on-line booking, according to proof;

2.    For restitution of income to Plaintiff and all California Sub-Class Members and prejudgment interest from the day such amounts were due and payable;

3.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200, *et seq.*;

4.    For all actual, consequential, and incidental losses and damages, according to proof;

5.    For temporary and permanent injunctive relief;

6.    For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5; and

7.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Claim For Relief
(False Advertising)

1.    The disgorgement of any and all income in connection with Defendants' on-line booking, according to proof;

2.    For restitution of income to Plaintiff and all California Sub-Class Members and prejudgment interest from the day such amounts were due and payable;

3.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17500, *et seq.*;

4.    For all actual, consequential, and incidental losses and damages, according to proof;

5.    For temporary and permanent injunctive relief;

6.     For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5; and

7.     For such other and further relief as the Court may deem equitable and appropriate

### As to the Fifth Claim For Relief
(Intentional Interference with Prospective Economic Advantage)

1.     For all actual, consequential, and incidental losses and damages, according to proof;

2.     For punitive damages according to proof;

3.     For temporary and permanent injunctive relief; and

4.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Claim For Relief
(Negligent Interference with Prospective Economic Advantage)

1.     For all actual, consequential, and incidental losses and damages, according to proof; and

2.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Claim For Relief
(Unjust Enrichment)

1.     The disgorgement of any and all income in connection with on-line booking, according to proof;

2.     For restitution of income to Plaintiff and all California Sub-Class Members and prejudgment interest from the day such amounts were due and payable;

3.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants;

4.     For all actual, consequential, and incidental losses and damages, according to proof;

5.     For temporary and permanent injunctive relief;

1       6.      For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure §

2             1021.5; and

3       7.      For such other and further relief as the Court may deem equitable and appropriate.

4

5   Dated: September 16, 2016               PATTERSON LAW GROUP

6

7                                By: /s/ Elizabeth A. Mitchell

8                                  James R. Patterson, CA Bar No. 211102
                                  Allison H. Goddard, CA Bar No. 211098

9                                  Elizabeth A. Mitchell CA Bar No. 204853
                                  PATTERSON LAW GROUP

10                              402 West Broadway, 29th Floor
                                 San Diego, CA 92101

11                              Telephone:  (619) 756-6990
                                 Facsimile:  (619) 756-6991

12                              jim@pattersonlawgroup.com
                               ali@pattersonlawgroup.com

13                              elizabeth@pattersonlawgroup.com

14

15                            Attorneys for Plaintiff and the Class

16

17

18

19

20

21

22

23

24

25

26

27

28