EMILY JOHNSON HENN (SBN 269482)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

SIMON J. FRANKEL (SBN 171552)
CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: sfrankel@cov.com

Attorneys for Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., Hotels.com GP, LLC, and Venere Net S.r.l.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC., HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, LLC, TRIVAGO GmbH, VENERE NET S.R.L DBA VENERE NET, LLC, and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD.,<br><br>Defendants. | Civil Case No.: 16-cv-04721-VC<br><br>**EXPEDIA, INC., ORBITZ LLC, HOTELS.COM, L.P., HOTELS.COM GP, LLC, AND VENERE NET S.R.L.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 12, 2017<br>Time: 10 a.m.<br>Courtroom: 4<br>Judge: Hon. Vince Chhabria |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 12, 2017, at 10:00 a.m. in the courtroom of the Honorable Vince Chhabria, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 4, San Francisco, California, Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., Hotels.com GP, LLC, and Venere Net S.r.l. (collectively, "Expedia") will, and hereby do, move to dismiss Plaintiff's Fifth, Sixth, and Seventh Claims in the First Amended Complaint ("Complaint" or "FAC") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the documents on file with the Court, and such further evidence and argument as the Court may permit.

DATED: November 9, 2016                    COVINGTON & BURLING LLP

By: /s/ Emily Johnson Henn
    Emily Johnson Henn
    Megan L. Rodgers
    333 Twin Dolphin Drive, Suite 700
    Redwood Shores, CA 94065
    Telephone: 650-632-4700
    Facsimile: 650-632-4800
    Email: ehenn@cov.com

    Simon J. Frankel
    Cortlin H. Lannin
    One Front Street, 35th Floor
    San Francisco, CA 94111
    Telephone: 415-591-7078
    Facsimile: 415-955-6578
    Email: clannin@cov.com

    *Attorneys for Defendants* Expedia, Inc.,
    Orbitz, LLC, Hotels.com, L.P.,
    Hotels.com GP, LLC, and Venere Net
    S.r.l.

---

[1] Foreign defendants Trivago GmbH and Expedia Australia Investments Pty Ltd. have not been served with a complaint, have not made an appearance in this case, and are not parties to this motion.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.  INTRODUCTION AND SUMMARY OF ISSUES TO BE DECIDED ........................... 1

II. ALLEGATIONS OF THE COMPLAINT ....................................................................... 2

    A.  The Parties ............................................................................................................. 2

    B.  The Alleged False Advertisements ........................................................................ 2

    C.  Plaintiff's Alleged Injury ....................................................................................... 2

    D.  Plaintiff's Claims ................................................................................................... 3

III. ARGUMENT .................................................................................................................... 3

    A.  Legal Standard ....................................................................................................... 3

    B.  Plaintiff Fails to Allege Facts Sufficient To Support Claims for Intentional and Negligent Interference with Prospective Economic Advantage. ........................... 4

        1.  Plaintiff Has Not Pleaded An Actual or Potential Relationship With a Third Party. ................................................................................................. 5

        2.  Plaintiff Has Not Alleged a "Reasonable Probability" That Consumers Would Have Booked Nights at Buckeye But For Expedia's Advertisements. ..................................................................................... 6

    C.  Plaintiff's Claim for Unjust Enrichment Fails as a Matter of Law. ....................... 7

IV. CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Albrecht v. Tkachenko*,
    No. 14-cv-05442-VC, 2015 WL 227607 (N.D. Cal. May 11, 2015)......................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................3, 4

*Asia Invest. Co. v. Borowski*,
    133 Cal. App. 3d 832 (Cal. App. Ct. 1982) .........................................................................5

*Banuelos v. Butler*,
    No. B223120, 2010 WL 5175489 (Cal. Ct. App. Dec. 22, 2010) .....................................5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................................3

*Blank v. Kirwan,*
    703 P.2d 58 (1985)...............................................................................................................7

*Brown v. Allstate Ins. Co.*,
    17 F. Supp. 2d 1134 (S.D. Cal. 1998)..................................................................................5

*Donohue v. Apple, Inc.*,
    871 F. Supp. 2d 913 (N.D. Cal. 2012) .................................................................................8

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) .............................................................................................3

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
    No. 13-cv-05222-VC , 2014 WL 2451290 (N.D. Cal. Jun. 2, 2014)...................................8

*Hanna v. Erganian*,
    No. F068116, 2016 WL 4939564 (Cal. Ct. App. Sept. 16, 2016) .......................................4

*Janda v. Madera Cmty. Hosp.*,
    16 F. Supp. 2d 1181 (E.D. Cal. 1998)..................................................................................5

*North Am. Chem. Co. v. Superior Court*,
    69 Cal. Rptr. 2d 466 (Cal. Ct. App. 1997)...........................................................................4

*Robell v. Provenzano*
    No. D036222, 2002 WL 1372360 (Cal. Ct. App. Jun. 26, 2002) ........................................7

*Roth v. Rhodes*,
    25 Cal. App. 4th 530 (Cal. Ct. App. 1994) ......................................................................5, 6

*Sole Energy Co. v. Petrominerals Corp.*,
  26 Cal. Rptr. 3d 798 (Cal. Ct. App. 2005) ............................................................................. 7

*Sumer v. Carrier Corp.*,
  No. 14-cv-04271-VC, 2015 WL 758314 (N.D. Cal. Feb. 20, 2015) ................................. 7, 8

*Westside Ctr. Assoc. v. Safeway Stores 23, Inc.*,
  49 Cal. Rptr. 2d 793 (Cal. Ct. App. 1996) ..................................................................... 5, 6, 7

*Youst v. Longo*,
  729 P.2d 728 (Cal. 1987) ............................................................................................ 4, 6, 7

**Statutes**

California Business & Professions Code Sec. 17200, *et seq.* ..................................................... 3

California Business & Professions Code Sec. 17500, *et seq.* ..................................................... 3

Lanham Act, 15 U.S.C. Sec. 1125 ............................................................................................. 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND SUMMARY OF ISSUES TO BE DECIDED**

This litigation concerns Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., Hotels.com GP, LLC, and Venere Net S.r.l.'s (collectively, "Expedia's") online hotel advertising.

Plaintiff Buckeye Tree Lodge and Sequoia Village Inn ("Buckeye") is a small lodge near Three Rivers, California seeking to represent a class of all hotels and inns that "appeared" on websites of Expedia or the additional foreign defendants and are not parties to any booking agreement with defendants. Buckeye alleges that Expedia advertised that consumers could book stays at Buckeye through Expedia's websites when, in fact, that was not possible, and that Expedia communicated to consumers that rooms were not available at the Buckeye when, in fact, they may have been. (FAC ¶¶ 30, 33.) Notwithstanding these allegations, Buckeye does not point to one consumer who would have booked at Buckeye but for the challenged advertisements or who allegedly booked at a hotel other than Buckeye as a result of the challenged advertisements. So whether Plaintiff will be able to prove any of its claims at trial is dubious at best. And, whether Plaintiff will be able to certify a class is equally doubtful. For now the Court can and should narrow the scope of the case and potential discovery by dismissing three claims in the Complaint that are legally defective and implausible on their face.

Accordingly, as explained in detail below, the Court should dismiss Plaintiff's claims for intentional and negligent interference with prospective economic advantage because Plaintiff fails to allege facts sufficient to support either claim. Specifically, Plaintiff alleges no facts to support its theory that consumers would have booked at Buckeye but for Expedia's advertisements. Courts have consistently rejected the notion advanced in the Complaint that interference with prospective economic advantage can exist where, as here, a plaintiff can allege only a general expectation that some economic relationship would have existed but for the challenged conduct. The Court should also dismiss

Plaintiff's claim for unjust enrichment because it is not an independent cause of action under California law.[2]

## II. ALLEGATIONS OF THE COMPLAINT

### A. The Parties

Plaintiff alleges that Expedia contracts with hotels and lodges to offer travel services to consumers through several of its websites.  (*Id*. ¶ 24.)  Plaintiff is a lodge in California that is not affiliated with Expedia.  (*Id*. ¶ 26.)

### B. The Alleged False Advertisements

Plaintiff alleges that when a consumer used Google to search for Buckeye Tree Lodge, the top search result was an advertisement purchased by Expedia to "Book Buckeye Tree Lodge."  (*Id*. ¶ 30.)  Plaintiff further alleges that if a consumer entered prospective travel dates on Expedia's websites, the consumer was advised either that there were "no deals available at this time" at Buckeye, that there were "no rooms available," or that Buckeye was "sold out."  (*Id*. ¶ 37.)  According to Plaintiff, these statements were made regardless of the actual vacancy rates.  (*Id*.)  Plaintiff further alleges that similar ads subsequently appeared on Facebook, Twitter, and other social media platforms.  (*Id*. ¶ 44.)

### C. Plaintiff's Alleged Injury

Plaintiff alleges that "consumers who were looking to book stays at their hotels" failed to do so as a result of advertisements by Expedia and the additional foreign defendants and that Plaintiff's relationship with these unnamed consumers "probably would have resulted in a future economic benefit."  (*Id*. ¶ 81.)  Notably, Plaintiff alleges no facts to support its theory that consumers would have booked at Buckeye but for Expedia's advertisements and cites not a single consumer who allegedly booked at a hotel other than Buckeye as a result of the challenged advertisements.

---

[2]   Well in advance of filing this motion, Expedia met and conferred with Plaintiff about the three claims at issue and provided Plaintiff with much of the case law cited below.  Plaintiff declined to dismiss voluntarily any of the three claims, but stated that, as to the unjust enrichment claim, "if Expedia files a motion to dismiss, we will likely not oppose it as to that cause of action."

### D. Plaintiff's Claims

Buckeye seeks to represent a class consisting of all hotels, lodges, inns, motels and providers of overnight accommodations whose names appeared on websites of Expedia and several foreign defendants and with whom defendants did not have a booking agreement during the four years preceding the filing of the complaint up to and through the time of trial. (*Id*. ¶ 45.)

Plaintiff asserts seven claims against Expedia and the additional foreign defendants: (1) violation of the Lanham Act, 15 U.S.C. Sec. 1125 (False Association); (2) violation of the Lanham Act, 15 U.S.C. Sec. 1125 (False Advertising); (3) violation of California Business & Professions Code Sec. 17200, *et seq*. (Unfair Competition); (4) violation of the California Business & Professions Code Sec. 17500, *et seq*. (False Advertising); (5) intentional interference with prospective economic advantage; (6) negligent interference with prospective economic advantage; and (7) unjust enrichment and restitution. Expedia moves to dismiss Claims 5, 6, and 7.

## III. ARGUMENT

### A. Legal Standard

A complaint must be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. at 570.

Although the Court accepts all well-pleaded allegations of material fact as true, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Thus, neither "a formulaic recitation of the elements of a cause of action" nor "naked assertion[s] devoid of further factual enhancement" suffice to state a claim.  *Id*. (alteration in original) (internal quotation marks omitted).

### B. Plaintiff Fails to Allege Facts Sufficient To Support Claims for Intentional and Negligent Interference with Prospective Economic Advantage.

Plaintiff's Fifth and Sixth Claims allege intentional interference with prospective economic advantage and negligent interference with prospective economic advantage.  However, under California law, both these torts require the plaintiff to allege "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff."[3]  *See Youst v. Longo*, 729 P.2d 728, 733 n.6 (Cal. 1987) (intentional interference); *Hanna v. Erganian*, No. F068116, 2016 WL 4939564, at *9 n.6 (Cal. Ct. App. Sept. 16, 2016) (negligent interference).

Plaintiff's conclusory and unsupported assertion that Buckeye was in an "economic relationship" with "consumers who were looking to book stays at their hotels," that "probably would have resulted in future economic benefit" but for Expedia's interference is insufficient to support a claim for intentional or negligent interference with prospective economic advantage. (FAC ¶ 81.)  Plaintiff

---

[3] The five elements for intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 729 P.2d 728, 733 n.6 (Cal. 1987).

To prove negligent interference with prospective economic advantage, a plaintiff must show: "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *North Am. Chem. Co. v. Superior Court*, 69 Cal. Rptr. 2d 466, 479 (Cal. Ct. App. 1997).

has failed to allege both an actual or potential relationship with a third party and a "reasonable probability" that consumers would have booked nights at their hotel but for Expedia's advertisements.

### 1. Plaintiff Has Not Pleaded An Actual or Potential Relationship With a Third Party.

Plaintiff is required to plead an actual or potential relationship with a third party with some specificity. An "economic relationship with the entire market of all possible but as yet unidentified buyers" is, simply, insufficient. *Westside Ctr. Assoc. v. Safeway Stores 23, Inc.*, 49 Cal. Rptr. 2d 793, 806 (Cal. Ct. App. 1996); *id.* at 808 ("[A] relationship with the general market is not enough by itself to demonstrate a reasonable probability of future economic advantage."); *see also Asia Invest. Co. v. Borowski*, 133 Cal. App. 3d 832, 841 (Cal. App. Ct. 1982) (holding that there is no cause of action when plaintiff's business relationship was with a class of as yet unknown purchasers of lots in a subdivision).

Here, Plaintiff has not pleaded an existing or even a potential relationship with an identifiable buyer. A "would-be seller" cannot state a claim for wrongful interference with prospective economic advantage without "an existing relationship with an identifiable buyer," because the "expectation of a future sale is at most a hope for an economic relationship and a desire for future benefit." *Banuelos v. Butler*, No. B223120, 2010 WL 5175489, at *9 (Cal. Ct. App. Dec. 22, 2010) (quoting *Westside Ctr. Assoc.*, 49 Cal. Rptr. 2d at 806) (internal quotation marks and alteration omitted).

Under circumstances such as these, where a plaintiff has alleged nothing more than the possibility that a potential economic relationship might eventually arise, dismissal is appropriate. *See, e.g., Janda v. Madera Cmty. Hosp.*, 16 F. Supp. 2d 1181, 1189-90 (E.D. Cal. 1998) (granting in part motion to dismiss because the pleading is speculative and insufficient as to any actual or potential relationships with a third party); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998) (granting motion to dismiss because "[p]laintiff must establish an actual economic relationship or a protected expectancy with a third person, not merely a hope of future transactions . . . In this case, [p]laintiff fails to identify any specific existing relationships."); *Roth v. Rhodes*, 25 Cal. App. 4th 530,

546 (Cal. Ct. App. 1994) (granting motion for judgment on the pleadings[4] because "Roth's case is predicated on the claim a tenancy in Rhodes' building would result in future referrals and patient contacts," and "from the very nature of this claim it follows Roth cannot have an existing relationship with these speculative 'future patients'").

Buckeye's Complaint does not point to a single identifiable actual or potential consumer who would have booked at Buckeye but for the challenged advertisement. Thus, Plaintiff's claims for intentional and negligent interference with prospective economic advantage fail as a matter of law.

### 2. Plaintiff Has Not Alleged a "Reasonable Probability" That Consumers Would Have Booked Nights at Buckeye But For Expedia's Advertisements.

Plaintiff's claims for intentional and negligent interference with prospective economic advantage fail for a second reason as well. California law "precludes recovery for overly speculative expectancies." *Westside Ctr. Assoc.*, 49 Cal. Rptr. 2d at 803. A plaintiff must prove that it is "*reasonably probable* [that] the prospective economic advantage would have been realized but for defendant's interference." *Youst*, 729 P.2d at 733 (emphasis added).

Plaintiff alleges that it lost the opportunity to book some number of unidentified customers at Buckeye because of Expedia's advertisements. (FAC ¶ 81.) But this "lost opportunity" theory has been repeatedly rejected by California courts. "[A] plaintiff cannot prove the required economic relationship simply by claiming a lost opportunity or a speculative expectation that a potentially beneficial relationship will eventually arise." *Banuelos*, 2010 WL 5175489, at *9 (internal quotation marks omitted).

As California courts have held, the lost opportunity advanced by Plaintiff here fails as a matter of law because "it allows recovery no matter how speculative the plaintiff's expectancy. It assumes what normally must be proved, i.e., that it is reasonably probable the plaintiff would have received the expected benefit had it not been for the defendant's interference." *Westside Ctr. Assoc.*, 49

---

[4] A judgment on the pleadings "performs the same function as a general demurrer and admits all material and issuable facts pleaded." *Roth v. Rhodes*, 25 Cal. App. 4th 530, 545-46 (Cal. Ct. App. 1994) (internal quotation marks omitted).

1  Cal. Rptr. 2d at 803.  Here, Plaintiff is alleging "at most a hope for an economic relationship and a desire
2  for future benefit," both of which are insufficient to support this cause of action.  *Id*. at 806; *see also*
3  *Youst*, 729 P.2d at 733, 736 (citing *Blank v. Kirwan*, 703 P.2d 58, 70 (Cal. 1985, and noting that plaintiff
4  cannot state a cause of action when "the requisite relationship with third persons involved as yet
5  unknown or nonexistent [persons]" and thus the "threshold causation requirement" is lacking); *Sole*
6  *Energy Co. v. Petrominerals Corp.*, 26 Cal. Rptr. 3d 798, 821 (Cal. Ct. App. 2005) (directing judgment
7  for defendant because plaintiff had no existing economic relationship with a third party containing the
8  probability of future economic benefit).

9  In *Robell v. Provenzano*, for example, the plaintiff alleged that the defendant falsely
10 advertised that the plaintiff's store was "temporarily closed."  No. D036222, 2002 WL 1372360, at *3
11 (Cal. Ct. App. Jun. 26, 2002).  Although the defendant ultimately corrected the advertisement, the
12 plaintiff sued for intentional interference with prospective economic advantage.  *Id*.  The plaintiff
13 produced one customer who testified that he was told by the defendant that the store was "temporarily
14 closed" and took his business elsewhere.  *Id.* at *9.  The court held that plaintiff's evidence was
15 sufficient to show he lost the expected business of one existing customer, but it rejected the plaintiff's
16 claim based on a general decline in business.  *Id*. at *10.  The court held that "Robell's damages claim,
17 seeking recovery for a general decline in business, is based only on the purported loss of potential
18 relationships with prospective, unknown, customers.  Such relationships are insufficient as a matter of
19 law to sustain a cause of action for interference with prospective economic advantage."  *Id*.

20 Similarly, Plaintiff's interference claims here are "based only on the purported loss of
21 potential relationships with prospective, unknown, customers."  *Id*.  This allegation is insufficient as a
22 matter of law, and Plaintiff's claims for intentional and negligent interference with prospective
23 economic advantage should be dismissed.

24 **C.      Plaintiff's Claim for Unjust Enrichment Fails as a Matter of Law.**

25 Plaintiff's Seventh Claim, for unjust enrichment for the California sub-class, fails as a
26 matter of law because unjust enrichment is not an independent cause of action under California law.  *See*
27 *Albrecht v. Tkachenko*, No. 14-cv-05442-VC, 2015 WL 227607, at *1 (N.D. Cal. May 11, 2015)
28 ("California does not recognize an independent cause of action for unjust enrichment."); *see also Sumer*

*v. Carrier Corp.*, No. 14-cv-04271-VC, 2015 WL 758314, at *3 (N.D. Cal. Feb. 20, 2015) (holding plaintiff's claim for "'unjust enrichment' is not a stand-alone cause of action, and is dismissed because [plaintiff] fails to state a predicate claim warranting such relief."). Under California law, "restitution and unjust enrichment are generally thought of not as causes of action, but general principles underlying various legal doctrines and remedies." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 932 (N.D. Cal. 2012) (internal quotation marks and alterations omitted).

Even if unjust enrichment were recognized as a cause of action, Plaintiff's claim for unjust enrichment would still fail here because it is duplicative of Plaintiff's other statutory and common law claims. *See Garrison v. Whole Foods Mkt. Grp.*, *Inc.*, No. 13-cv-05222-VC, 2014 WL 2451290, at *6 (N.D. Cal. Jun. 2, 2014) (dismissing unjust enrichment claim as duplicative of claims under the common law and California's consumer protection statute).

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss the Fifth, Sixth, and Seventh Claims of the First Amended Complaint. Because there is no set of allegations that would establish Plaintiff's entitlement to relief on those claims, dismissal with prejudice is appropriate.

November 9, 2016                                    COVINGTON & BURLING LLP

By: /s/ Emily Johnson Henn
Emily Johnson Henn
Megan L. Rodgers
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

Simon J. Frankel
Cortlin H. Lannin
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-7078
Facsimile: 415-955-6578
Email: clannin@cov.com

*Attorneys for Defendants* Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., Hotels.com GP, LLC, and Venere Net S.r.l.