James R. Patterson, CA Bar No. 211102
Allison H. Goddard, CA Bar No. 211098
Elizabeth A. Mitchell CA Bar No. 204853
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
elizabeth@pattersonlawgroup.com

*Attorneys for Plaintiff BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company; TRIVAGO GmbH, a German limited liability company; VENERE NET S.R.L. DBA VENERE NET, LLC, an Italian limited liability company; and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD., an Australian private company,<br><br>　　Defendants. | Case No. 3:16-cv-04721-VC<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION TO ENTER:<br>1) STIPULATED PROTECTIVE ORDER; AND<br>2) STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Plaintiff Buckeye Tree Lodge and Sequoia Village Inn, LLC, and Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., and Hotels.com GP, LLC, Venere Net S.r.L., and Expedia Australia Investments Pty Ltd. (collectively, "Expedia") respectfully submit the following stipulation to enter: 1) the Stipulated Protective Order; and 2) the Stipulated Order Re: Discovery of Electronically Stored Information submitted by the Parties with this Stipulation.

## Stipulated Protective Order

The Stipulated Protective Order is based on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. Pursuant to the Court's Civil Standing Order, the Parties identify the following deviations from the model order:

- The optional paragraph 2.4, Designated House Counsel, is deleted.
- There is no designation for "HIGHLY CONFIDENTIAL – SOURCE CODE."
- The Parties shall have 30 days, rather than 21 days, to designate portions of deposition testimony pursuant to the Stipulated Protective Order. (§ 5.2(b).)
- The Parties will not require that depositions containing Protected Material have a title page followed by a list of all pages that have been designated as Protected Material. (§ 5.2(b).)
- The Parties shall have 28 days, rather than 21 days, to seek judicial intervention for any dispute regarding a designation. If the Court rules against a party challenging a designation on two separate occasions, that party will have the burden to bring future motions to challenge designations, but the designating party will retain the burden of persuasion. (§ 6.3.)
- The Parties will not require that deposition testimony containing Protected Material be separately bound. (§ 7.2(f).)
- The Parties will not require the procedures for approving or objecting to disclosure of Protected Material to designated house counsel or experts found in § 7.4 of the Model Order.
- The Parties will not require the prosecution bar found in § 8 of the Model Order.
- The Parties have removed the source code paragraph found in § 9 of the Model Order.

**Stipulated Order Re: Discovery of Electronically Stored Information**

Pursuant to the Court's Guidelines for Discovery of Electronically Stored Information, the Parties request that the Court enter the attached Stipulated Order Re: Discovery of Electronically Stored Information.

**IT IS SO STIPULATED.**

Dated:  January 20, 2017                           PATTERSON LAW GROUP

                                                   By: /s/ Allison H. Goddard

                                                   Attorneys for Plaintiff and the Class

Dated:  January 20, 2017                           COVINGTON & BURLING LLP

                                                   By: /s/ Megan Rodgers

                                                   Attorneys for Plaintiff and the Class

**ATTESTATION**

I, Allison H. Goddard, hereby attest, pursuant to Civil L.R. 5-1, that I have received authorization to electronically sign and file this document from each of the persons identified in the signature block.

Dated: January 20, 2017                          By:      /s/ Allison H. Goddard