EMILY JOHNSON HENN (SBN 269482)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

SIMON J. FRANKEL (SBN 171552)
CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: sfrankel@cov.com

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, and 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>EXPEDIA, INC., HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, LLC, VENERE NET S.R.L DBA VENERE NET, LLC, and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD.,<br><br>    Defendants | Case No.: 3:16-CV-04721-VC<br><br>**DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd. (collectively, the "Expedia Entities") answer Plaintiffs' Consolidated Class Action Complaint ("Complaint") and provide affirmative defenses to the allegations in the Complaint as follows. Unless specifically admitted, the Expedia Entities deny all allegations and claims contained in the Complaint.

With respect to Expedia Australia Investments Pty Ltd. ("Expedia Australia"), the Expedia Entities' answer is limited to conduct that allegedly took place after Expedia, Inc. acquired Wotif.com Holdings Limited.

**ANSWER**

The Expedia Entities admit that Buckeye Tree Lodge and Sequoia Village Inn, LLC ("Buckeye") and 2020 O Street Corporation, Inc. d/b/a The Mansion on O Street ("The Mansion") purport to bring this action as stated in the preamble to the Complaint.

**I.   NATURE OF ACTION**

1. The Expedia Entities admit that Expedia, Inc. operates the websites Expedia.com and Wotif.com; Orbitz, LLC operates the website Orbitz.com; Hotels.com, LP operates the website Hotels.com (collectively, the "Websites"); and Venere Net S.r.l. operated the website Venere.com. The Expedia Entities deny the remaining allegations set forth in Paragraph 1.

2. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 2. The Expedia Entities deny the remaining allegations in Paragraph 2.

3. The Expedia Entities deny the allegations in Paragraph 3.

4. The Expedia Entities deny the allegations in Paragraph 4.

5. The Expedia Entities admit that the Websites advertise on social media, and that Venere.com advertised on social media. The Expedia Entities deny the remaining allegations in Paragraph 5.

6. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 6. The Expedia Entities deny the remaining allegations in Paragraph 6.

7. The Expedia Entities admit that Plaintiffs purport to bring this action pursuant to the laws cited in Paragraph 7. The Expedia Entities otherwise deny the allegations set forth in Paragraph 7, deny that the Expedia Entities have violated any law or other regulation, and deny that Plaintiffs are entitled to any relief.

## II.   JURISDICTION

8. Paragraph 8 contains a conclusion of law to which no response is required.

9. Paragraph 9 contains a conclusion of law to which no response is required.

10. Paragraph 10 purports to contain conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about Buckeye and The Mansion. The Expedia Entities admit that Expedia, Inc. is incorporated in Washington; Hotels.com, L.P is a Texas limited partnership; Hotels.com GP, LLC is a Texas limited liability company; Orbitz, LLC is a Delaware limited liability company; Venere Net S.r.l. is an Italian limited liability company headquartered in Rome, Italy, and that it is registered as doing business in Washington; and Expedia Australia Investments Pty Ltd. is an Australian company. The Expedia Entities deny all remaining allegations in Paragraph 10.

## III.   VENUE

11. Paragraph 11 purports to contain a conclusion of law to which no response is required. The Expedia Entities deny all remaining allegations in Paragraph 11.

## IV.   PARTIES

12. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12.

13. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13.

14. The Expedia Entities admit that Expedia, Inc. is a Washington corporation with its headquarters in Bellevue, Washington. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 14.

15. The Expedia Entities admit that Hotels.com, L.P. is a Texas limited partnership with its headquarters in Dallas, Texas. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 15.

16. The Expedia Entities admit that Hotels.com GP, LLC is a Texas limited liability company. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 16.

17. The Expedia Entities admit that Orbitz, LLC is a Delaware limited liability company with its headquarters in Chicago, Illinois. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 17.

18. The Expedia Entities admit that Venere Net S.r.l. dba Venere Net, LLC, is an Italian limited liability company headquartered in Rome, Italy, and that it is registered as doing business in Washington. To the extent not expressly admitted, the Expedia Entities deny the remaining allegations set forth in Paragraph 18.

19. The Expedia Entities admit that Expedia Australia is an Australian company headquartered in Sydney, New South Wales, Australia. The Expedia Entities admit that Expedia Australia is the holding company for Wotif.com Holdings Limited. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 19.

20. The Expedia Entities deny all allegations set forth in Paragraph 20.

21. The Expedia Entities deny all allegations set forth in Paragraph 21.

22. The Expedia Entities deny all allegations set forth in Paragraph 22.

**V.   STANDING**

23. Paragraph 23 purports to contain a conclusion of law to which no response is required. To the extent a response is required, the Expedia Entities deny the allegations in Paragraph 23.

**VI.   FACTUAL BACKGROUND**

24. In response to Paragraph 24, the Expedia Entities state that the judgment of the Tribunal de Commerce de Paris speaks for itself and denies any allegations that are inconsistent therewith.

25. In response to Paragraph 25, the Expedia Entities state that the judgment of the Tribunal de Commerce de Paris speaks for itself and denies any allegations that are inconsistent therewith.

26. In response to Paragraph 26, the Expedia Entities state that the judgment of the Tribunal de Commerce de Paris and the *Tnooz* article speak for themselves and denies any allegations that are inconsistent therewith.

27. The Expedia Entities admit that Expedia, Inc. operates the websites Expedia.com and Wotif.com; Orbitz, LLC operates the website Orbitz.com; Hotels.com, LP operates the website Hotels.com; and Venere Net S.r.l. operated the website Venere.com.

28. The Expedia Entities admit that Expedia.com, Hotels.com, and Orbitz.com offer travel services to consumers throughout the United States.  The Expedia Entities admit that Wotif.com offers travel services to consumers throughout Australia and New Zealand, and Venere.com offered travel services to consumers in Europe.  The Expedia Entities deny all remaining allegations in Paragraph 28.

29. The Expedia Entities admit that hotels and vacation lodges can contract with Expedia, Inc. to become partners.  Before Orbitz, LLC was acquired by Expedia, Inc., hotels and vacation lodges could contract with Orbitz Worldwide LLC to become a partner of Orbitz, LLC.  The Expedia Entities admit that when a consumer books a stay at a partner's hotel on the Websites the Expedia Entities may receive compensation in the form of a commission.  The Expedia Entities admit that when a consumer booked a stay on Venere.com, the Expedia Entities may have received compensation in the form of a commission.  The Expedia Entities deny all remaining allegations in Paragraph 29.

30. The Expedia Entities admit that Buckeye does not have a contract with Expedia, Inc.  The Expedia Entities deny all remaining allegations in Paragraph 30.

31. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 31.

32. The Expedia Entities admit that the Websites are advertised, and that Venere.com was advertised.  The Expedia Entities deny all remaining allegations set forth in Paragraph 32.

33. The Expedia Entities admit that hotels and vacation lodges can contract with Expedia, Inc. to become partners.  Before Orbitz, LLC was acquired by Expedia, Inc., hotels and vacation lodges could contract with Orbitz Worldwide LLC to become a partner of Orbitz, LLC.  The Expedia Entities deny all remaining allegations set forth in Paragraph 33.

34. The Expedia Entities admit that the Websites are advertised on Google, and that Venere.com was advertised on Google. The Expedia Entities deny all remaining allegations set forth in Paragraph 34.

35. The Expedia Entities admit that the Websites are advertised on Google, and that Venere.com was advertised on Google. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 35.

36. The Expedia Entities admit that the Websites are advertised on Google, and that Venere.com was advertised on Google. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 36.

37. The Expedia Entities admit that Expedia.com may have stated "We are sold out" when Expedia did not have rooms available at Plaintiffs' hotels. The Expedia Entities admit that Orbitz.com may have stated "We are sold out" when Orbitz, LLC did not have rooms available at Plaintiffs' hotels. The Expedia Entities admit that Hotels.com may have stated "[Plaintiffs' hotel] has no availability for your travel dates on Hotels.com" when a consumer searched for Plaintiffs' hotels by name and Hotels.com, LP did not have rooms available at those hotels. The Expedia Entities admit that Wotif.com may have stated "We are sold out" when Expedia Australia did not have rooms available at Plaintiffs' hotels. The Expedia Entities admit that search results on the Websites include hotels with which Expedia, Inc. has contracts, and Venere.com included hotels with which Expedia, Inc. had contracts. The Expedia Entities deny all remaining allegations set forth in Paragraph 37.

38. The Expedia Entities admit that Expedia.com may have stated "We are sold out" when Expedia did not have rooms available at The Mansion. The Expedia Entities admit that Orbitz.com may have stated "We are sold out" when Orbitz, LLC did not have rooms available at The Mansion. The Expedia Entities admit that Hotels.com may have stated "[Plaintiffs' hotel] has no availability for your travel dates on Hotels.com" when a consumer searched for The Mansion by name and Hotels.com, LP did not have rooms available at those hotels. The Expedia Entities admit that Wotif.com may have stated "We are sold out" when Expedia Australia did not have rooms available at The Mansion. The Expedia Entities deny all remaining allegations set forth in Paragraph 38.

39. The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences in Paragraph 39. The Expedia Entities deny all remaining allegations in Paragraph 39.

40. The Expedia Entities admit that Expedia, Inc. communicated with The Mansion in 2016, and that The Mansion no longer appears on the Websites or Venere.com. The Expedia Entities deny all remaining allegations set forth in Paragraph 40.

41. The Expedia Entities deny all allegations in Paragraph 41.

42. The Expedia Entities deny all allegations in Paragraph 42.

43. The Expedia Entities admit that Buckeye does not have a contract with Expedia, Inc. The Expedia Entities deny all remaining allegations in Paragraph 43.

44. The Expedia Entities deny all allegations in Paragraph 44.

45. The Expedia Entities admit that consumers may enter prospective travel dates to search for room availability on the Websites, and that consumers could enter prospective travel dates to search for room availability on Venere.com. The Expedia Entities deny all remaining allegations set forth in Paragraph 45.

46. The Expedia Entities deny all allegations in Paragraph 46.

47. The Expedia Entities deny all allegations in Paragraph 47.

48. The Expedia Entities admit that Expedia.com states "We are sold out" when Expedia does not have rooms available at a hotel. The Expedia Entities admit that Orbitz.com states "We are sold out" when Orbitz, LLC does not have rooms available at a hotel. The Expedia Entities admit that Hotels.com states "[this hotel] has no availability for your travel dates on Hotels.com" when a consumer searches for a specific hotel by name and Hotels.com, LP does not have rooms available at that hotel. The Expedia Entities admit that Wotif.com states "We are sold out" when Expedia Australia does not have rooms available at a hotel. The Expedia Entities deny all remaining allegations set forth in Paragraph 48.

49. The Expedia Entities admit that the phone numbers listed in the search results on the Websites are associated with and operated by the Expedia Entities. The Expedia Entities admit that the phone numbers listed in the search results on Venere.com were associated with and operated by

Hotels.com LP and Venere Net S.r.l.  The Expedia Entities admit that before Expedia Inc. acquired Orbitz, LLC, the phone numbers on Orbitz.com were associated with and operated by Orbitz Worldwide LLC.  The Expedia Entities deny all remaining allegations set forth in Paragraph 49.

50.   The Expedia Entities admit that search results on the Websites include hotels with which Expedia Inc. has contracts. The Expedia Entities admit that search results on Venere.com included hotels with which Expedia Inc. has contracts.  The Expedia Entities admit that before Orbitz, LLC was acquired, the search results on Orbitz.com included hotels with which Orbitz Worldwide LLC had contracts. The Expedia Entities deny all remaining allegations set forth in Paragraph 50.

51.   The Expedia Entities admit that when consumers call the phone numbers listed on the Websites, the operators may confirm whether the Expedia Entities are able to book a room at a hotel.  The Expedia Entities admit that when consumers called the phone numbers listed on Venere.com, the operators may have confirmed whether Venere Net S.r.l. was able to book a room at a hotel.  The Expedia Entities deny all remaining allegations set forth in Paragraph 51.

52.   The Expedia Entities admit that the Websites are advertised on a social media platform, and that Venere.com was advertised on a social media platform.  The Expedia Entities deny all remaining allegations in Paragraph 52.

53.   The Expedia Entities admit that the Websites are advertised on a social media platform that uses pixel events to create advertisements, and that Venere.com was advertised on a social media platform that used pixel events to create advertisements.  The Expedia Entities deny all remaining allegations set forth in Paragraph 53.

54.   The Expedia Entities deny all allegations in Paragraph 54.

55.   The Expedia Entities deny all allegations in Paragraph 55.

56.   The Expedia Entities deny all allegations in Paragraph 56.

57.   The Expedia Entities state that the statements allegedly made on the Internet and quoted in Paragraph 57 speak for themselves.  To the extent the statements are offered to prove the truth of the matter asserted, the Expedia Entities deny the allegations in Paragraph 57.

## VII.   CLASS ALLEGATIONS

58. The Expedia Entities admit that Plaintiffs purport to represent a putative class and subclass as Plaintiffs have defined them in Paragraph 58.  To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 58 and deny that Plaintiffs' claims may properly be brought on behalf of the putative class.

59. The Expedia Entities admit that Plaintiffs purport to represent a class for the period as stated in Paragraph 59.  The Expedia Entities deny that Plaintiffs' claims may properly be brought on behalf of the putative class, and therefore deny any allegations set forth in Paragraph 59.

60. The Expedia Entities admit that Plaintiffs purport to exclude from their putative class Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which any Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities, and Plaintiffs' attorneys.  The Expedia Entities deny that Plaintiffs' claims may properly be brought on behalf of the putative class, and therefore deny any allegations set forth in Paragraph 60.

61. Paragraph 61 purports to contain conclusions of law to which no response is required.  To the extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 61.

62. Paragraph 62 contains conclusions of law to which no response is required.  To the extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 62.

63. Paragraph 63 contains conclusions of law to which no response is required.  To the extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 63.

64. Paragraph 64 contains conclusions of law to which no response is required.  To the extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 64.

65. Paragraph 65 contains conclusions of law to which no response is required.  To the extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 65.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

66. The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 66.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 67.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 68.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 69.

70. Paragraph 70 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 70.

71. Paragraph 71 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 71.

72. Paragraph 72 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 72 and deny that Plaintiffs are entitled to any relief.

73. Paragraph 73 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 73 and deny that Plaintiffs are entitled to any relief.

### SECOND CLAIM FOR RELIEF
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

74. The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 74.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 75.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 76.

77. Paragraph 77 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 77.

78. Paragraph 78 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 78.

79. Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 79.

80. Paragraph 80 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 80 and deny that Plaintiffs are entitled to any relief.

81. Paragraph 81 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 81 and deny that Plaintiffs are entitled to any relief.

### THIRD CLAIM FOR RELIEF
**Unfair Competition – Violations of California Business & Professions Code §§ 17200, et seq.**

82. The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 82.

83. Paragraph 83 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 83.

84. Paragraph 84 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 84.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 85.

86. Paragraph 86 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 86 and deny that Buckeye is entitled to any relief.

87. Paragraph 87 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 87 and deny that Buckeye is entitled to any relief.

## FOURTH CLAIM FOR RELIEF
### False Advertising– Violations of California Business & Professions Code §§ 17500, et seq.

88. The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 88.

89. Paragraph 89 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 89.

90. Paragraph 90 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 90.

91. Paragraph 91 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 91.

92. Paragraph 92 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 92 and deny that Buckeye is entitled to any relief.

93. Paragraph 93 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 93 and deny that Buckeye is entitled to any relief.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment and Restitution

94. The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 94.

95. Paragraph 95 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 95.

96. Paragraph 96 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 96 and deny that Buckeye is entitled to any relief.

97. Paragraph 97 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 97 and deny that Buckeye is entitled to any relief.

## IX.  PRAYER FOR RELIEF

98. The Expedia Entities deny that Plaintiffs are entitled to any relief sought. The Expedia Entities admit that Plaintiffs purport to seek relief as set forth in Paragraph 98, spanning pages 20-23 of the Complaint. The Expedia Entities deny that the Expedia Entities have violated any law or other regulation and deny that Plaintiffs are entitled to any relief sought.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs, the Expedia Entities assert the following defenses to Plaintiffs' alleged causes of actions. Insofar as any of the following expresses denial of an element of any claim against the Expedia Entities, such expression does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claim.

## **FIRST DEFENSE**

### **(No Injury)**

99. Plaintiffs and the putative class members have not sustained any injury or damage as a result of any actions allegedly taken by the Expedia Entities, and thus are barred from asserting any claims against the Expedia Entities.

## **SECOND DEFENSE**

### **(No Standing)**

100. Plaintiffs and the putative class members have not sustained any commercial injury, and thus lack standing to assert claims against the Expedia Entities.

## THIRD DEFENSE

### (No False or Misleading Statement)

101. No statement on the Websites or Venere.com contained any false or misleading statement. As such, the Websites and Venere.com were not deceptive, false, misleading, fraudulent, unlawful, and/or unfair, and were not intended to mislead or deceive consumers.

## FOURTH DEFENSE

### (No Reliance or Causation)

102. Plaintiffs and the putative class members' claims are barred because there is no reliance on an alleged misrepresentation or omission leading to a purchase or subsequent loss and there is no causal link between the alleged misrepresentation and a resulting loss.

## FIFTH DEFENSE

### (Speculative Damages)

103. Plaintiffs and the putative class members' claims are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class members are speculative, remote, and/or impossible to ascertain.

## SIXTH DEFENSE

### (Consent)

104. The Mansion and putative class members granted the Expedia Entities the right to display their names on the Websites and Venere.com.

## SEVENTH DEFENSE

### (Failure to Mitigate)

105. Plaintiffs' claimed damages, if any, are not recoverable because Plaintiffs have failed to mitigate or avoid said damages. Similarly, members of the putative class that Plaintiffs seek to represent failed to mitigate their claimed damages, if any.

## EIGHTH DEFENSE

### (Statute of Limitations)

106. Plaintiffs and the putative class members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### NINTH DEFENSE

### (Waiver, Estoppel, Laches)

107. Plaintiffs and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

### TENTH DEFENSE

### (Adequate Remedy at Law)

108. Plaintiffs and the putative class members' claims for equitable relief are barred, in whole or in part, because there is an adequate remedy at law.

### ELEVENTH DEFENSE

109. Plaintiffs and the putative class members' claims are barred, in whole or in part, because the Expedia Entities are not liable for the acts, omissions, wrongs, and/or negligence of any other entity or individual.

### TWELFTH DEFENSE

110. The injuries alleged by Plaintiffs and the putative class members, to the extent any exist, were caused in whole or in part by the conduct of third parties for whom the Expedia Entities were not responsible, or through acts or omissions on the part of Plaintiffs and the putative class members.

### PRAYER FOR RELIEF

WHEREFORE, having stated its answer and affirmative defenses, the Expedia Entities pray for relief as follows:

1. That this lawsuit be dismissed with prejudice;
2. That no class action be permitted under Fed. R. Civ. P. 23 and no class certified under Fed. R. Civ. P. 23(c);
3. For attorneys' fees and costs as permitted by law; and
4. For such other and further relief as this Court deems just and proper.

### JURY DEMAND

The Expedia Entities request a trial by jury on all issues raised by the Complaint that are properly triable to a jury.

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | May 25, 2017 | COVINGTON & BURLING LLP |
| 2 | | By: */s/ Emily Johnson Henn* |
| | | Emily Johnson Henn |
| 3 | | Megan L. Rodgers |
| | | 333 Twin Dolphin Drive, Suite 700 |
| 4 | | Redwood Shores, CA 94065 |
| | | Telephone: 650-632-4700 |
| 5 | | Facsimile: 650-632-4800 |
| | | Email: ehenn@cov.com |

Simon J. Frankel
Cortlin H. Lannin
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-7078
Facsimile: 415-955-6578
Email: clannin@cov.com

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd.*