James R. Patterson, CA Bar No. 211102
Allison H. Goddard, CA Bar No. 211098
Elizabeth A. Mitchell, CA Bar No. 204853
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
elizabeth@pattersonlawgroup.com

*Attorneys for Plaintiff BUCKEYE TREE LODGE
AND SEQUOIA VILLAGE INN, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, and 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company; VENERE NET S.R.L. DBA VENERE NET, LLC, an Italian limited liability company; and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD., an Australian private company, <br><br> Defendants. | Case No. 3:16-cv-04721-VC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br><br> Date: August 10, 2017 <br> Time: 10:00 am <br> Courtroom: 4 <br> Judge: Hon. Vince Chhabria |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 10, 2017, at 10:00 a.m. in the courtroom of the Honorable Vince Chhabria, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 4, San Francisco, California, Plaintiffs will, and hereby do, move for leave to file a First Amended Consolidated Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and the Court's case management order dated April 25, 2017 [ECF No. 29].

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Allison H. Goddard, the Court's file in this action, and such further evidence and argument as the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

This action alleges claims under the Lanham Act, California's unfair competition law, California's false advertising law, and common law based on a bait and switch scheme employed by Expedia through its affiliated websites. Plaintiff Buckeye Tree Lodge filed this action on August 17, 2016. [ECF No. 1.] Plaintiff The Mansion on O Street filed a related action, No. 2016-cv-01186, on March 7, 2017. The Court consolidated the two actions on April 25, 2017. [ECF No. 29.]

In the Court's Order consolidating the actions, the Court set a deadline of June 30, 2017 to seek leave to amend the pleadings. [*Id.*] Plaintiffs seek to file a First Amended Consolidated Complaint to include additional Expedia-affiliated websites in the class definitions, and correct minor typographical errors.[1] A true and correct copy of Plaintiffs' proposed First Amended Consolidated Complaint is attached to the Declaration of Allison H. Goddard as Exhibit 1.

**II.    THE MOTION SHOULD BE GRANTED BECAUSE THE AMENDMENT WILL NOT PREJUDICE DEFENDANTS**

A party may amend a pleading once as a matter of course and thereafter only by consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Leave should be freely given when justice

---

[1] Under Fed. R. Civ. P. 23(c)(1)(C), a court can modify a class definition at any time, before or after certification is granted. *See Stolz v. UBCJ*, 620 F. Supp. 396, 403 (D. Nev. 1985) ("the Court may fashion [a class definition] when necessary." In an abundance of caution, however, Plaintiffs seek leave to formally modify the class definition here to maintain consistency between the pleadings and the motion for class certification that Plaintiffs intend to file.

requires. *Id.* If the Court has already issued a scheduling order per Fed. R. Civ. P. 16 at the time the party seeks to amend, the party must comply with Rule 16's requirements for modifying the scheduling order in addition to the requirements of Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The scheduling order set by the Court sets a deadline of June 30, 2017, to seek leave to amend the pleadings, so this motion is timely and in compliance with Rule 16.

Once compliance with Rule 16 is shown, Plaintiffs must show that the amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. The Ninth Circuit construes Rule 15 broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). In determining whether to grant leave to amend, a court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all of the factors merit equal consideration; prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

All five factors weigh in favor of allowing Plaintiffs' proposed amendment. Plaintiffs have not delayed in seeking leave to amend the complaint, and have filed this motion within the schedule set by the Court. Plaintiffs have not acted in bad faith. The proposed amendment is not futile, and will not prejudice Defendants. It only seeks to clarify the class definition, which is a change allowed at any time up until judgment is entered under Rule 23(c)(1)(C). This is the first time since the actions were consolidated that Plaintiffs sought to amend the complaint. Rule 15's liberal standard for amending pleadings is satisfied here.

///

///

1

## III.     CONCLUSION

2

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file a

3

First Amended Consolidated Complaint.

4

Dated:  June 30, 2017                                           PATTERSON LAW GROUP

5

By: /s/ Allison H. Goddard

6

James R. Patterson, CA Bar No. 211102

7

Allison H. Goddard, CA Bar No. 211098
PATTERSON LAW GROUP

8

402 West Broadway, 29th Floor
San Diego, CA 92101

9

Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991

10

jim@pattersonlawgroup.com
ali@pattersonlawgroup.com

11

Pierce Gore (SB 128515)

12

Pratt & Associates
1871 The Alameda

13

Suite 425
San Jose, CA  95126

14

pgore@prattattorneys.com

15

Charles J. LaDuca

16

Joel Davidow
Alexandra C. Warren

17

CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Avenue, NW, Ste. 200

18

Washington, DC 20016
Telephone: 202-789-3960

19

Facsimile: 202-589-1813

20

charles@cuneolaw.com
joel@cuneolaw.com

21

awarren@cuneolaw.com

22

Tony C. Richa

23

RICHA LAW GROUP, P.C.
One Bethesda Center

24

4800 Hampden Lane, Ste. 200
Bethesda, MD 208114

25

Telephone:  301-424-0222
Facsimile: 301-576-8600

26

richa@richalawgroup.com

27

28

Attorneys for Plaintiffs and the Class