EMILY JOHNSON HENN (SBN 269482)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

SIMON  J. FRANKEL (SBN 171552)
CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: sfrankel@cov.com

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, and 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPEDIA, INC., HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, LLC, VENERE NET S.R.L DBA VENERE NET, LLC, and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD.,<br><br>Defendants. | Civil Case No.: 16-cv-04721-VC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 21, 2017<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Vince Chhabria |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 21, 2017, at 10:00 a.m. in the courtroom of the Honorable Vince Chhabria, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 4, San Francisco, California, Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., Hotels.com GP, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd. will, and hereby do, move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) all claims based upon any websites not identified in the First Amended Consolidated Complaint; (2) all claims based upon any search engine advertisements other than through Google; (3) all claims based upon any social media advertisements other than through Facebook; and (4) Plaintiffs' claim under the unfair prong of the California Unfair Competition Law.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the documents on file with the Court, and such further evidence and argument as the Court may permit.

DATED: August 7, 2017

COVINGTON & BURLING LLP

By: /s/ Emily Johnson Henn
Emily Johnson Henn
Megan L. Rodgers
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

Simon J. Frankel
Cortlin H. Lannin
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-7078
Facsimile: 415-955-6578
Email: clannin@cov.com

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd.*

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ISSUES TO BE DECIDED ....................................... 1

ALLEGATIONS OF THE COMPLAINT................................................................................. 2

    1.    The Defendants and The Challenged Websites ...................................................... 2

    2.    The Alleged "Unfair and Fraudulent Practices on the Websites".......................... 2

    3.    The Alleged Search Engine Ads ............................................................................ 2

    4.    The Alleged Social Media Ads ............................................................................... 3

    5.    Plaintiffs' Alleged Injuries...................................................................................... 3

    6.    Plaintiffs' Claims ................................................................................................... 4

ARGUMENT ............................................................................................................................... 4

I.    Legal Standard ................................................................................................................... 4

II.    Plaintiffs Fail to Plead Their Claims With Particularity as Required by Rule 9(b)............ 6

    A.    Plaintiffs Have Failed to Identify the Websites at Issue with Particularity. ........... 7

    B.    Plaintiffs Have Failed to Identify What Search Engines Contained the Allegedly Misleading Language for Which Websites.............................................................. 8

    C.    Plaintiffs Have Failed to Identify What Social Media Platforms Contained the Allegedly Misleading Language for Which Websites. ........................................... 9

III.    Plaintiffs' UCL Claim Fails for the Independent Reason that Plaintiffs Fail to Allege Facts Sufficient To Support A Claim Under the Unfair Prong of the UCL. .................... 10

CONCLUSION........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................................5

*Brosnan v. Tradeline Sols., Inc.*,
  2009 WL 1604572 (N.D. Cal. June 5, 2009) ........................................................................6

*Cel-Tech Cmmc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) .............................................................................................1, 3, 10, 11

*Codexis, Inc. v. Enzymeworks, Inc.*,
  2016 WL 4241909 (N.D. Cal. Aug. 11, 2016) .....................................................................11

*Creative Mobile Techs., LLC v. Flywheel Software, Inc.*,
  2017 WL 679496 (N.D. Cal. Feb. 21, 2017) ........................................................................11

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) ................................................................................................5

*Garrison v. Whole Foods Market Grp., Inc.*,
  2014 WL 2451290 (N.D. Cal. June 2, 2014).....................................................................8, 9

*Herrington v. Johnson & Johnson Consumer Co.*,
  2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ........................................................................6

*Kane v. Delong*,
  2014 WL 894587 (N.D. Cal. Mar. 4, 2014)...........................................................................5

*Kaspers v. Howmedica Osteonics Corp.*,
  2015 WL 12085853 (W.D. Wash. Oct. 23, 2015) .................................................................6

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ......................................................................................6, 7, 9

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) ........................................................................................10, 11

*Lozano v. AT&T Wireless Servs., Inc.*,
  504 F.3d 718 (9th Cir. 2007) ................................................................................................10

*Miller v. Fuhu Inc.*,
  2015 WL 2085490 (C.D. Cal. May 4, 2015) .........................................................................6

*Nutrition Distribution, LLC v. New Health Ventures, LLC*,
    2017 WL 2547307 (S.D. Cal. June 13, 2017)......................................................................1, 7

*Oakley, Inc. v. Donofrio*,
    2013 WL 12126017 (C.D. Cal. June 14, 2013) ........................................................................8

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
    165 F. Supp. 3d 937 (S.D. Cal. 2016)......................................................................................10

*Puri v. Khalsa*,
    674 F. App'x 679 (9th Cir. 2017) ..............................................................................................6

*Salas v. Toyota Motor Sales U.S.A., Inc.*,
    2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) .......................................................................11

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ....................................................................................................5

*ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*,
    2011 WL 6296833 (D. Ariz. Dec. 16, 2011) ............................................................................7

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ....................................................................................................5

*United States v. United Healthcare Ins. Co.*,
    848 F.3d 1161 (9th Cir. 2016) ..........................................................................................4, 5, 7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................................4, 6, 8, 9

*Zuckerman Family Farms, Inc. v. Bidart Bros.*,
    2014 WL 7239423 (E.D. Cal. Dec. 17, 2014) ..........................................................................9

**Statutes**

California Business & Professions Code Sec. 17200, *et seq.* ......................................1, 4, 10, 11

California Business & Professions Code Sec. 17500, *et seq.* ...................................................4

Lanham Act, 15 U.S.C. Sec. 1125 ......................................................................................4, 6, 7, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION AND SUMMARY OF ISSUES TO BE DECIDED

This is Plaintiffs' fifth attempt at crafting a complaint in this lawsuit. Substantial document discovery has transpired. Yet Plaintiffs still fail to plead with any particularity many facts surrounding the alleged "fraudulent scheme" arising out of online hotel advertising that is the basis of the First Amended Consolidated Complaint (Dkt. 72, "FACC"). *See* FACC ¶ 57.

The crux of Plaintiffs' allegations is that websites "including, but not limited to, Expedia.com, Hotels.com, Orbitz.com, Hotwire.com, Travelocity.com, Ebookers.com, Cheaptickets.com, Venere.com and Wotif.com," advertised that consumers could book stays at Buckeye Tree Lodge and Sequoia Village Inn, LLC ("Buckeye") and 2020 O Street Corporation, Inc. d/b/a The Mansion on O Street ("The Mansion") when, in fact, that was not possible. FACC ¶¶ 1, 27. Notwithstanding the allegations of fraud that permeate the FACC, aside from a few screenshots scattered throughout the FACC, Plaintiffs fail to identify all websites that are actually at issue and the alleged misrepresentations that were made on each website, search engine, and social media ad. The most notable addition to the FACC is the inclusion of four *new* websites that Plaintiffs allege participated in the alleged "fraudulent scheme," *id*. ¶ 57, but Plaintiffs have not added a single fact specific to any of those four websites.

Because Plaintiffs' claims sound in fraud and Plaintiffs have failed to plead with the requisite particularity under Federal Rule of Civil Procedure Rule 9(b), the Court should narrow the scope of the case and potential discovery by dismissing the following: (1) all claims based upon any websites not identified in the FACC; (2) all claims based upon any search engine advertisements other than through Google; and (3) all claims based upon any social media advertisements other than through Facebook.

The Court should also dismiss Plaintiffs' claim under the unfair prong of California's Unfair Competition Law (California Business & Professions Code § 17200 *et seq*.) for the independent reason that Plaintiffs have failed to allege "an incipient violation of an antitrust law" or conduct that violates the "policy or spirit of one of those laws." *Cel-Tech Cmmc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

# ALLEGATIONS OF THE COMPLAINT

### 1. The Defendants and The Challenged Websites

Plaintiffs bring suit against six defendants (Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l. dba Venere Net, LLC, and Expedia Australia Investments Pty Ltd.), challenging the online advertising of hotels on an unidentified number of websites "including, *but not limited to*, Expedia.com, Hotels.com, Orbitz.com, Hotwire.com, Travelocity.com, Ebookers.com, Cheaptickets.com, Venere.com and Wotif.com." FACC ¶ 27 (emphasis added).

Nowhere in the FACC do Plaintiffs identify which Defendant operates which website. Instead, Plaintiffs define all entities collectively as "Expedia," referring to "Expedia" and "Defendants" throughout the FACC. Plaintiffs allege that "Defendants . . . run a network of on-line travel services and websites." FACC ¶ 1; *see also id.* ¶ 27 ("Defendants own and operate various websites").

Similarly, nowhere in the FACC do Plaintiffs identify a full list of websites that allegedly contain the challenged advertising. *See, e.g.*, FACC ¶ 27 ("various websites . . . *including, but not limited to*, . . ."); *id.* ¶ 1 ("Defendants run a network of on-line travel services and websites under popular brands *like* . . .") (emphases added).

### 2. The Alleged "Unfair and Fraudulent Practices on the Websites"

Plaintiffs allege that "Defendants' Websites . . . represent that there are 'no rooms available' at the Plaintiffs or Class Member hotels, that Plaintiffs and Class Members are 'sold out,' or that there are 'no deals available at this time.'" FACC ¶ 48. Plaintiffs further allege that the "Websites" display "phony 800 numbers" in search results. FACC ¶ 50. Aside from two screenshots allegedly depicting language and 800 numbers displayed on Expedia.com, Plaintiffs do not identify which language, if any, was displayed on which website. FACC at 9. Plaintiffs further allege, without any additional specificity, that this conduct occurred "[a]t all relevant times" and "[d]uring the last four years and before." FACC ¶¶ 37, 45.

### 3. The Alleged Search Engine Ads

Plaintiffs allege that "Defendants had a pattern and practice . . . to purchase similarly deceptive advertisements on Google *and other search engines*." FACC ¶ 41 (emphasis added); *see also*

*id.* ¶ 35 ("Defendants purchase false and misleading advertisements on internet search engines *like* Google") (emphasis added). Apart from Google, no other search engines are identified in the FACC.

Plaintiffs allege that "when a consumer uses Google to search for Buckeye Tree Lodge, the engine's top result returns an advertisement purchased by Defendants to 'Book Buckeye Tree Lodge' and promising 'Incredible Offers on Great Hotels. Buckeye Tree Lodge.'" FACC ¶ 35. The FACC does not specify which Defendant's website appeared as Google's "top result." *Id*. A screenshot allegedly depicts Google ads for Orbitz.com and Hotels.com, but there are no allegations identifying the specific language, if any, that appeared in Google ads for the remaining seven websites. FACC at 6.

### 4. The Alleged Social Media Ads

Plaintiffs allege that "Defendants had a policy and practice of running targeted advertisements on Facebook, Twitter and other social media platforms referring to Plaintiffs and the Class Members . . . in an effort to mislead consumers." FACC ¶ 55. Again, Plaintiffs do not identify which websites advertised on what social media platforms; a screenshot of one Hotels.com advertisement on Facebook is the only suggestion of what advertisement and what language Plaintiffs challenge on social media platforms. FACC at 11.

Although Plaintiffs allege that "Defendants . . . ran targeted Twitter advertisements," FACC ¶ 54, Plaintiffs do not identify which Defendants allegedly ran those Twitter advertisements or what the language of those Twitter advertisements actually said. Nor do Plaintiffs attach any screenshots of any challenged Twitter advertisement.

Plaintiffs allege that "Defendants . . . [ran] targeted advertisements on . . . other social media platforms," FACC ¶ 55, but the FACC does not identify the social media platforms at issue, the specific websites that were advertised on those platforms, or what the allegedly misleading language in those advertisements said.

### 5. Plaintiffs' Alleged Injuries

Without specifying the website or alleged misrepresentation at issue, Plaintiffs allege that "[n]umerous consumers contacted The Mansion after making reservations at partner hotels based on Defendants' false representation that The Mansion has no rooms available," and that those consumers

"indicated that they would have booked rooms at The Mansion but for Defendants' misrepresentation." FACC ¶ 39.  Plaintiffs do not allege that any consumer contacted Buckeye with the same concern.

Plaintiffs also allege that Defendants' alleged "fraudulent scheme," FACC ¶ 57, resulted in an "injury to a commercial interest in sales or business reputation of Plaintiffs and the National Class Members" and resulted in a "loss of … goodwill," FACC ¶¶ 69, 73.

### 6. Plaintiffs' Claims

Plaintiffs seek to represent a class consisting of "[a]ll hotels, lodges, inns, and motels whose names appeared on Hotels.com, Expedia.com, Orbitz.com, Hotwire.com, Travelocity.com, Ebookers.com, or Cheaptickets.com (1) with whom Defendants did not have a booking agreement or (2) with whom Defendants had a booking agreement to sell a specified number of rooms and whose names continued to appear on Hotels.com, Expedia.com, Orbitz.com, Hotwire.com, Travelocity.com, Ebookers.com, or Cheaptickets.com even after Defendants had sold the specified number of rooms." FACC ¶ 58.

Plaintiffs assert five claims against Defendants: (1) violation of the Lanham Act, 15 U.S.C. Sec. 1125 (False Association); (2) violation of the Lanham Act, 15 U.S.C. Sec. 1125 (False Advertising); (3) violation of California Business & Professions Code Sec. 17200, *et seq*. (Unfair Competition) ("UCL"); (4) violation of the California Business & Professions Code Sec. 17500, *et seq.* (False Advertising) ("FAL"); and (5) unjust enrichment and restitution.

## ARGUMENT

### I. Legal Standard

Under Rule 9(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).  Where a party "allege[s] a unified course of fraudulent conduct . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Id*. at 1107.

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal marks omitted). Specifically, a plaintiff must "identify the role of each defendant in the alleged fraudulent scheme." *Id*. at 765 (internal marks omitted). While collective allegations can be used "to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct," plaintiffs must still "allege particular details of the scheme as applied to [each defendant]." *United Healthcare Ins. Co.*, 848 F.3d at 1184.

A claim that does not sound in fraud must still be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although the Court accepts all well-pleaded allegations of material fact as true, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, neither "a formulaic recitation of the elements of a cause of action" nor "naked assertion[s] devoid of further factual enhancement" suffice to state a claim. *Id*. (alteration in original).

At the motion to dismiss stage, a court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (quoting Fed. R. Evid. 201(b)); *see also Kane v. Delong*, 2014 WL 894587, at *3 (N.D. Cal. Mar. 4, 2014) (taking judicial notice of the fact that a website is nonoperational).

The Amended Complaint fails to satisfy these fundamental standards of pleading.[1]

---

[1] The arguments below address both new issues raised for the first time in the FACC and claims retained from the original consolidated complaint. While courts are divided on whether to treat a motion to

## II. Plaintiffs Fail to Plead Their Claims With Particularity as Required by Rule 9(b).

Plaintiffs allege a unified course of fraudulent conduct in the FACC, namely that Defendants engaged in a "fraudulent scheme" by advertising hotels they could not book and then "push[ing] the consumers to 'deals' at Expedia's nearby member hotels." [2] FACC ¶¶ 57, 3. Thus, the entirety of Plaintiffs' pleadings are grounded in fraud and must be pled with particularity. *Brosnan v. Tradeline Sols., Inc.*, 2009 WL 1604572, at *6 (N.D. Cal. June 5, 2009) (dismissing Lanham Act claim under Rule 9(b)); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009) (affirming dismissal of UCL claim under Rule 9(b)); *Herrington v. Johnson & Johnson Consumer Co.*, 2010 WL 3448531, at *8 (N.D. Cal. Sept. 1, 2010) (applying Rule 9(b) to FAL claim); *Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017) ("Because the unjust enrichment claim is based on fraud, it too is subject to Rule 9(b).").

Plaintiffs' allegations are not pled with the requisite particularity under Rule 9(b) because the allegations are not accompanied by "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106. Rule 9(b) demands that the circumstances constituting the alleged fraud "be specific enough to give defendants notice of the particular misconduct . . . so that they can

---

dismiss an amended complaint brought after an answer to an original complaint as a Rule 12(c) motion or a Rule 12(b)(6) motion, "both motions carr[y] identical analyses under the same standard of review." *Miller v. Fuhu Inc.*, 2015 WL 2085490, at *7 (C.D. Cal. May 4, 2015) (alteration in original). Thus, a court in its discretion may consider new arguments raised in a Rule 12(b)(6) motion in the interests of judicial economy. *See id.* (reviewing a motion to dismiss an amended complaint after an answer to the original complaint had been filed); *Kaspers v. Howmedica Osteonics Corp.*, 2015 WL 12085853, at *4 (W.D. Wash. Oct. 23, 2015) ("Substantially the same standard governs motions under Rule 12(c) and Rule 12(b)(6), meaning it would serve only formality and delay to convert this motion to a Rule 12(c) motion or deny it and require Howmedica to recast it as such.").

[2] Indeed, the FACC is steeped in allegations of fraud. *See, e.g.*, FACC at 8 ("Defendants' Unfair and Fraudulent Practices on the Websites"); *id.* ¶ 1 ("a classic bait and switch marketing scheme"); *id.* ¶ 4 ("Expedia's deceit is brazen and comprehensive"); *id.* ¶ 24 ("Expedia is well aware of the deceptive nature of its marketing practices"); at 5 ("Defendants Lure Consumers With False Google Ads"); ¶ 32 ("Defendants . . . lie about the availability of rooms at non-partner hotels"); *id.* ¶ 41 ("Defendants had a pattern and practice . . . to purchase similarly deceptive advertisements"); *id.* ¶ 55 ("Defendants had a policy and practice of running targeted advertisements on Facebook, Twitter and other social media platforms . . . in an effort to mislead consumers"); *id.* ¶ 71 ("The knowing, intentional and willful nature of the acts set forth herein . . ."); *id.* ¶ 79 (same); *id.* ¶ 95 ("Defendants have knowingly benefited at the expense of [Plaintiffs]").

1  defend against the charge and not just deny that they have done anything wrong." *United Healthcare
2  Ins. Co.*, 848 F.3d at 1180.

3  Plaintiffs' FACC is woefully deficient in providing these requisite details in several
4  respects. First, Plaintiffs have not identified which websites contained the allegedly misleading
5  language. Second, Plaintiffs have not identified what search engines contained the allegedly misleading
6  advertisements. Third, Plaintiffs have not identified what social media platforms contained the allegedly
7  misleading advertisements.

### A. Plaintiffs Have Failed to Identify the Websites at Issue with Particularity.

Plaintiffs amended the Consolidated Complaint to add four additional websites, but the amended allegations leave open the possibility that there are additional unnamed websites being challenged. Specifically, Plaintiffs challenge the conduct of an unidentified number of websites "including, *but not limited to*, Expedia.com, Hotels.com, Orbitz.com, Hotwire.com, Travelocity.com, Ebookers.com, Cheaptickets.com, Venere.com and Wotif.com." FACC ¶ 27 (emphasis added).

These allegations are inadequate to support a claim under Rule 9(b) as to any website that is not identified by name in the FACC. For example, in *Kearns*, plaintiffs brought claims under the UCL and another California consumer protection statute alleging that the defendants made various misrepresentations in a televised national marketing campaign, sales materials at a car dealership, and through sales personnel. 567 F.3d at 1122-24. The Court dismissed the claims under Rule 9(b) because the plaintiff neither "specif[ied] what the television advertisements or other sales material specifically stated," nor "who made [the] statement or when [the] statement was made." *Id.* at 1125-26; *see also ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 2011 WL 6296833, at *5 (D. Ariz. Dec. 16, 2011) (dismissing Lanham Act claims for failure to comply with Rule 9(b) because Plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Nutrition Distribution, LLC v. New Health Ventures, LLC*, 2017 WL 2547307, at *4 (S.D. Cal. June 13, 2017) ("Rather than describe with particularity Defendant's alleged misleading descriptions of its DMZ products, Plaintiff merely makes general allegations about its advertisements—which are insufficient under Rule 9(b).").

To the extent that Plaintiffs have not identified websites by name, any claims based on those websites should be dismissed because the allegations fail even at the most basic level to identify the "the who, what, when, where, and how" required by Rule 9(b).  *Vess*, 317 F.3d at 1106.

### B. Plaintiffs Have Failed to Identify What Search Engines Contained the Allegedly Misleading Language for Which Websites.

Plaintiffs allege that when a consumer uses Google to search for Buckeye, "the engine's top result returns an advertisement purchased by Defendants to 'Book Buckeye Tree Lodge' and promising 'Incredible Offers on Great Hotels. Buckeye Tree Lodge.'"  FACC ¶ 35.  Plaintiffs further allege that "Defendants had a pattern and practice . . . to purchase *similarly deceptive advertisements* on . . . other search engines."  FACC ¶ 41 (emphasis added); *see also id.* ¶ 34 ("Defendants purchase false and misleading advertisements on internet search engines *like Google*") (emphasis added).

Plaintiffs' allegation that Defendants purchased "similarly deceptive advertisements" on "other search engines" is inadequate to support a claim under Rule 9(b).  Plaintiffs have neither identified the search engines at issue nor the specific language of any advertisement by Defendants on those search engines.

This Court has previously dismissed similar allegations under Rule 9(b).  For example, in *Garrison v. Whole Foods Market Grp., Inc.*, 2014 WL 2451290, at *4 (N.D. Cal. June 2, 2014) (Chhabria, J.), this Court dismissed claims based on an allegation that misrepresentations were "contained in various media advertising" for failure to satisfy Rule 9(b).  *Id.*; *see also Oakley, Inc. v. Donofrio*, 2013 WL 12126017, at *12 (C.D. Cal. June 14, 2013) (dismissing false advertising claims under Rule 9(b) because the allegations "do not state the form of these misrepresentations").  Plaintiffs' allegations here are similarly deficient.

All claims based on advertisements on search engines other than Google should be dismissed because Plaintiff has not provided the requisite "who, what, when, where, and how" about their claims.  *Vess*, 317 F.3d at 1106.

### C. Plaintiffs Have Failed to Identify What Social Media Platforms Contained the Allegedly Misleading Language for Which Websites.

Plaintiffs allege that "Defendants had a policy and practice of running targeted advertisements on Facebook, Twitter and other social media platforms referring to Plaintiffs and the Class Members . . . in an effort to mislead consumers." FACC ¶ 55.

Although Plaintiffs allege that "Defendants . . . ran targeted Twitter advertisements," FACC ¶ 54, Plaintiffs do not identify which Defendants allegedly ran those Twitter advertisements, they do not attach any screenshots of alleged Twitter advertisements, or even allege what those Twitter advertisements actually said. Thus, all claims based on Twitter advertisements should be dismissed for failure to plead with particularity. *See, e.g.*, *Kearns*, 567 F.3d at 1126 (dismissing UCL claim because plaintiff did not "specify what the television advertisements or other sales material specifically stated"); *Zuckerman Family Farms, Inc. v. Bidart Bros.*, 2014 WL 7239423, at *12 & n.13 (E.D. Cal. Dec. 17, 2014) (dismissing Lanham Act claim and stating that "Plaintiffs are directed to identify the specific misrepresentation contained in Defendant's advertising").

Moreover, Plaintiffs' allegation that "Defendants . . . [ran] targeted advertisements on . . . other social media platforms," FACC ¶ 55, wholly fails to identify the social media platform at issue, the specific websites that were advertised on those platforms, and what the allegedly misleading language on those advertisements said. Thus, all claims based on advertisements on social media platforms other than Facebook should be dismissed for failure to plead with particularity. *See Garrison*, 2014 WL 2451290, at *4 (dismissing claims based on allegation that misrepresentations were "contained in various media advertising" for failure to satisfy Rule 9(b)).

\*   \*   \*

Plaintiffs have alleged claims that sound in fraud and have failed to plead with the requisite particularity required by Rule 9(b). Accordingly, claims based upon (1) any websites not identified in the FACC; (2) any search engine advertisements other than Google; and (3) any social media advertisements other than Facebook, should be dismissed because they do not provide the required "who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106.

### III. Plaintiffs' UCL Claim Fails for the Independent Reason that Plaintiffs Fail to Allege Facts Sufficient To Support A Claim Under the Unfair Prong of the UCL.

California's UCL provides a cause of action for "three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Cmmc'ns, Inc.*, 20 Cal. 4th at 180. Each prong of the UCL is a separate and distinct theory of liability. *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).

Plaintiffs assert claims under the unfair and unlawful prongs of the UCL. *See* FACC ¶ 84 ("Defendants' activities . . . constitute *unfair* competition and *unlawful* business acts and practices . . . ") (emphasis added).

The California Supreme Court has held that when a competitor, as opposed to a consumer, brings an action under the unfair prong of the UCL, "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 20 Cal. 4th at 187. "Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws," and includes "horizontal price fixing, exclusive dealing, or monopolization." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 953-54 (S.D. Cal. 2016) (internal mark omitted) (dismissing UCL claim under the "unfair" prong because plaintiff only alleged harm to its own commercial interests rather than harm to competition).

The *Cel-Tech* standard does not just apply to direct competitor cases—the Ninth Circuit has applied the standard to business-competitor cases as well. In *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136-37 (9th Cir. 2014), plaintiff business owners brought a claim under the UCL unfair prong and alleged that "Yelp created negative reviews of their businesses . . . to induce them to purchase advertising through Yelp." 765 F.3d at 1127. The court noted that although the business owners did not compete directly with Yelp, it was appropriate to apply the *Cel-Tech* standard because "the crux of the business owners' complaint is that Yelp's conduct unfairly injures their economic interests to the benefit of other businesses who choose to advertise with Yelp." *Id.* at 1136. The Court affirmed dismissal of the UCL claim, holding that the general allegation that Yelp's conduct "harms competition by favoring

1    businesses that submit to Yelp's manipulative conduct and purchase advertising to the detriment of

2    competing businesses that decline to purchase advertising" did not suffice to allege what "amounts to a

3    violation of antitrust laws" or conduct that "otherwise significantly threatens or harms competition." *Id*.

4    at 1136-37 (citing *Cel-Tech*, 20 Cal. 4th at 187); *see also Salas v. Toyota Motor Sales U.S.A., Inc.*, 2016

5    WL 7486600, at *13 n.14 (C.D. Cal. Sept. 27, 2016) (noting that *Cel-Tech* standard applies in direct

6    competitor or business competitor cases).

7           Here, Plaintiffs have similarly alleged a business-competitor case under the UCL unfair

8    prong that fails as a matter of law because Plaintiffs have not alleged "an incipient violation of an

9    antitrust law" or conduct that "violates the policy or spirit of one of those laws because its effects are

10   comparable to or the same as a violation of the law." *See Cel-Tech*, 20 Cal. 4th at 187.  Plaintiffs do not

11   allege harm to competition generally, even if they allege harm to Buckeye.  *See, e.g.*, FACC ¶ 85

12   ("Buckeye . . . [has] been personally aggrieved by Defendants' unfair competition and unlawful business

13   acts and practices as alleged herein, including but not limited to, by the loss of money or property."); *id*.

14   ¶ 87 ("As a result of Defendants' aforesaid conduct . . , Buckeye . . . [has] suffered the continuing loss of

15   the goodwill and reputation established by [its] name and marks.").  As a result, Plaintiffs' claim under

16   the unfair prong of the UCL fails and should be dismissed.  *See Codexis, Inc. v. Enzymeworks, Inc.*,

17   2016 WL 4241909, at *6 (N.D. Cal. Aug. 11, 2016) ("In the absence of any allegations of antitrust

18   violations, such as 'horizontal price fixing, exclusive dealing, or monopolization,' [plaintiff's] claims

19   that defendants' conduct confused consumers is insufficient to state a claim under [the unfair] prong.");

20   *Creative Mobile Techs., LLC v. Flywheel Software, Inc.*, 2017 WL 679496, at *3-7 (N.D. Cal. Feb. 21,

21   2017) (dismissing UCL claim under unfair prong because plaintiff failed to "allege an incipient violation

22   of antitrust law" or conduct that "violates the policy or spirit of one of those laws").

**CONCLUSION**

24          For the foregoing reasons, the Court should dismiss: (1) all claims based upon any

25   websites not identified in the FACC; (2) all claims based upon any search engine advertisements other

than through Google; (3) all claims based upon any social media advertisements other than through Facebook; and (4) Plaintiffs' claim under the unfair prong of the UCL.

| | |
|---|---|
| August 7, 2017 | COVINGTON & BURLING LLP |
| | By: /s/ Emily Johnson Henn<br>Emily Johnson Henn<br>Megan L. Rodgers<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: 650-632-4700<br>Facsimile: 650-632-4800<br>Email: ehenn@cov.com<br><br>Simon J. Frankel<br>Cortlin H. Lannin<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>Telephone: 415-591-7078<br>Facsimile: 415-955-6578<br>Email: clannin@cov.com<br><br>*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd.* |