UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXPEDIA, INC., et al., <br><br> Defendants. | Case No.  16-cv-04721-VC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 73 |

The "motion to dismiss" – which seeks to limit the claims in the case to websites, search engines, and social media advertisements specifically identified in the operative complaint – is denied.  It's not even a close question.  The operative complaint contains detailed allegations about a fraudulent scheme by Expedia and its affiliates to engage in anticompetitive conduct. Among other things, the complaint alleges, plausibly and with great detail, that:

- Expedia and its affiliates (including Orbitz and Hotels.com) place advertisements through search engines and on social media offering rooms in hotels that are not actually available through Expedia or its affiliates;

- these ads cause customers to visit a website for Expedia or its affiliates;

- when the customers attempt to reserve a room with their desired hotel, they are told that there are no rooms available at that hotel (even though the truth is that Expedia and its affiliates don't offer rooms at that hotel, and there may well be availability at that hotel); and

- customers are then redirected to "similar" hotels in the area – hotels that offer rooms through Expedia or its affiliates.

This is more than enough to get past a motion to dismiss.  There is no requirement that the plaintiffs identify every single advertisement, or every single social media site, or every single search engine that Expedia and its affiliates have used to implement the fraudulent scheme. *Berson v. Applied Signal Technology, Inc.*, 527 F.3d 982, 989-990 (9th Cir. 2008) (complaint must describe the alleged scheme "in sufficient detail to give defendants ample notice of plaintiffs' . . . theory, and to give us some assurance that the theory has a basis in fact. . . .  Rule 9(b) requires no more.").  *See also United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (noting that Rule 9(b) does not require "absolute particularity or a recital of the evidence" (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1298 (3d ed. 2016))).

Equally puzzling is the request by Expedia and its affiliates to dismiss the claim under the unfair prong of California's Unfair Competition Law.  It's obvious that the plaintiffs have plausibly alleged conduct, by a group of companies that allegedly controls 75 percent market share among United States online travel agencies, "that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  *See also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136-37 (9th Cir. 2014).  This aspect of the motion to dismiss is therefore is denied as well.

**IT IS SO ORDERED.**

Dated: October 11, 2017

_____
VINCE CHHABRIA
United States District Judge