# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

BUCKEYE TREE LODGE AND
SEQUOIA VILLAGE INN, LLC, ET AL.,

Plaintiffs,

v.

EXPEDIA, INC., et al.,

Defendants.

Case No. 16-cv-04721-VC

**ORDER RE MOTION TO INTERVENE**

Re: Dkt. No. 127

Prospective intervenors, Prospect Historic Hotel and Shiloh Morning Inn, moved to intervene as of right, and alternatively, as permissive intervenors. The Court doubts Prospect's and Shiloh's claims to intervene as of right under Rule 24(a)(2) because the parties did not show that their interests would be impaired if not permitted to intervene. *Cf. Kamakahi v. American Soc'y for Reproductive Med.*, No. 11-CV-01781-JCS, 2015 WL 1926312, at *3 (N.D. Cal. Apr. 27, 2015). But because the Court will permit these plaintiffs to join the litigation anyway, it need not resolve the Rule 24(a)(2) issue.

The Court treats Prospect's and Shiloh's motion to permissively intervene as a motion to amend the complaint to add new plaintiffs. Though permissive intervention under Rule 24(b) and permissive amendment under Rule 15(a)(2) are both avenues by which additional plaintiffs can be joined, leave-to-amend is a more appropriate procedure when the original plaintiffs in the action consent to, and in fact welcome, joinder of the new parties. Here, it is apparent that the original plaintiffs welcome Prospect and Shiloh as parties; in fact, they are represented by the same counsel.

Rule 15(a)(2) requires the Court to grant leave to amend when "justice so requires." *Cf.*

*United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("[T]he requirements for [Rule 24] intervention are broadly interpreted in favor of intervention."). Prospect and Shiloh sought to join this action within the time limit this Court gave the plaintiffs to file a renewed motion for class certification. It was at the beginning of this time period that this Court first expressed doubt as to the original plaintiffs' standing to bring claims for injunctive relief. And it is reasonable for the plaintiffs to shore up their injunctive relief claims by adding parties with stronger standing arguments. The Court has already granted the defendants additional time to complete discovery regarding these new plaintiffs, so they are not prejudiced by Prospect's and Shiloh's entry into the lawsuit at this time. For these reasons, the Court grants leave to the plaintiffs to file an amended complaint that joins Prospect and Shiloh as plaintiffs.

The hearing on October 25, 2018 is vacated.


**IT IS SO ORDERED.**

Dated: October 17, 2018

_____

VINCE CHHABRIA
United States District Judge