James R. Patterson, CA Bar No. 211102
Allison H. Goddard, CA Bar No. 211098
Jacquelyn E. Quinn CA Bar No. 314616
PATTERSON LAW GROUP
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
jackie@pattersonlawgroup.com

[Additional Counsel Appear On Signature Page]

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, PROSPECT HISTORIC HOTEL, and SHILOH MORNING INN, LLC, a Oklahoma limited liability company, individually and on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No. 3:16-CV-04721-VC<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF AND OTHER EQUITABLE RELIEF**<br><br>1.  Violation of the Lanham Act, 15 U.S.C. § 1125 (False Association)<br>2.  Violation of the Lanham Act, 15 U.S.C. § 1125 (False Advertising)<br>3.  Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Competition)<br>4.  Violation of California Business & Professions Code §§ 17500, *et seq.* (False Advertising)<br>5.  Unjust Enrichment and Restitution<br><br>**[Demand for Jury Trial]** |

Plaintiffs Buckeye Tree Lodge and Sequoia Village Inn, LLC ("Buckeye Tree Lodge"), 2020 O Street Corporation, Inc. D/B/A The Mansion on O Street ("The Mansion"), Prospect Historic Hotel ("Prospect"), and Shiloh Morning Inn, LLC ("Shiloh") (together, "Plaintiffs") on behalf of themselves and all others similarly situated, allege upon personal knowledge, information and belief as follows:

## I. NATURE OF ACTION

1. This action is to enjoin and obtain damages and restitution stemming from a classic bait and switch marketing scheme that Expedia has used worldwide. Defendants (hereinafter "Expedia") run a network of on-line travel services and websites under popular brands like Hotels.com, Expedia.com, Orbitz.com, Travelocity.com, (collectively, "Expedia").  Expedia baits consumers with on-line deals for vacation and hotel stays at the Plaintiffs and other Class Member hotels, even though these hotels are not affiliated with Expedia or do not reveal their vacancy rate to Expedia.  In fact, Expedia has no way to book these hotels.

2. After Expedia baits consumers with the false impression that they can book these hotels through its websites, the switch begins. Expedia's websites falsely or recklessly indicate that there is no availability at the hotel, but then pushes the consumers to "deals" at Expedia's nearby member hotels with whom it is authorized to sell rooms and who pay Expedia a fee for every room booked through its websites.

3. Expedia's deceit is brazen and comprehensive. Expedia posts fake telephone numbers for Plaintiffs and other Class Member hotels to divert callers to Expedia's own operators, who then try to book the consumers at Expedia member hotels.

4. Worse, Expedia targets social media advertisements – *for hotels it cannot book* – to those consumers, using the brands of Class Member hotels to divert business from them to Expedia members.

5. Believing Expedia's representation or innuendo that there is no availability at a Class Member hotel, consumers take their business to Expedia member hotels. Then, the bait and switch is complete.

6. Expedia's conduct violates the Lanham Act (15 U.S.C. § 1125), California Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.*, and constitutes unfair competition, false advertising, and false affiliation.

## II.   JURISDICTION

7.   This Court has subject matter jurisdiction over Plaintiffs' Lanham Act claims pursuant to 28 U.S.C. § 1331.

8.   This Court has supplemental subject matter jurisdiction over Buckeye Tree Lodge's state law claims pursuant to 28 U.S.C. § 1367.

9.   This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are more than 100 putative class members, the amount in controversy exceeds $5 million, and there is minimal diversity. Plaintiff Buckeye Tree Lodge, a California citizen, Plaintiff The Mansion, a Washington, D.C. citizen, Plaintiff Prospect, a Oregon citizen, and Shiloh, an Oklahoma citizen, are diverse from Defendant Expedia, Inc., a Washington citizen, Defendant Hotels.com, L.P., a Texas citizen, Defendant Hotels.com GP, LLC, a Texas citizen, Orbitz, LLC, a Delaware citizen.

## III.   VENUE

10.   This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b). Defendants reside in this District under 28 U.S.C. § 1391(c); a substantial amount of the events giving rise to the claims occurred in this District, including in San Francisco; and there are Class Members who operate hotels and suffered damages in this District, including in San Francisco.

## IV.   PARTIES

11.   Plaintiff Buckeye Tree Lodge and Sequoia Village Inn, LLC is a California limited liability company.

12.   Plaintiff The Mansion is a corporation organized under the laws of Washington, D.C. with its principal place of business located in Washington, D.C.

13.   Plaintiff Prospect Historic Hotel is a business entity formed under the laws of the State of Oregon, with its principal place of business location in Prospect, Oregon.

14.   Plaintiff Shiloh Morning Inn, LLC is a limited liability company formed under the laws of the State of Oklahoma, with its principal place of business located in Ardmore, Oklahoma.

15.   Defendant Expedia, Inc. is a Washington corporation with its headquarters in Bellevue, Washington.  In 2015, Expedia, Inc. recorded gross bookings of $60,830,000,000.00 and has an estimated

75% market share among United States online travel agencies.

16.     Defendant Hotels.com, L.P. is a Texas limited partnership with its headquarters in Dallas, Texas. Hotels.com, L.P. also has offices in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants.

17.     Defendant Hotels.com GP, LLC is a Texas limited liability company with its headquarters in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants. Hotels.com GP, LLC is the general partner of Hotels.com, L.P.

18.     Defendant Orbitz, LLC is a Delaware limited liability company with offices in Chicago, Illinois. Orbitz, LLC also has offices in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants.

19.     Plaintiffs are informed and believe, and based thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, each of the named Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policies of each of the named Defendants.

20.     Plaintiffs are informed and believe, and based thereon allege that, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

21.     Plaintiffs are informed and believe, and based thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## V.    STANDING

22.     Plaintiffs have standing to bring the claims alleged in this complaint because, as further detailed below, Defendants' wrongful conduct proximately caused Plaintiffs to suffer injuries to their commercial interest, reputation and sales.

## VI.    FACTUAL BACKGROUND

### European Legal Proceedings Concerning Expedia's Misleading Marketing Practices

23.    Expedia is well aware of the deceptive nature of its marketing practices. In 2011, Expedia "was fined 367,000 euros ($484,000) for engaging in 'misleading marketing practices' related to a French hotel and restaurant association." (http://www.bizjournals.com/seattle/blog/techflash/2011/10/expedia-fined-for-misleading-french.html; *see also* http://australia.etbtravelnews.global/117620/expedia-fined-for-misleading-the-french-3/).  The entities sued Expedia, alleging that the company "advertised reduced rates at hotels without their consent, showed available rooms as booked and drove traffic to third-party bookers." (http://www.bizjournals.com/seattle/blog/techflash/2011/10/expedia-fined-for-misleading-french.html).

24.    The French Directorate General for Competition, Consumption and Repression of Fraud "found the company had used unfair business practices on its Expedia.fr site" (http://www.bizjournals.com/seattle/blog/techflash/2011/10/expedia-fined-for-misleading-french.html), and joined the lawsuit, alleging that Expedia engaged in misleading practices including:

- Using Tripadvisor reviews to redirect traffic to Expedia and Hotels.com and not a hotel's website.
- Displaying a hotel as "full on requested dates", when in fact rooms were available, and suggesting other nearby available properties having better commercial terms with Expedia.
- Incorrectly displaying hotel phone numbers so users could not call a hotel directly.

(https://www.tnooz.com/article/expedia-hit-with-major-fine-in-france-over-misleading-marketing/;  *see also* https://www.tnooz.com/article/french-government-joins-legal-threat-against-tripadvisor/)   The fine was awarded to the damaged hotels and Expedia told the agency that it would retrain its employees to avoid repetition of the censured conduct.

25.    In July 2011, a French Court found that it was misleading for Expedia to state on its website that no rooms were available for a hotel based only on whether Expedia had rooms available to sell at the hotel, and not on the hotel's actual availability.  (*See* https://www.legalis.net/jurisprudences/tribunal-de-commerce-de-paris-15eme-chambre-jugement-du-4-octobre-2011/;  *and  see* https://translate.google.com/translate?sl=auto&tl=en&js=y&prev=_t&hl=en&ie=UTF-

8&u=https%3A%2F%2Fwww.legalis.net%2Fjurisprudences%2Ftribunal-de-commerce-de-paris-15eme-chambre-jugement-du-4-octobre-2011%2F&edit-text=&act=url (Google translation of transcription of the judgment provided by preceding citation)).  The Court's order indicates that it was undisputed that the information that was given as to the availability of rooms on expedia.fr sites did not reflect the real situation of booking at the plaintiff hotels and that his happened to other hotels as well.  Following the ruling, Expedia represented that it had revised information on its French website and conducted employee training.  (*See* https://www.tnooz.com/article/expedia-hit-with-major-fine-in-france-over-misleading-marketing/ ).  Despite this, Plaintiffs are informed and believe that Expedia has continued this misleading practice in the United States for more than six years.

## Defendants Exercised Similar Deceptive Practices in Canada

26.     In May, 2018, the Canadian Broadcasting Company aired a TV exposè and published a news article about two or more British Columbia inns that were falsely shown on Expedia for some years as having no vacancies.  Expedia told the TV station that it had experienced coding errors that had been corrected recently and only after the CBC contacted them, despite repeated complaints from the Canadian innkeepers.  The following are links to the broadcast and to a written version of the story.  (*See* Eric Rankin, *No room at the inn: Small B.C. lodge claims Expedia listed 'rooms unavailable' for 2 years*, CBC News, May 15, 2018, https://www.cbc.ca/news/canada/british-columbia/no-room-at-the-inn-small-b-c-lodge-claims-expedia-listed-rooms-unavailable-for-2-years-1.4648991; *Expedia challenged by a small B.C. inn*, CBC News, May 15, 2018, https://www.cbc.ca/news/thenational/expedia-challenged-by-a-small-b-c-inn-1.4664864 ).

## Defendants Lure Consumers With False Google Ads

27.     Defendants own and operate various websites that they identify as their brands, including, but not limited to, Expedia.com, Hotels.com, Orbitz.com, Travelocity.com (collectively, the "Websites").

28.     Through these Websites, Defendants offer travel services to consumers in this District, throughout California and the United States, and across the world.

29.     For a fee, hotels and vacation lodges can sign up to be members of Defendants' websites.

30.     Plaintiffs and many Class Members are not partners of Defendants' websites or otherwise affiliated with Defendants.  Plaintiffs and, on information and belief, the Class Members have not

consented to the Defendants' use of their names, marks or any information concerning their booking, accommodations or availability.

31.    Plaintiffs and, on information and belief, the Class Members, own their names and marks.

32.    Defendants push "deals" for stays at their partner hotels and lie about the availability of rooms at non-partner hotels. Consumers visiting these Websites have no way of knowing which hotels are partners and which are not.

33.    Defendants purchase false and misleading advertisements on internet search engines like Google, to funnel traffic to their Websites.

34.    For example, when a consumer uses Google to search for the Buckeye Tree Lodge, the engine's top result returns an advertisement purchased by Defendants to "Book Buckeye Tree Lodge" and promising "Incredible Offers on Great Hotels. Buckeye Tree Lodge."



35.    Similarly, during the last four years and before, when a consumer used Google to search for The Mansion on O Street, the engine's top result returns an advertisement purchased by Defendants to book rooms at The Mansion but customers who clicked on the link would ultimately be advised that The Mansion was sold out. Despite complaints, this harmful behavior by Expedia happened repeatedly.

36.     During the last four years and before, Defendant falsely stated on their Websites that The Mansion was sold out or unavailable for specified dates notwithstanding that, in fact, rooms were available during those time frames.  The Websites contained links directing customers to different (presumably, partner) hotels that Defendants actually had agreements or affiliations with.

37.     As recently as September 2016, Defendants' Websites represented to online consumers that The Mansion was unavailable for certain dates despite The Mansion having rooms available, causing The Mansion to lose business.

38.     Numerous consumers contacted The Mansion after making reservations at partner hotels based on Defendants' false representation that The Mansion has no rooms available.  These consumers indicated that they would have booked rooms at The Mansion but for Defendants' misrepresentation.  As a result, The Mansion suffered actual monetary losses.

39.     Despite repeated complaints by The Mansion, Expedia's inappropriate dealings with The Mansion's would-be customers was repeated.  Expedia's most recent promise to remedy the situation was made in October 2016.

40.     Similarly, during the last four years and before, when a consumer used Google to search for Prospect, Defendants obtained a link to the Websites offering to book Prospect on the Websites, but customers who clicked on the link would ultimately be advised that Prospect was sold out. The same pattern occurred with consumer searches for Shiloh.

41.     During the last four years and before, Defendant falsely stated on their Websites that Prospect was sold out or unavailable for specified dates notwithstanding that, in fact, rooms were available during those time frames. The Websites contained links directing customers to different (presumably, partner) hotels that Defendants actually had agreements or affiliations with. The same pattern occurred with consumer searches for Shiloh.

42.     Plaintiffs allege on information and belief that Defendants had a pattern and practice, when available, to purchase similarly deceptive advertisements on Google and other search engines regarding the Class Members (collectively, the "Google Advertisements").

43.     The Google Advertisements were false, misleading and omitted material facts necessary to make them not misleading because they stated or implied that Defendants had an affiliation with the Class

Members and that Defendants could book stays at the Class Members' hotels on behalf of consumers.

44.     In truth, at all relevant times, Defendants had no affiliation with Plaintiffs and many Class Members, and/or Defendants had no way to actually book stays at Plaintiffs or at many of the Class Members' hotels on behalf of consumers.

45.     Expedia obtains hotel names and information from room wholesalers or travel agents or tour operators and without informing the affected hotels and obtaining their approval of what will occur, uses those hotels names and data for bait and switch purposes or occasionally to obtain unauthorized mark-ups from travelers that do not show up on the records of the hotel.

46.     The Google Advertisements funneled consumers away from legitimate websites that could book rooms at Plaintiffs and at the Class Members and lured consumers onto Defendants' Websites, where Defendants' unlawful conduct continued.

**Defendants' Unfair and Fraudulent Practices on the Websites**

47.     At all relevant times, when a consumer searches for Class Members on Defendants' Websites, the Websites prompt consumers to enter prospective travel dates to check for room availability.

48.     Defendants' travel date searches are misleading in that they falsely lead consumers to believe that Defendants have an affiliation with Plaintiffs and the Class Members and that Defendants can book stays with Plaintiffs and the Class Members on behalf of travelers.

49.     Plaintiffs allege on information and belief that after baiting consumers to enter their prospective travel dates, Defendants' Websites, as a standard practice, represent that there are "no rooms available" at the Plaintiffs or Class Member hotels, that Plaintiffs and Class Members are "sold out," or that there are "no deals available at this time" at the Plaintiffs and Class Members, regardless of the actual vacancy rates.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13



14      50.    In returning these false and misleading "sold out" search results, Defendants use the names

15  and addresses of the Plaintiffs and Class Members together with phone numbers they control and program.

16  These phone numbers do not connect would be travelers to the Plaintiffs and Class Members. Instead,

17  these phone numbers are owned and operated by Defendants, with scripts that do not mention calling the

18  desired hotel but instead recommend other hotels offering better terms to Expedia.

19      51.    At the same time that the Websites return false and misleading "sold out" search results

20  with phony 800 numbers for the Plaintiffs and Class Members, the Websites offer "deals" at their partner

21  hotels during the same travel dates.

22
23
24
25
26  / / /
27  / / /
28

52.      Plaintiffs allege on information and belief that at all relevant times, when consumers call the fake phone numbers, Defendants' operators confirm there is no availability at the Plaintiffs' and Class Members' hotels (regardless of their actual vacancy rates) and offer to book stays at nearby Defendants' partner hotels.

**Defendants Continue Pursing Consumers with False Social Media Ads**

53.      If a consumer does not immediately book a room through the Websites, Defendants continue pursuing their business with misleading social media advertisements.

54.     For example, at all relevant times, Defendants ran targeted Facebook advertisements that would encourage consumers to "Book Buckeye Tree Lodge Now!" after the consumer has searched for Buckeye Tree Lodge on Defendants' Websites.



55.     At all relevant times, Defendants also ran targeted Twitter advertisements that would encourage consumers to book Buckeye Tree Lodge through them after searching Defendants' Websites.

56.     Plaintiffs allege on information and belief that Defendants had a policy and practice of running targeted advertisements on Facebook, Twitter and other social media platforms referring to Plaintiffs and the Class Members (collectively, the "Facebook Advertisements") in an effort to mislead consumers and get them to return to the Websites to book with Defendants' partner hotels.

**Other Complaints About Expedia**

57.     Evidencing the impact of Defendants' plan and scheme, other hotels and customers have complained that they were lured by Defendants' bait and switch marketing scheme.

58.     Set forth below is a small sample of complaints made on the Internet regarding Defendants' fraudulent scheme (sic throughout):

- "Expedia did the same thing to our hotel. After we discontinued doing business with them because of commission over billing, they continued to list our property on their web site prominently but showed no rooms available when it was clicked. That went on for many months despite repeated requests to remove us from their site. After they finally removed us we then discovered that they had a paid listing for our hotel on Google that

was posted ahead of our own web site. It looked like it was a posting for our own web site but when clicked, it went to Expedia which said no rooms were available. Our own web site business suffered because of it. I hope the law suit brings public attention to how the public is paying millions in increased lodging rates just to line the pockets of OTAs who are allowed to use such tactics to force hotels into paying them commissions." (http://www.geekwire.com/2016/hotel-operator-accuses-expedia-stealing-customers-misleading-ads-brazen-bait-switch/#disqus_thread)

- "Expedia and its many affiliates, including Hotels.com and Venere.com, invite people to come to their sites to book our hotel, the Luna Blue Hotel in Playa del Carmen Mexico. Yet when people get to these websites they are told that our hotel is completely occupied for all dates now and in the future. If someone calls on the telephone, they are told that our hotel is going out of business! They are then directed to book another more expensive hotel, which provides Expedia greater commission. It seems that Expedia and its affiliates use small hotels like ours to attract people to their sites so they can get those people to book with bigger resorts. It is the classic 'bait and switch' scam." (https://playazone.wordpress.com/2012/12/04/expedia-bad-for-the-traveler-bad-for-the-hotel/)

- "[A] Google search for the Luna Blue Hotel shows its Expedia page on the first page of results — which of course says that the hotel has no availability, ever. *The Verge* also called Expedia's 1-800 number and attempted to book that way; we were told the hotel has no availability through the end of 2013 and were encouraged to book at another hotel in the area.  Head believes Expedia is using the boutique hotel's page to draw customers in and then push them to more expensive hotels after falsely claiming that the Luna Blue is sold out."  (http://www.theverge.com/2012/12/28/3809328/one-small-hotels-long-nightmare-with-expedia)

- "just had 3 phone calls with @Expedia - claimed they would help me extend a hotel stay, then said it was sold out. there is still rooms. smh." (https://twitter.com/moxieingreen/status/680084034660249600)

- "Don't trust Expedia. Last weekend we had a funeral to go to. Called Expedia to make a reservation at the hotel we chose. They refused to answer whether or not there was a vacancy at the hotel but instead tried and tried to up sell us someplace else. Finally, after being asked at least six times, the woman answered my question and said there was no availability at the hotel we chose. We called the hotel directly and they told us they had rooms. They were very surprised to learn that Expedia said there were none. We didn't need this runaround at what was already a rough time for us. This is a scam." (https://www.facebook.com/expedia/posts/10152620595347680)

## VII.   CLASS ALLEGATIONS

59.   **Classes**: Plaintiffs bring their claims on behalf of the following classes of persons, as alleged more specifically in each claim for relief set forth herein:

a.   **National Class**:  Pursuant to Fed. R. Civ. P. 23, Plaintiffs seek to certify a class of the following persons:

> All hotels, lodges, inns, and motels located in the United States that did not have a booking agreement with Defendants, but whose names appeared on Expedia.com, Hotels.com, Orbitz.com, or Travelocity.com (the "Websites"), or on search engine links to the Websites, from August 17, 2012 to the present.

b.   **California Sub-Class**:  Pursuant to Fed. R. Civ. P. 23, Plaintiffs seek to certify a sub-class of the following persons:

> All California-based hotels, lodges, inns, and motels that did not have a booking agreement with Defendants, but whose names appeared on Expedia.com, Hotels.com, Orbitz.com, or Travelocity.com (the "Websites"), or on search engine links to the Websites, from August 17, 2012 to the present.

60.   Class Period:  The class period for the National Class and California Sub-Class is the time period from four (4) years preceding the filing of the original Complaint in this action, up to and through the time of trial for this matter.

61.   **Excluded from the Classes**: Excluded from the classes are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which any Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities, and Plaintiffs' attorneys. Also excluded are any judges presiding over these proceedings and their immediate family.

62.   **Numerosity**: The class members are so numerous that joinder of all members is impracticable. While the exact numbers of class members are unknown to Plaintiffs at this time, Plaintiffs are informed and believe that the classes consist of more than one hundred individuals. Members are readily ascertainable through appropriate discovery from records maintained by Defendants and their agents.

63.   **Common Questions of Law and Fact Predominate**: Questions of law and fact common to the Class predominate over questions affecting only individuals, including:

a.   What algorithms Defendants used on their Websites to return search results to consumers;

b.      Whether Defendants' search engines accessed actual vacancy rates of their non-partner hotels;

c.      How Defendants used smart technology to track consumer search history;

d.      Whether Defendants online advertisements were part of a pattern and practice to divert business unfairly toward their partner hotels;

e.      Whether Defendants' offers to book stays at hotels with whom they had no affiliation violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

f.      Whether Defendants' use of Plaintiffs' and Class Members' names and identifying information violated section 43(a) of the Lanham Act;

g.      Whether Defendants' false representation that Plaintiffs' and Class Members' hotels were sold out, had no rooms available or had no deals violated section 43(a) of the Lanham Act;

h.      Whether Defendants' systematic acts and practices violated California Business and Professions Code §§ 17200 *et seq.*;

i.      Whether Defendants' systematic acts and practices violated California Business and Professions Code §§ 17500 *et seq.*;

j.      Whether Defendants were unjustly enriched under California law;

k.      Whether restitution, lost profits or another damages measure is most appropriate to compensate Plaintiffs and the Class Members; and

l.      Whether Defendants' conduct should be enjoined.

64.     **Typicality**: Plaintiffs' claims are typical of other Class Members' claims. Like the other Class Members, Plaintiffs were subjected to Defendants' common advertising and website policies and practices. Defendants' representations, advertisements and treatment of Plaintiffs were and are typical of those of other Class Members.

65.     **Adequacy**: Plaintiffs can fairly and adequately represent the Class's interests.  They have no conflicts of interest with other Class Members, and have retained counsel who are competent and experienced in class actions and unfair competition litigation.

66.     **Superiority**: The nature of this action and the nature of laws available to Plaintiffs and the

Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because:

    a.  The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly and burdensome;

    b.  This case involves a small number of tight knit Defendants operating four Websites under a common scheme, and a large number of individual small and medium size hotels and lodges with many relatively small claims with common issues of law and fact; and

    c.  If each class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual class member.

## VIII.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

**(False Association and Trademark Infringement)**

**(By Plaintiffs and the National Class Members Against All Defendants)**

67.    Plaintiffs incorporate every preceding paragraph as if fully set forth herein.

68.    In acting as alleged above, Defendants violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line travel and booking services, by using in commerce words, terms, names, or symbols, or a combination thereof, which were likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Plaintiffs and the National Class Members, or as to the origin, sponsorship, or approval of their services or commercial activities.

69.    In acting as alleged above, Defendants also violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line travel and booking services, by using in commerce false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which were likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs and the National Class Members, or as to the origin, sponsorship,

or approval of their services or commercial activities.

70.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) proximately caused an injury to a commercial interest in sales or business reputation of Plaintiffs and the National Class Members.

71.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive Plaintiffs and the National Class Members of the ability to control the consumer perception of its products and services offered under their names and marks, placing the valuable reputation and goodwill of Plaintiffs and the National Class Members in the hands of Defendants.

72.     Defendants had direct and full knowledge of Plaintiffs' and the National Class Members' prior use of and rights in their names and marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

73.     Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiffs and the National Class Members are entitled to recover: (1) Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by Plaintiffs and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) the costs of the action; and (4) reasonable attorney fees.

74.     As a result of Defendants' aforesaid conduct and in addition to other damages, Plaintiffs and the National Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiffs and the National Class Members have no adequate remedy at law. Plaintiffs and the National Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## SECOND CLAIM FOR RELIEF

### Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

### (False Advertising and Trademark Infringement)

### (By Plaintiffs and the National Class Members Against All Defendants)

75.     Plaintiffs incorporate every preceding paragraph as if fully set forth herein.

76.     In acting as alleged above, Defendants violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in connection with on-line travel and booking services, by using in commerce words, terms, names, or symbols, or a combination thereof, which in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of Plaintiffs and the National Class Members' services or commercial activities.

77.     In acting as alleged above, Defendants also violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in connection with on-line travel and booking services, by using in commerce false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of Plaintiffs and the National Class Members' services or commercial activities.

78.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(B) proximately caused an injury to a commercial interest in sales or business reputation of Plaintiffs and the National Class Members.

79.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive Plaintiffs and the National Class Members of the ability to control the consumer perception of their products and services offered under their names and marks, placing the valuable reputation and goodwill of Plaintiffs and the National Class Members in the hands of Defendants.

80.     Defendants had direct and full knowledge of Plaintiffs and the National Class Members' prior use of and rights in their names and marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

81.     Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiffs and the National Class Members are entitled to recover: (1) Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by Plaintiffs and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) the costs of the action; and (4) reasonable attorney fees should the Court find this

to be an exceptional action.

82.     As a result of Defendants' aforesaid conduct and in addition to other damages, Plaintiffs and the National Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiffs and the National Class Members have no adequate remedy at law.  Plaintiffs and the National Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## THIRD CLAIM FOR RELIEF

### Unfair Competition – Violations of California

### Business & Professions Code §§ 17200, *et seq.*

### (By Buckeye Tree Lodge and the California Sub-Class Members Against All Defendants)

83.     Plaintiffs incorporate every preceding paragraph as if fully set forth herein.

84.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Buckeye Tree Lodge, the California Sub-Class Members, consumers and the general public.  Buckeye Tree Lodge seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

85.     Defendants' activities, as alleged herein, are violations of federal and California law, and constitute unfair competition and unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

86.     Buckeye Tree Lodge and the California Sub-Class Members have been personally aggrieved by Defendants' unfair competition and unlawful business acts and practices as alleged herein, including but not necessarily limited to, by the loss of money or property.

87.     Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Buckeye Tree Lodge and the California Sub-Class Members are entitled to disgorgement and restitution of the income that Defendants earned during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

88.     As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law.  Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## **FOURTH CLAIM FOR RELIEF**

### **False Advertising– Violations of California**

### **Business & Professions Code §§ 17500, *et seq*.**

### **(By Buckeye Tree Lodge and the California Sub-Class Members Against All Defendants)**

89.     Plaintiffs incorporate every preceding paragraph as if fully set forth herein.

90.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Buckeye Tree Lodge, the California Sub-Class Members, consumers and the general public. Buckeye Tree Lodge seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

91.     Defendants' activities, as alleged herein, are violations of federal and California law, and constitute false advertising in violation of California Business & Professions Code §§ 17500, *et seq.*

92.     Buckeye Tree Lodge and the California Sub-Class Members have been personally aggrieved by Defendants' false advertising as alleged herein, including but not necessarily limited to, by the loss of money or property.

93.     Pursuant to California Business & Professions Code §§ 17500, *et seq.*, Buckeye Tree Lodge and the California Sub-Class Members are entitled to disgorgement and restitution of the income that Defendants earned during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

94.     As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and

reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law. Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## FIFTH CLAIM FOR RELIEF

### Unjust Enrichment and Restitution

### (By Buckeye Tree Lodge and the California Sub-Class Members Against All Defendants)

95.     Plaintiffs incorporate every preceding paragraph as if fully set forth herein.

96.     In acting as alleged above, Defendants have been unjustly enriched in that Defendants have knowingly benefitted at the expense of Buckeye Tree Lodge and the California Sub-Class Members in a manner such that allowance of Defendants to retain the benefits that they received would be unjust.

97.     Buckeye Tree Lodge and the California Sub-Class Members are entitled to disgorgement and restitution of the income that Defendants earned during a period that commences four years prior to the filing of this Complaint; a temporary and permanent injunction requiring Defendants to refrain from their unlawful activities; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

98.     As a result of Defendants' aforesaid conduct and in addition to other damages, Buckeye Tree Lodge and the California Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Buckeye Tree Lodge and the California Sub-Class Members have no adequate remedy at law. Buckeye Tree Lodge and the California Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

/ / /

/ / /

**IX.    PRAYER FOR RELIEF**

99.    Plaintiffs and the Class pray for relief and judgment against Defendants, jointly and severally, as follows:

Class Action Certification

1.    That Plaintiffs' claims be certified as a class action under Federal Rule of Civil Procedure 23;

2.    That the Court certify the National Class; and

3.    That the Court certify the California Sub-Class.

As to the First Claim For Relief

(False Affiliation, the Lanham Act (15 U.S.C. § 1125(a)(1)(A) violations)

1.    Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation, pursuant to 15 U.S.C. § 1117;

2.    The damages sustained by Plaintiffs and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount, pursuant to 15 U.S.C. § 1117;

3.    For temporary and permanent injunctive relief;

4.    The costs of the action pursuant to 15 U.S.C. § 1117;

5.    For reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

6.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Claim For Relief

(False Advertising, Lanham Act (15 U.S.C. § 1125(a)(1)(B) violations)

1.    Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation, pursuant to 15 U.S.C. § 1117;

2.    The damages sustained by Plaintiffs and the National Class Members, in a sum above the

amount found as actual damages, not exceeding three times such amount, pursuant to 15 U.S.C. § 1117;

3.   For temporary and permanent injunctive relief;

4.   The costs of the action pursuant to 15 U.S.C. § 1117;

5.   For reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

6.   For such other and further relief as the Court may deem equitable and appropriate.

## As to the Third Claim For Relief

### (Unfair Competition)

1.   The disgorgement of any and all income in connection with Defendants' on-line booking, according to proof;

2.   For restitution of income to Buckeye Tree Lodge and all California Sub-Class Members and prejudgment interest from the day such amounts were due and payable;

3.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200, *et seq.*;

4.   For all actual, consequential, and incidental losses and damages, according to proof;

5.   For temporary and permanent injunctive relief;

6.   For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5; and

7.   For such other and further relief as the Court may deem equitable and appropriate.

## As to the Fourth Claim For Relief

### (False Advertising)

1.   The disgorgement of any and all income in connection with Defendants' on-line booking, according to proof;

Case No.: 16CV04721-VC
SECOND AMENDED CONSOLIDATED COMPLAINT

2.      For restitution of income to Buckeye Tree Lodge and all California Sub-Class Members and prejudgment interest from the day such amounts were due and payable;

3.      For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17500, *et seq.*;

4.      For all actual, consequential, and incidental losses and damages, according to proof;

5.      For temporary and permanent injunctive relief;

6.      For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5; and

7.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Claim For Relief</u>

(Unjust Enrichment)

1.      The disgorgement of any and all income in connection with on-line booking, according to proof;

2.      For restitution of income to Buckeye Tree Lodge and all California Sub-Class Members and prejudgment interest from the day such amounts were due and payable;

3.      For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants;

4.      For all actual, consequential, and incidental losses and damages, according to proof;

5.      For temporary and permanent injunctive relief;

6.      For reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5; and

/ / /

/ / /

/ / /

1       7.      For such other and further relief as the Court may deem equitable and appropriate.

Dated:  November 9, 2018                PATTERSON LAW GROUP

By: /s/ Allison H. Goddard

James R. Patterson, CA Bar No. 211102
Allison H. Goddard, CA Bar No. 211098
Jacquelyn E. Quinn, CA Bar No. 314616
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
jackie@pattersonlawgroup.com

Pierce Gore (SB 128515)
Pratt & Associates
1871 The Alameda
Suite 425
San Jose, CA  95126
pgore@prattattorneys.com

Charles J. LaDuca
Joel Davidow
Alexandra C. Warren
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Avenue, NW, Ste. 200
Washington, DC 20016
Telephone: 202-789-3960
Facsimile: 202-589-1813
charles@cuneolaw.com
joel@cuneolaw.com
awarren@cuneolaw.com

Tony C. Richa
RICHA LAW GROUP, P.C.
One Bethesda Center
4800 Hampden Lane, Ste. 200
Bethesda, MD 208114
Telephone:  301-424-0222
Facsimile: 301-576-8600
richa@richalawgroup.com

Attorneys for Plaintiffs and the Class

1

**CERTIFICATE OF SERVICE**

2        The undersigned hereby certifies that all counsel of record who are deemed to have consented to

3   electronic service are being served November 9, 2018, with a copy of this document via the Court's

4   CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF

5   participants.

6

7                                                                         /s/ Allison H. Goddard

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28