EMILY JOHNSON HENN (SBN 269482)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

SIMON  J. FRANKEL (SBN 171552)
RICHARD B. OATIS (SBN 307701)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: sfrankel@cov.com

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.R.L. dba Venere Net, LLC, and Expedia Australia Investments Pty Ltd.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> EXPEDIA, INC., HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, LLC, VENERE NET S.R.L DBA VENERE NET, LLC, and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD., <br><br> Defendants. | Civil Case No.: 16-cv-04721-VC <br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.r.l., and Expedia Australia Investments Pty Ltd. (collectively, the "Expedia Entities") answer Plaintiffs' First Amended Consolidated Class Action Complaint ("Complaint") and provide affirmative defenses to the allegations in the Complaint as follows. Unless specifically admitted, the Expedia Entities deny all allegations and claims contained in the Complaint.

ANSWER

The Expedia Entities admit that Buckeye Tree Lodge and Sequoia Village Inn, LLC ("Buckeye"), 2020 O Street Corporation, Inc. d/b/a The Mansion on O Street ("The Mansion"), Prospect Historic Hotel ("Prospect"), and Shiloh Morning Inn, LLC ("Shiloh) purport to bring this action as stated in the preamble to the Complaint.

## I.    NATURE OF ACTION

1.    The Expedia Entities admit that Expedia, Inc. operates the websites Expedia.com and Travelocity.com; Orbitz, LLC operates the website Orbitz.com; Hotels.com, L.P. operates the website Hotels.com (collectively, the "Websites"). The Expedia Entities deny the remaining allegations set forth in Paragraph 1.

2.    The Expedia Entities deny the allegations in Paragraph 2.

3.    The Expedia Entities deny the allegations in Paragraph 3.

4.    The Expedia Entities deny the allegations in Paragraph 4.

5.    The Expedia Entities deny the allegations in Paragraph 5.

6.    The Expedia Entities admit that Plaintiffs purport to bring this action pursuant to the laws cited in Paragraph 6. The Expedia Entities otherwise deny the allegations set forth in Paragraph 6, deny that the Expedia Entities have violated any law or other regulation, and deny that Plaintiffs are entitled to any relief.

## II.    JURISDICTION

7.    Paragraph 7 contains a conclusion of law to which no response is required.

8.    Paragraph 8 contains a conclusion of law to which no response is required.

9.    Paragraph 9 purports to contain conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny knowledge or information sufficient to

1

form a belief as to the truth or falsity of the allegations about Buckeye, The Mansion, Prospect, and Shiloh. The Expedia Entities admit that Expedia, Inc. is incorporated in Washington; Hotels.com, L.P. is a Texas limited partnership; Hotels.com GP, LLC is a Texas limited liability company; and Orbitz, LLC is a Delaware limited liability company. The Expedia Entities deny all remaining allegations in Paragraph 9.

10.  Paragraph 10 purports to contain a conclusion of law to which no response is required. The Expedia Entities deny all remaining allegations in Paragraph 10.

11.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11.

12.   The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1.

13.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13.

14.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14.

15.  The Expedia Entities admit that Expedia, Inc. is a Washington corporation with its headquarters in Bellevue, Washington. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 16.

16.  The Expedia Entities admit that Hotels.com, L.P. is a Texas limited partnership with its headquarters in Dallas, Texas. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 16.

17.  The Expedia Entities admit that Hotels.com GP, LLC is a Texas limited liability company. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 17.

18.  The Expedia Entities admit that Orbitz, LLC is a Delaware limited liability company with its headquarters in Chicago, Illinois. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 18.

19.  The Expedia Entities deny all allegations set forth in Paragraph 19.

20.  The Expedia Entities deny all allegations set forth in Paragraph 20.

21.  The Expedia Entities deny all allegations set forth in Paragraph 21.

**III.     STANDING**

22.  Paragraph 22 purports to contain a conclusion of law to which no response is required. To the extent a response is required, the Expedia Entities deny the allegations in Paragraph 22.

**IV.     FACTUAL BACKGROUND**

23.  The Expedia Entities deny the allegations in the first sentence of Paragraph 23. The Expedia Entities admit that the Hôtel de la Place du Louvre, the Château du Guilguiffin, and the Synhorcat (collectively, "French Lawsuit Plaintiffs") brought suit against Expedia, Inc., Expedia France, Hotels.com, L.P., TripAdvisor, LLC, TripAdvisor Limited, TripAdvisor France, VacationSpot S.L., and WWTE Travel Limited (collectively, "French Lawsuit Defendants") before the Tribunal de Commerce de Paris. The Expedia Entities state that the judgment of the Tribunal de Commerce de Paris speaks for itself and denies any allegations that are inconsistent therewith. The Expedia Entities admit that the French Lawsuit Plaintiffs alleged that the French Lawsuit Defendants engaged in misleading business practices. Specifically, the Expedia Entities admit that the French Lawsuit Plaintiffs alleged that the French Lawsuit Defendants distributed misleading information about the availability of hotels, promotional offers, and contact information, including telephone numbers. The Expedia Entities further admit that French Lawsuit Defendants were jointly ordered to pay €284,955.54 to the Synhorcat; €58,919 to Hôtel de la Place du Louvre; €23,261 to the Château du Guilguiffin; €20,000 to each of the French Lawsuit Plaintiffs for costs pursuant to Article 700 of the French Code of Civil Procedure; and €292.07 in litigation costs. The Expedia Entities deny all remaining allegations in Paragraph 23.

24.  In response to Paragraph 24, the Expedia Entities state that the judgment of the Tribunal de Commerce de Paris speaks for itself and denies any allegations that are inconsistent therewith. The Expedia Entities admit that the Minister of Economy, Finance and Industry intervened in the action and alleged that certain business practices by the French Lawsuit Defendants described in the Minister's administrative investigation report were misleading. The Expedia Entities further admit that French Lawsuit Defendants were jointly ordered to pay €284,955.54 to the Synhorcat; €58,919 to Hôtel de la Place du Louvre; €23,261 to the Château du Guilguiffin; €20,000 to each of the French Lawsuit

Plaintiffs for costs pursuant to Article 700 of the Code of Civil Procedure; and €292.07 in litigation costs. The Expedia Entities lack knowledge or information sufficient to identify the source of the quotation in the Tnooz article about employee training and therefore deny it. The Expedia Entities deny all remaining allegations in Paragraph 24.

25.  In response to Paragraph 25, the Expedia Entities state that the judgment of the Tribunal de Commerce de Paris speaks for itself and denies any allegations that are inconsistent therewith. The Expedia Entities admit that the French Lawsuit Defendants produced affidavits explaining that they had changed phrases on their French websites related to hotel availability, replacing them with wording indicating that availability is related to the reservation system of the site or its partners. The Expedia Entities admit that the Tribunal de Commerce de Paris found that the modifications were compliant with the French Consumer Code. The Expedia Entities further state that the Tribunal de Commerce de Paris found that the contact information on the French Lawsuit Defendants' websites, including telephone numbers, was not a misleading business practice. The Expedia Entities lack knowledge or information sufficient to identify the source of the quote in the Tnooz article about employee training and therefore deny it. The Expedia Entities deny all remaining allegations in Paragraph 25.

26.  In response to Paragraph 26, the Expedia Entities state that the news articles and reports speak for themselves. To the extent the statements in the news articles and reports are offered to prove the truth of the matter asserted, the Expedia Entities deny the allegations in Paragraph 26. The Expedia Entities lack knowledge or information sufficient to verify the statements attributed to Expedia regarding correction of coding errors and purported repeated complaints, and therefore deny them. The Expedia Entities deny all remaining allegations in Paragraph 26.

27.  The Expedia Entities admit that Expedia, Inc. operates the websites Expedia.com and Travelocity.com; Orbitz, LLC operates the website Orbitz.com; and Hotels.com, LP operates the website Hotels.com. The Expedia Entities deny the remaining allegations in Paragraph 27.

28.  The Expedia Entities admit that Expedia.com, Hotels.com, Orbitz.com, and Travelocity.com offer travel services to consumers throughout the United States. The Expedia Entities deny all remaining allegations in Paragraph 28.

29.  The Expedia Entities deny the allegations in Paragraph 29.

30.  The Expedia Entities admit that Buckeye does not have a contract with Expedia, Inc. The Expedia Entities deny all remaining allegations in Paragraph 30.

31.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32.  The Expedia Entities deny the allegations set forth in Paragraph 32.

33.  The Expedia Entities deny the allegations set forth in Paragraph 33.

34.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34.

35.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35.

36.  The Expedia Entities deny the allegations set forth in the first sentence of Paragraph 36. The Expedia Entities admit that search results on the Websites include hotels with which Expedia, Inc. has contracts. The Expedia Entities deny all remaining allegations set forth in Paragraph 36.

37.  The Expedia Entities deny all allegations set forth in Paragraph 37.

38.  The Expedia Entities deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences in Paragraph 38. The Expedia Entities deny all remaining allegations in Paragraph 38.

39.  The Expedia Entities admit that Expedia, Inc. communicated with The Mansion in 2016, and that The Mansion no longer appears on websites operated by Expedia Entities. The Expedia Entities deny all remaining allegations set forth in Paragraph 39.

40.  The Expedia Entities deny all allegations in Paragraph 40.

41.  The Expedia Entities deny all allegations in Paragraph 41.

42.  The Expedia Entities deny all allegations in Paragraph 42.

43.  The Expedia Entities deny all allegations in Paragraph 43.

44.  The Expedia Entities admit that Buckeye does not have a contract with Expedia, Inc. The Expedia Entities deny all remaining allegations in Paragraph 44.

45.  The Expedia Entities deny all allegations in Paragraph 45.

5

46.  The Expedia Entities deny all allegations in Paragraph 46.

47.  The Expedia Entities admit that consumers may enter prospective travel dates to search for room availability on the Websites The Expedia Entities deny all remaining allegations set forth in Paragraph 47.

48.  The Expedia Entities deny all allegations set forth in Paragraph 48.

49.  The Expedia Entities deny the allegations set forth in Paragraph 49.

50.  The Expedia Entities admit that the phone numbers listed in the search results on the Websites are associated with and operated by the Expedia Entities. The Expedia Entities admit that before Expedia Inc. acquired Orbitz, LLC, the phone numbers on Orbitz.com were associated with and operated by Orbitz Worldwide LLC. The Expedia Entities deny all remaining allegations set forth in Paragraph 50.

51.  The Expedia Entities deny the allegations set forth in Paragraph 51.

52.  The Expedia Entities deny the allegations set forth in Paragraph 52.

53.  The Expedia Entities deny the allegations set forth in Paragraph 53.

54.  The Expedia Entities admit that the Websites are advertised on a social media platform that uses pixel events to create advertisements. The Expedia Entities deny all remaining allegations set forth in Paragraph 54.

55.  The Expedia Entities deny all allegations set forth in Paragraph 55.

56.  The Expedia Entities deny all allegations set forth in Paragraph 56.

57.  The Expedia Entities deny all allegations set forth in Paragraph 57.

58.  The Expedia Entities state that the statements allegedly made on the Internet and quoted in Paragraph 58 speak for themselves. To the extent the statements are offered to prove the truth of the matter asserted, the Expedia Entities deny the allegations in Paragraph 58.

59.  The Expedia Entities admit that Plaintiffs purport to represent a putative class and subclass as Plaintiffs have defined them in Paragraph 59. To the extent not expressly admitted, the Expedia Entities deny the allegations set forth in Paragraph 59 and deny that Plaintiffs' claims may properly be brought on behalf of the putative class.

1        60.  The Expedia Entities admit that Plaintiffs purport to represent a class for the period

2   as stated in Paragraph 60. The Expedia Entities deny that Plaintiffs' claims may properly be brought on

3   behalf of the putative class, and therefore deny any allegations set forth in Paragraph 60.

4        61.  The Expedia Entities admit that Plaintiffs purport to exclude from their putative class

5   Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which

6   any Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such

7   excluded persons or entities, and Plaintiffs' attorneys. The Expedia Entities deny that Plaintiffs' claims

8   may properly be brought on behalf of the putative class, and therefore deny any allegations set forth in

9   Paragraph 61.

10        62.  Paragraph 62 purports to contain conclusions of law to which no response is

11   required. To the extent a response is required, the Expedia Entities deny the allegations set forth in

12   Paragraph 62.

13        63.  Paragraph 63 contains conclusions of law to which no response is required. To the

14   extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 63.

15        64.  Paragraph 64 contains conclusions of law to which no response is required. To the

16   extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 64.

17        65.  Paragraph 65 contains conclusions of law to which no response is required. To the

18   extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 65.

19        66.  Paragraph 66 contains conclusions of law to which no response is required. To the

20   extent a response is required, the Expedia Entities deny the allegations set forth in Paragraph 66.

21        67.  The Expedia Entities incorporate by reference each of their preceding responses in

22   answer to Paragraph 67.

23        68.  Paragraph 68 contains conclusions of law to which no response is required. To the

24   extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 68.

25        69.  Paragraph 69 contains conclusions of law to which no response is required. To the

26   extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 69.

27        70.  Paragraph 70 contains conclusions of law to which no response is required. To the

28   extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 70.

DEFENDANTS' ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CIVIL CASE NO.: 16-cv-04721-VC

71.  Paragraph 71 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 71.

72.  Paragraph 72 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 72.

73.  Paragraph 73 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 73 and deny that Plaintiffs are entitled to any relief.

74.  Paragraph 74 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 74 and deny that Plaintiffs are entitled to any relief.

75.  The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 75.

76.  Paragraph 76 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 76.

77.  Paragraph 77 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 77.

78.  Paragraph 78 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 78.

79.  Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 79.

80.  Paragraph 80 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 80.

81.  Paragraph 81 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 81 and deny that Plaintiffs are entitled to any relief.

82.  Paragraph 82 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 82 and deny that Plaintiffs are entitled to any relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

83.  The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 83.

84.  Paragraph 84 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 84.

85.  Paragraph 85 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 85.

86.  Paragraph 86 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 86.

87.  Paragraph 87 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 87 and deny that Buckeye is entitled to any relief.

88.  Paragraph 88 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 88 and deny that Buckeye is entitled to any relief.

89. The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 89.

90.  Paragraph 90 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 90.

91.  Paragraph 91 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 91.

92.  Paragraph 92 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 92.

93.  Paragraph 93 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 93 and deny that Buckeye is entitled to any relief.

94.  Paragraph 94 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 94 and deny that Buckeye is entitled to any relief.

95.  The Expedia Entities incorporate by reference each of their preceding responses in answer to Paragraph 95.

96.  Paragraph 96 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 96.

97.  Paragraph 97 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities deny all allegations set forth in Paragraph 97 and deny that Buckeye is entitled to any relief.

98.  Paragraph 98 contains conclusions of law to which no response is required. To the extent a response is required, the Expedia Entities

99.  The Expedia Entities deny that Plaintiffs are entitled to any relief sought. The Expedia Entities admit that Plaintiffs purport to seek relief as set forth in Paragraph 99, spanning pages 21-23 of the Complaint. The Expedia Entities deny that the Expedia Entities have violated any law or other regulation and deny that Plaintiffs are entitled to any relief sought.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs, the Expedia Entities assert the following defenses to Plaintiffs' alleged causes of actions. Insofar as any of the following expresses denial of an element of any claim against the Expedia Entities, such expression does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claim.

### FIRST DEFENSE

### Consent and/or Ratification

100.  The Mansion, Shiloh, Prospect and putative class members granted the Expedia Entities the right to display their names on the Websites, or granted third-parties the right to grant Expedia Entities the right to display their names on the Websites, and in some circumstances, even agreed to indemnify the Expedia Entities against certain third-party claims relating to the Expedia Entities' use, reproduction, distribution or display of a hotel. In addition, The Mansion, Shiloh, Prospect and putative class members that granted the Expedia Entities the right to display their names on the Websites, or granted third-parties the right to grant Expedia entities the right to display their names on

the Websites, had actual and/or constructive knowledge of the circumstances on which the Amended Complaint is based. The Mansion, Shiloh, Prospect and putative class members that granted the Expedia Entities the right to display their names on the Websites, or granted third-parties the right to grant Expedia Entities the right to display their names on the Websites, expressly and/or impliedly accepted those circumstances and/or ratified the conduct of which they now complain, and as a result, are barred from any recovery.

## SECOND DEFENSE

### Unclean Hands

101.    Putative class members that granted the Expedia Entities the right to display their names and availability on the Websites, or granted third-parties the right to grant Expedia Entities the right to display their names and availability on the Websites, and promised, but failed, to make all unbooked rooms available for display on and booking through websites including the Expedia Entities' websites (i.e., last room availability) caused the harm of which they now complain and are barred from recovering resulting damages, if any.

## THIRD DEFENSE

### Set-Off

102.    Putative class members that contracted with the Expedia Entities to display their availability on the Websites and promised, but failed, to make all unbooked rooms available for display on and booking through the Expedia Entities' websites (i.e., last room availability) caused the harm of which they now complain. As a result, any purported harm to these properties should be off-set against damages for breach of contract.

## FOURTH DEFENSE

### Failure to Mitigate

103.    Plaintiffs' claimed damages, if any, are not recoverable because Plaintiffs have failed to mitigate or avoid said damages. Similarly, members of the putative class that Plaintiffs seek to represent failed to mitigate their claimed damages, if any.

## FIFTH DEFENSE

### Statute of Limitations

104.    California's Unfair Competition Law is subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. California's False Advertising Law is subject to three year statute of limitations. *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 534 (N.D. Cal. 2012) (citing Cal. Code of Civ. Proc. § 338(a)). The Lanham Act does not have its own statute of limitations, so the Ninth Circuit applies the statute of limitations for analogous claims in the state in which the claim arose. *W. States Wholesale, Inc. v Synthetic Indus., Inc.*, 206 F.R.D. 271, 278-79 (C.D. Cal. 2002); *see also Aoki v. Gilbert*, 2014 WL 3689345, at *11 (E.D. Cal. Jul. 23, 2014) (applying three-year statute of limitations to false advertising claims). The relevant statutes of limitations will vary based on the claim at issue, the state in which the claim arose, and the date on which each class member's claim is alleged to have arisen, but Plaintiffs and the putative class members' claims are barred, in whole or in part, or are limited by the applicable statute(s) of limitations.

## SIXTH DEFENSE

### Waiver, Estoppel, Laches

105.    Plaintiffs and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## SEVENTH DEFENSE

### Third-Party Liability

106.    The injuries alleged by Plaintiffs and the putative class members, to the extent any exist, were caused in whole or in part by the conduct of third parties for whom the Expedia Entities were not responsible, or through acts or omissions on the part of Plaintiffs and the putative class members.

## EIGHT DEFENSE

### Improper Venue

107.    To the extent the putative class includes parties to contracts with the Expedia Entities, those parties are subject to the choice of forum and venue selection provisions in those contracts, which generally require that claims be brought in courts in King County, Washington. Claims by any such parties should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, having stated its answer and affirmative defenses, the Expedia Entities pray for relief as follows:

1. That this lawsuit be dismissed with prejudice;

2. That no class action be permitted under Fed. R. Civ. P. 23 and no class certified under Fed. R. Civ. P. 23(c);

3. For attorneys' fees and costs as permitted by law; and

4. For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

The Expedia Entities request a trial by jury on all issues raised by the Complaint that are properly triable to a jury.


November 26, 2018                         COVINGTON & BURLING LLP

                                          By: */s/          Emily J. Henn*
                                          Emily Johnson Henn
                                          Megan L. Rodgers
                                          3000 El Camino Real
                                          5 Palo Alto Square
                                          Palo Alto, CA 94306
                                          Telephone: 650-632-4700
                                          Facsimile: 650-632-4800
                                          Email: ehenn@cov.com

                                          Simon J. Frankel
                                          Richard B. Oatis
                                          One Front Street, 35th Floor
                                          San Francisco, CA 94111
                                          Telephone: 415-591-7078
                                          Facsimile: 415-955-6578
                                          Email: sfrankel@cov.com

                                          *Attorneys for Defendants Expedia, Inc.,*
                                          *Hotels.com, L.P., Hotels.com GP, LLC,*
                                          *Orbitz, LLC, Venere Net S.R.L. dba*
                                          *Venere Net, LLC, and Expedia Australia*
                                          *Investments Pty Ltd.*