EMILY JOHNSON HENN (SBN 269482)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

SIMON J. FRANKEL (SBN 171552)
CORTLIN H. LANNIN (SBN 266488)
RICHARD B. OATIS (SBN 307701)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: sfrankel@cov.com

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P.,
Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.R.L. dba
Venere Net, LLC, and Expedia Australia Investments Pty Ltd.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EXPEDIA, INC., HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, LLC, VENERE NET S.R.L DBA VENERE NET, LLC, and EXPEDIA AUSTRALIA INVESTMENTS PTY LTD.,<br><br>    Defendants. | Civil Case No.: 16-cv-04721-VC<br><br>**DEFENDANTS' OPPOSITION TO PROFESSIONAL ASSOCIATION OF INNKEEPERS INTERNATIONAL'S AND ASSOCIATION OF INDEPENDENT HOSPITALITY PROFESSIONALS' MOTIONS FOR LEAVE TO FILE AMICUS SUBMISSIONS (DKT NOs. 154 AND 155)** |

Pursuant to Civil Local Rule 7-11(b), Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.R.L. dba Venere Net, LLC, and Expedia Australia Investments Pty Ltd.,

(collectively, "Expedia") hereby respond to the motions for leave to file amicus submissions filed by the Professional Association of Innkeepers International ("PAII"), Dkt. No. 154, and the Association of Independent Hospitality Professionals ("AIHP"), Dkt. No. 155.

The proposed amicus submissions, in the form of letters from the respective presidents of PAII and AIHP, do not comply with principles governing amicus submissions.  The proposed submissions constitute an improper attempt by proposed amici, who appear to be working closely with Plaintiffs' counsel, to put unreliable and inadmissible material before the Court without the disclosures that parties to the case are required to make under the Federal Rules for such evidence.

## I.   THE MOTIONS ARE PROCEDURALLY DEFICIENT.

District courts have inherent authority to allow or deny amicus briefs.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995). While there is no Federal Rules of Civil Procedure that governs motions for leave to file amicus briefs in district courts, trial courts evaluating such motions often look to Federal Rule of Appellate Procedure 29.  *See, e.g.*, *Colony Cove Props., LLC v. City of Carson*, 2009 WL 10678594, at *1 n.1 (C.D. Cal. Nov. 24, 2009).  PAII and AIHP's motions for leave and proposed briefs contravene the process and requirements set out by Rule 29.

Rule 29 requires that the motion for leave must be filed "no later than 7 days after the principal brief of the party being supported is filed" and that the brief itself must contain a statement as to whether "a party's counsel authored the brief in whole or in part."  Fed. R. App. P. 29(a)(6), 29(a)(4)(E)(i). These requirements help protect the opposed party by providing it time to prepare a response to an amicus brief and allowing it the opportunity to investigate the relationship and potential coordination between the amicus curiae and the other party.

Here, PAII and AIHP submitted their motions several months after Plaintiffs' principal brief was filed (August 17, 2018) and a mere two days before the scheduled hearing (notwithstanding that PAII's letter, dated November 21, 2018, appears to have been finalized five days earlier.  Expedia is left with little time to respond to the motions, let alone to the proposed submissions.

As to Plaintiffs' involvement with these submissions, neither Expedia nor the Court can tell, given PAII and AIHP's failure to provide a statement regarding whether a party's counsel was involved

in authoring the proposed submissions. However, Expedia believes it is highly likely Plaintiffs' counsel and the proposed amici are closely coordinated and working together. First, both proposed submissions cryptically refer to the associations being respectively "notified" or "made aware" of this class action in May and June of 2018, and PAII's proposed submission says it "was asked to survey innkeepers"—but does not say by whom. Dkt. 154-1 at 2 of 3; Dkt 155-1 at 2 of 3. Both submissions say the associations asked their members if they were willing to "share their experience" with Plaintiffs' counsel. *See* Dkt. 154-1 at 2 of 3; Dkt 155-1 at 3 of 3. Of course, this occurred right around the time of the Court's denial of Plaintiffs' original motion to certify, and outreach of Plaintiffs' counsel to potential new named plaintiffs. Indeed, the owners of both Prospect and Shiloh testified at their depositions that they took the PAII survey and were shortly thereafter contacted by Plaintiffs' counsel about participating in this lawsuit. *See* Ex. 1 at 96:12-97:13; Ex. 2 at 212:16-213:5. The owner of Prospect testified that PAII "helped create a survey *for Joel's Office*"—referring to Plaintiffs' counsel. Ex. 2 at 212:23-24 (emphasis added).

Yet while this all apparently occurred back in May and June 2018, Plaintiffs made no mention of an intent to rely on these "surveys" at the time of their renewed motion for class certification filing on August 17, 2018. Dkt. 126. And the proposed amici, while coordinating with Plaintiffs' counsel, waited until two days before the scheduled hearing to seek to submit this information to the Court. "When the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993).

## II. THE MOTIONS SEEK TO OFFER INADMISSIBLE SURVEY EVIDENCE THAT SHOULD HAVE BEEN TIMELY DISCLOSED.

Beyond the procedural deficiencies, the amicus briefs of PAII and AIHP are little more than vaguely disguised attempts to present inadmissible and unreliable survey evidence while avoiding the survey expert disclosure requirements set out in the Federal Rules.

Contrived and self-serving surveys that do not meet the Rule 702 standard are not admissible. *See, e.g.*, *Am. Footwear Corp. v. Gen. Footwear Co.*, 609 F.2d 655, 660 n.4 (2d Cir. 1979), cert. denied, 445 U.S. 951 (1980) (trial court properly excluded survey which contained self-serving questions and

which failed to duplicate actual marketing conditions); *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 572290, at *4–5 (N.D. Cal. Feb. 11, 2014) (finding consumer survey did not meet Rule 702 standard); *Pittsburgh Press Club v. United States*, 579 F.2d 751, 759-60 (3d Cir. 1978) (survey that "was neither objective, scientific nor impartial . . . was hearsay, and was not admissible").

Here, the proffered survey "evidence" is selectively presented without any ability for Expedia or the Court to evaluate or test the survey's methodology or results. Even so, a cursory review of the survey "results" reveals numerous deficiencies:

1. Neither PAII nor AIHP disclosed the survey instrument or questions, so there is no way to tell whether the questions were posed in a neutral or leading manner;

2. Neither PAII nor AIHP disclosed the number of people to whom the survey was sent, so there is no way to evaluate the size of those universes or the response rates. Further, AIHP did not even provide the raw number of survey respondents.

3. Both PAII and AIHP presented their percentages in an ambiguous and unclear manner, making it difficult if not impossible to determine what the numbers refer to. For example, in the AIHP proposed submission, is "53%" a reference to a proportion of "those surveyed" (or to those who responded to the survey) or to the "56%" previously referenced? *See* Dkt. 155-1 at 2 of 3. Similarly, in the PAII proposed submission, is the "73%" a reference to a proportion of the "54 respondents" or to a proportion of the "38%" previously referenced? *See* Dkt. 154-1 at 2 of 3.

4. Neither "survey" seems to have included any type of control, weighting, statement of margin of error, statement of sample size, or non-response bias analysis as is standard practice and required to have confidence in results of a survey. *See* Dkt. 103 at 2:18-21, 20:18-28.

Biased surveys "designed and administered by counsel in the midst of ligation" where "interviewees knew the survey was related to the litigation" are particularly disfavored and rejected as inadmissible because "[t]aken together, these factors plainly demonstrate that the results from the survey are not the 'product of reliable principles and methods,' and therefore are not the type of evidence that would be 'reasonably relied upon by experts.'" *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 197 (N.D. Cal. 2004) (citing Fed. R. Evid. 702, 703); *see also Sandoz, Ltd. v. Omware, Inc.*, 12 F.3d 1108 (9th Cir.

1993) (Table) (error to admit and rely on survey that "was not independently conducted by an expert to ensure trustworthiness . . . but by a paralegal employed by [] counsel, who was aware of the litigation").

Plaintiffs' counsel, even while working with proposed amici on these "surveys" in May or June of this year, avoided providing information about the results on a schedule when Expedia might have pursued discovery. Of course, the proposed submissions are inadmissible hearsay—with no indicia of reliability—and are not properly subject to judicial notice. And they do not come close to meeting the requirements of Federal Rules of Evidence 702. *Dukes v. Wal-Mart*, 222 F.R.D. at 197 (collecting cases where "courts have refused to allow surveys made under such circumstances, usually rejecting them on grounds of being unreliable hearsay"). In any case, to meet such requirements, the information would have to be disclosed in compliance with Rule 26, which it was not. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (failure to comply with Rule 26 disclosure requirements was not substantially justified nor harmless and warranted preclusion of expert testimony).

Had it been given the opportunity, Expedia would have sought discovery as to the "surveys" by PAII and AIHP—the associations' communications with Plaintiffs' counsel; what association members were actually asked and how they responded; what the percentages in the proposed submissions are meant to refer to; etc.—that would have elicited whether these proposed submissions have any evidentiary value at all. As it is, there is simply no way for Expedia or the Court to assess or place any weight on these vague, belated, and procedurally improper submissions.

### III. CONCLUSION

The Motions for Leave to File Amicus Curiae Submissions should be denied.

|   |   |
|---|---|
| | Respectfully submitted, |
| November 30, 2018 | COVINGTON & BURLING LLP |
| | By: */s/ Emily Johnson Henn* |
| | Emily Johnson Henn |
| | Megan L. Rodgers |
| | 3000 El Camino Real |
| | 5 Palo Alto Square |
| | Palo Alto, CA 94306 |
| | Telephone: 650-632-4700 |
| | Facsimile: 650-632-4800 |
| | Email: ehenn@cov.com |
| | |
| | Simon J. Frankel |
| | Cortlin H. Lannin |
| | Richard B. Oatis |
| | One Front Street, 35th Floor |
| | San Francisco, CA 94111 |
| | Telephone: 415-591-7078 |
| | Facsimile: 415-955-6578 |
| | Email: sfrankel@cov.com |

*Attorneys for Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, LLC, Venere Net S.R.L. dba Venere Net, LLC, and Expedia Australia Investments Pty Ltd.*