**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, PROSPECT HISTORIC HOTEL, and SHILOH MORNING INN, LLC, a Oklahoma limited liability company, individually and on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No. 3:16-cv-04721-VC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY'S FEES AND COSTS, AND INCENTIVE AWARDS**<br><br>Date:         March 25, 2021<br>Time:        2:00 p.m.<br>Courtroom: 4, 17th Floor<br>Judge:       Hon. Vince Chhabria |

**[PROPOSED] ORDER**

Plaintiffs' Unopposed Motion for Approval of Class Action Settlement came on for regularly scheduled hearing before this Court as noticed. Having considered the Parties' briefs, supporting evidence, and other documents, and good cause having been shown, the Court hereby **ORDERS** as follows:

1. The Court confirms its certification of the Rule 23(b)(2) class and its finding that the requirements of numerosity, commonality, typicality, and adequacy had been established for a California Rule 23(b)(2) class; that the California class was ascertainable; and that questions of law and fact common to all Class Members predominated over questions affecting only individual members.

2. The Court confirms the appointment of the law firms Patterson Law Group, APC, Cuneo Gilbert & LaDuca, LLP, Pratt & Associates, and Richa Law Group, P.C. as Class Counsel.

3. The Court confirms the appointment of David Pfau, Ted Spero, Dennis Villavicencio, and Fred Wickman as Class Representatives.

4. The class action settlement is approved. It is fair, adequate, and reasonable, and it meets the requirements of Rule 23(e)(2) and the standards set by the Ninth Circuit in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) and its progeny. Specifically, the Court finds that the following relevant factors weigh in favor of approval: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; and (6) the experience and views of counsel.

5. Notice is not required for this Rule 23(b)(2) class. The terms of the Settlement provide for injunctive relief only and specifically preserve the Class Members' rights to bring claims for monetary damages of any kind. Class Members do not have the right to opt out. As a result, notice is not required. *Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-cv-02911-JSC, 2019 U.S. Dist. LEXIS 13309, 2019 WL 343472, at *10 (N.D. Cal. Jan. 28, 2019); *Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2018 U.S. Dist. LEXIS 17138, at *9 (N.D. Cal. Jan. 25, 2018); *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 U.S. Dist. LEXIS 34498, 2015 WL 1248027, at *25-26 (N.D. Cal. Mar. 18, 2015). And because notice is not required, neither is a preliminary approval hearing. *See*

*Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *15; *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 U.S. Dist. LEXIS 58451, at *11 (N.D. Cal. May 4, 2015); *Kim v. Space Pencil, Inc.*, No. C 11-037996 LB, 2012 U.S. Dist. LEXIS 169922, 2012 WL 5948951, at *17 ("[T]he reaction of class members is not relevant here because notice [is] not required under Federal Rule of Civil Procedure 23(e) and there is no binding effect on the Class nor is there a release being provided.").

6. The Court enters the injunction as defined in the Parties' settlement agreement as follows:

    a. Expedia shall implement, within thirty (30) days of the entry of this Approval Order, the following injunctive relief:

        i. Expedia shall use best efforts to ensure that properties with which Expedia does not have a contract and that have no relationship with a third party provider to the Websites ("class member properties") do not appear in search results on the Websites with unavailability messaging or on a property details page with unavailability messaging. Recognizing that technology is evolving, best efforts may include steps currently taken by Expedia and those that have been implemented since the filing of this Action, such as contractually requiring third party providers to notify Expedia when a hotel terminates its relationship with that third party and using technological controls to prevent hotels from appearing in search results when third parties notify Expedia that a hotel has terminated its relationship with that third party. Nothing in this Paragraph 4(a)(i) shall prevent Expedia from taking different or additional steps to ensure that class member properties do not appear in search results with unavailability messaging or on property details pages with unavailability messaging. To the extent that Expedia becomes aware that a class member property is appearing next to unavailability messaging, Expedia shall act promptly to remove that property from its Websites.

        ii. Expedia shall remove from the Websites any property that terminates its contract with Expedia and that is not available to Expedia through a third party provider to the Websites.

    iii. Expedia shall use best efforts to ensure that search engine marketing, search engine optimization, and social media advertisements for the Websites do not identify by name class member properties that are not in and of themselves attractions.

    iv. To the extent it has not already done so, Expedia will notify all third party providers that when a hotel with which the third party has contracted terminates its agreement with that third party, the third party must provide accurate availability information to Expedia to allow it to remove the property from the Websites.

  b. The terms of this injunction shall be in effect for three (3) years from the Approval Date.

7. The Court approves the stipulated Attorney's Fees and Costs award of $2,100,000.

8. The Court approves the stipulated Incentive Awards of $12,500 for each of the four Class Representatives.

**IT IS SO ORDERED.**

DATED: _____    _____
                    The Honorable Vince Chhabria
                     UNITED STATES DISTRICT JUDGE