1  James R. Patterson, CA State Bar No. 211102
   Jennifer M. French, CA State Bar No. 265422
2  PATTERSON LAW GROUP, APC
   1350 Columbia Street, Suite 603
3  San Diego, CA 92101
   Telephone: (619) 756-6990
4  Facsimile: (619) 756-6991
   jim@pattersonlawgroup.com
5  jenn@pattersonlawgroup.com

6  *Attorneys for Plaintiffs and the Class*

7  [Additional counsel on signature page]

8

9                    **UNITED STATES DISTRICT COURT**

10              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  BUCKEYE TREE LODGE AND SEQUOIA          Case No. 3:16-cv-04721-VC
    VILLAGE INN, LLC, a California limited
13  liability company, 2020 O STREET        **CLASS ACTION**
    CORPORATION, INC, D/B/A THE MANSION
14  ON O STREET, PROSPECT HISTORIC          **MEMORANDUM OF POINTS AND**
    HOTEL, and SHILOH MORNING INN, LLC, a   **AUTHORITIES IN SUPPORT OF PLAINTIFFS'**
15  Oklahoma limited liability company,      **UNOPPOSED MOTION FOR APPROVAL OF**
    individually and on behalf of themselves and all  **CLASS ACTION SETTLEMENT, ATTORNEY'S**
16  others similarly situated,               **FEES AND COSTS, AND INCENTIVE AWARDS**

17          Plaintiffs,                      Date:       March 25, 2021
                                             Time:       2:00 p.m.
18  vs.                                      Courtroom:  4, 17th Floor
                                             Judge:      Hon. Vince Chhabria
19
    EXPEDIA, INC., a Washington corporation;
20  HOTELS.COM, L.P., a Texas limited
    partnership; HOTELS.COM GP, LLC, a Texas
21  limited liability company; ORBITZ, LLC, a
    Delaware limited liability company,
22
23          Defendants.

24

25

26

27

28

# TABLES OF CONTENTS

I.    INTRODUCTION ...........................................................................................................1

II.   RELEVANT BACKGROUND ......................................................................................3

    A.   Plaintiffs' Claims ..............................................................................................3

    B.   Class Certification and Summary Judgment......................................................3

    C.   Mediations and Settlement Conference. ............................................................4

III.  NOTICE IS NOT REQUIRED .....................................................................................5

IV.   THE COURT SHOULD APPROVE THE SETTLEMENT ..........................................6

    A.   The Injunctive Relief Provided to Class Members ...........................................6

    B.   Strength of Plaintiffs' Case and Risk of Continued Litigation .........................7

    C.   Extent of Discovery and Stage of Proceedings.................................................8

    D.   The Experience of Class Counsel .....................................................................8

V.    THE COURT SHOULD AWARD THE REQUESTED ATTORNEY'S FEES AND
    COSTS ..........................................................................................................................9

    A.   The Parties' Agreement for Payment of Attorney's Fees and Costs is Appropriate
       and Should Be Enforced ....................................................................................9

    B.   Class Counsel's Requested Attorney's Fees and Costs Award Is Properly
       Calculated Under the Lodestar Method ...........................................................10

        1.   *Counsel's Hourly Rates Are Reasonable* ...........................................11

        2.   *The Number of Hours Claimed Is Reasonable* ...................................12

        3.   *The Requested Fee is Particularly Reasonable In Light of the Complex
          Nature of the Litigation and the Substantial Risks of Nonpayment* ......13

    C.   Class Counsel's Costs Are Reasonable and Necessarily Incurred....................14

VI.   THE REQUESTED INCENTIVE AWARDS FOR CLASS REPRESENTATIVES ARE
    REASONABLE ...........................................................................................................15

VII.  CONCLUSION............................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) ..................................................11

*Blum v. Stenson,*
   465 U.S. 886 (1984) ...........................................................................................................................9

*Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991) ...........................................12

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ............................................11

*Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) ........................................11

*Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 579 (9th Cir. 2004) .....................................................6

*Civil Rights Educ. and Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15-cv-
   00216-DMR, 2016 U.S. Dist. LEXIS 37256, 2016 WL 1177950, at *17 ..........................11

*Class Plaintiffs v. City of Seattle*, 955 f.2d 1268, 1276 (9th Cir. 1992) ...........................................6

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 956 (9th
   Cir. 2002) ............................................................................................................................................12

*DL v. District of Columbia*, 302 F.R.D. 1, 17 (D.D.C. 2013) ............................................................5

*Evans v. Jeff D.*
   475 U.S. 717 (1986) ...........................................................................................................................9

*G.F. v. Contra Costa Cty.*, No. 13-cv-03667-MEJ, 2015 U.S. Dist. LEXIS 159597, 2015
   WL 7571789, at *43 .........................................................................................................................11

*Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 U.S. Dist. LEXIS 8746, 2007
   WL 221862, at *50 ...........................................................................................................................15

Goldkorn *v. Cnty. Of San Benardino*, No. EDCW 06-707-VAP (OPx), 2012 U.S. Dist.
   LEXIS 17934, 2012 WL 476279, at *32 ........................................................................................7

*Grant v. Capital Mgmt. Servs., L.P*, No. 10-V-2471-WQH (BQH), 2014 U.S. Dist. LEXIS
   29836, 2014 WL 888665, at *11 (S.D. Cal. Mar. 5, 2014) ..........................................................7

*Green v. Am. Express Co.*, 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001) ..............................................5

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998) ..............................4, 6, 10

*Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) .........................................................................14

*Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 U.S. Dist. LEXIS 13797, 2012
   WL 381202, at *24 ...........................................................................................................................15

*Hensley v. Eckerhart* (1983) 461 U.S. 424 .................................................................................9, 14

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 ......................................................8, 10

*In re High-Tech Emple. Antitrust Litig.*, 2015 U.S. Dist. LEXIS 118052, at *33 ......................11

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) .......................................8

*In re Omnivision*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ..........................................8

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ...........................................8

*In re Wash. Public Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1995) ...................................................................................14

*Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 214 CM, 2012 U.S. Dist. LEXIS 90289,
   2012 WL 2505644, at *32 (S.D.N.Y. June 27, 2012) ...................................................5

*Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ...........................................................11

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) .................................10, 13

*Kim v. Space Pencil, Inc.*, No. C 11-037996 LB, 2012 U.S. Dist. LEXIS 169922, 2012
   WL 5948951, at *17 .............................................................................................5, 8

*Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 U.S. Dist. LEXIS 34498, 2015 WL
   1248027, at *24 ........................................................................................................5

*Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 U.S. Dist. LEXIS 58451, at *11
   (N.D. Cal. May 4, 2015) ...................................................................................... passim

*Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. 1986) ....................................................5

*Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 572 (S.D. Ohio 1983) .........................................5

*Morales v. City of San Rafael*, 96 F.3d 359, 363-64, n.8 (9th Cir. 1996) .................................10

*Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-cv-02911-JSC, 2019 U.S.
   Dist. LEXIS 13309, 2019 WL 343472, at *8 ......................................................4, 5, 7

*O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2016 U.S. Dist. LEXIS
   44131, 2016 WL 1255454, at *322 ............................................................................13

*Officers for Justice v. Civil Serv. Committee'n of City & Cty. Of San Francisco*, 688 F2d
   615, 625 (9th Cir. 1982) ............................................................................................6

*Penland v. Warren Cty. Jail*, 797 F.2d 332, 334 (6th Cir. 1986) ...............................................5

*Powers v. Eichen*,
   229 F.3d 1249, 1256 (9th Cir. 2000) .........................................................................14

*Roberts v. City & County of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) .........................11

*Rodriguez v. W. Pub'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ..........................................7, 8

*Stanger v. China Electric Motor, Inc.*,
   812 F.3d 734 (9th Cir. 2016) ................................................................................9, 13

*Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2018 U.S. Dist. LEXIS
   17138, at *7 (N.D. Cal. Jan. 25, 2018). ...........................................................5, 6, 7, 8

*Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2018 U.S. Dist. LEXIS 6014, 2018 WL 1710075, at \*5 (N.D. Cal. Apr. 9, 2018) ....................................................... 7

*Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) ......................................................... 14

*Stetson v. Grissom,*
821 F.3d 1157 (9th Cir. 2016) ................................................................................. 13

*Taafua v. Quantum Global Techs., LLC*, 2021 U.S. Dist. LEXIS 28754, 2021 WL 579862, at \*7 (N.D. Cal. Feb. 16, 2021) ............................................................................... 6

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ......................... 11

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) ................................... 15

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) ..................................... 10, 13

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) .................................................... 5

*Whiteway v. Fedex Kinkos Office & Print Servs.,*
No. C 05-2320 SBA, 2007 U.S. Dist. LEXIS 95398 (N.D. Cal. Dec. 17, 2007) .............................. 16

*Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 887 (9th Cir. 2010) ...................................... 10

**Statutes**

California Business & Professions Code § 17200 ............................................................... 3

**Rules**

15 U.S.C. § 1117(a) ........................................................................................... 9

15 U.S.C. § 1125 .......................................................................................... 1, 3

Federal Rule of Civil Procedure 23 ...................................................................... passim

## I.  INTRODUCTION

Through this unopposed motion, Plaintiffs Buckeye Tree Lodge and Sequoia Village Inn, LLC, 2020 O Street Corporation, Inc. D/B/A The Mansion on O Street, Prospect Historic Hotel, and Shiloh Morning Inn, LLC seek approval of a class action Settlement[1] for alleged false advertising under the Lanham Act, 15 U.S.C. § 1125. The Settlement provides sweeping injunctive relief that requires Expedia[2] to implement safeguards to prevent Class Member hotels from being improperly advertised as unavailable, to remove Class Member hotels from its websites, to prevent Expedia's search engine marketing from identifying Class Member hotels, and to maintain the changes to its advertising policies that it implemented as a result of Plaintiffs' lawsuit. Specifically, the Settlement requires Expedia to:

- contractually require that third party providers notify Expedia when a hotel terminates its relationship with that third party;

- use technological controls to prevent hotels from appearing in search results when third parties notify Expedia that a hotel has terminated its relationship with that third party;

- remove from its websites any property that terminates its contract with Expedia and that is not available to Expedia through a third party provider to the websites;

- use best efforts to ensure that search engine marketing, search engine optimization, and social media advertisements for the Websites do not identify by name Class Member properties that are not in and of themselves attractions;

- notify all third party providers that when a hotel with which the third party has contracted terminates its agreement with that third party, the third party must provide accurate availability information to Expedia to allow it to remove the property from the Websites; and

- if Expedia becomes aware that a Class Member property is appearing next to unavailability messaging, Expedia shall act promptly to remove that property from its websites.

---

[1] The Settlement Agreement is attached as Exhibit 1 to the Patterson Declaration, filed concurrently.

[2] Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., and Hotels.com GP, LLC, and Venere Net S.r.L. are collectively referred to as "Expedia."

This injunctive relief Settlement remedies the allegedly unlawful practices, prevents Expedia from engaging in similar behavior in the future, and specifically preserves Class Members' rights to seek monetary legal recourse. It is fair, reasonable, adequate, and an excellent result both for Class Member hotels and for consumers across the country.

Before agreeing to the Settlement, the Parties engaged in intense litigation for nearly five years. The Parties conducted extensive rounds of written discovery, Expedia produced over twelve thousand pages of documentary evidence, and the Parties took depositions of over twenty witnesses, including multiple experts. The Parties filed numerous motions, including two motions for class certification, competing motions for summary judgment, and two motions to exclude Plaintiffs' expert witness. Plaintiffs successfully obtained certification of a Class of hotels under Rule 23(b)(2) of the Federal Rules of Civil Procedure.[3] The Parties attended two private mediations with the Honorable Edward Infante (Ret.) and a settlement conference with Magistrate Judge Kandis A. Westmore. With the assistance of these experienced neutrals, the Parties reached agreement on the material terms of the settlement of the Action.

Through the arm's-length negotiations at mediation, and after the Parties agreed to the language in the proposed injunction, the Parties agreed that Plaintiffs may seek approval of their request for Attorney's Fees and Costs in the amount of $2,100,000, which is significantly less than Class Counsel's actual lodestar of $5,182,582.50 and litigation costs of $854,821.11. The requested amount was a mediator's proposal by Judge Infante that was accepted by all Parties, and it is fair and reasonable considering the results achieved, efforts taken, and risks assumed by Class Counsel. Plaintiffs also seek Incentive Awards in the amount of $12,500 each, which Expedia does not oppose. This is also fair and reasonable given the circumstance of this case. Plaintiffs willingly put their reputations and their livelihoods on the line by taking on the responsibilities of Class Representatives in a lawsuit against the biggest player in the game. As the litigation progressed and the costs mounted, so did their risk in the event Expedia prevailed. Although they could have almost certainly settled individually for far more than $12,500, Plaintiffs stood firm on behalf of the Class throughout the litigation. They should be recognized

---

[3] Further unspecified references to Rule(s) refer to the Federal Rules of Civil Procedure.

MEMO I/S/O UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 16-cv-04721-VC

and rewarded for their efforts.

The Settlement provides significant benefits to the Class and to the general public, as travelers will no longer be misled as to the availability of Class Member hotels that are not bookable on Expedia's websites. As discussed below, the Court does not need to order notice of the injunctive-relief only settlement to the Class, which has already been certified. As a result, the Court may properly evaluate the factors relevant to final approval without a preliminary ruling. Each of those factors weighs in favor of approving the Settlement. Plaintiffs therefore request that the Court approve the Settlement, enter the stipulated injunction, appoint Plaintiffs as Class Representatives and Plaintiffs' Attorneys as Class Counsel, and affirm the requested Attorney's Fees and Costs and Incentive Awards.

## II.   RELEVANT BACKGROUND

### A.   Plaintiffs' Claims

Plaintiff Buckeye Tree Lodge filed its complaint on August 16, 2016 alleging causes of action for (1) Violation of the Lanham Act,  15 U.S.C. § 1125 (False Association); (2) Violation of the Lanham Act,  15 U.S.C. § 1125 (False Advertising); (3) Violation of California Business & Professions Code § 17200, *et seq*. (Unfair Competition); (4) Violation of California Business & Professions Code § 17500, *et seq*. (False Advertising); (5) Intentional Interference with Prospective Economic advantage; (6) Negligent Interference with Prospective Economic advantage and (7) Unjust Enrichment and Restitution. (ECF No. 1.) Plaintiff Buckeye filed a First Amended Complaint on September 16, 2016 (ECF No. 12), and on January 12, 2017, the Court dismissed Plaintiff Buckeye's interference claims (ECF No. 46.) On May 5, 2017, Plaintiffs Buckeye and the Mansion filed a consolidated complaint after the Court deemed the two cases related. (ECF No. 62.) They filed a First Amended Consolidated Complaint on July 17, 2017 (ECF No. 72), and the Court denied Expedia's second motion to dismiss on October 11, 2017 (ECF No. 87.) On October 17, 2018, the Court granted Plaintiffs Prospect and Shiloh's request to intervene (ECF No. 144) and Plaintiffs filed the operative Second Amended Consolidated Complaint on November 9, 2018 (ECF No. 147).

### B.   Class Certification and Summary Judgment

On May 17, 2018, the Court denied Plaintiffs' first motion to certify the Class with prejudice. (ECR No. 118.) On March 13, 2019, the Court granted in part and denied in part Plaintiffs' renewed

motion for class certification of the Lanham Act false advertising claim and certified the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 164.) On September 9, 2020, the Court issued its order clarifying the Class definition, denying in part the Parties' cross-motions for summary judgment, and denying Expedia's motion to exclude Plaintiffs' expert witness. (ECF No. 229.) The certified Class consists of hotels that do not have booking agreements with Expedia and are not capable of being booked through Expedia, but appear on Expedia's websites. (Patterson Decl. Ex. 1 at ¶ 1(c); see also ECF Nos. 164, 229.) The definition includes hotels that appeared on Expedia's websites when they were not capable of being booked through Expedia at some point during the Class Period, regardless of whether they previously had booking agreements with Expedia or later entered into agreements with Expedia that gave Expedia booking capabilities. (Patterson Decl. Ex. 1 at ¶ 1(c).) In addition, it includes hotels about whom Expedia will make similar statements in the future despite being incapable of booking rooms at those hotels. (*Id.*)

In so doing, the Court found that the Rule 23(b)(2) Class met the requirements of Rule 23(a) and (b)—namely, that the requirements of numerosity, commonality, typicality, and adequacy had been established; that the Rule 23(b)(2) Class was ascertainable; and that questions of law and fact common to all Class Members redenominated over questions that only affected individuals. (ECF No. 164.) The facts that would affect these requirements have not changed since the Court's March 13, 2019 order, and as a result, Plaintiffs have met the initial threshold for approval of this Settlement. *See Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-cv-02911-JSC, 2019 U.S. Dist. LEXIS 13309, 2019 WL 343472, at *8 (N.D. Cal. Jan. 28, 2019) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998)).

### C.      Mediations and Settlement Conference.

On February 5, 2018, the Parties attended their first mediation with Judge Infante and agreed to initial language for a voluntary injunction. (Patterson Decl. ¶ 7.) The only dispute that remained was the amount of attorney's fees and costs, which Plaintiffs were at all times willing to present to the Court in a contested motion. (*Id.*) At the Court's suggestion, the Parties attended a further settlement conference with Magistrate Judge Kandis A. Westmore in July of 2019. (*Id.*) The Parties were again unable to reach a resolution. On December 3, 2020, the Parties attended a second mediation with Judge Infante.

(Patterson Decl. ¶ 8.) After finalizing the terms in the proposed Injunction, Judge Infante suggested a mediator's proposal that included the provisions for Attorney's Fees and Costs and Incentive Awards, which was accepted by all Parties. (Patterson Decl. ¶¶ 8-9 & Ex. 1.)

## III.    NOTICE IS NOT REQUIRED

The Court certified this action under Rule 23(b)(2). Unlike a Rule 23(b)(3) class, where notice is required, Rule 23(c)(2) gives the trial court discretion to determine when notice is appropriate for classes certified under Rule 23(b)(1) or (b)(2). *Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2018 U.S. Dist. LEXIS 17138, at *7 (N.D. Cal. Jan. 25, 2018). Courts in this district typically do not require notice in Rule 23(b)(2) actions like this one because the Class does not have a right to opt out and the settlement does not release the Class Members' monetary claims. *Id.* at *8; *Moreno*, 2019 U.S. Dist. LEXIS 13309, at *9; *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 U.S. Dist. LEXIS 34498, 2015 WL 1248027, at *24-25 (N.D. Cal. Mar. 18, 2015); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011). Indeed, federal courts across the country have uniformly held that notice is not required for injunctive relief settlements under Rule 23(b)(2). *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *8-9 (citing *Penland v. Warren Cty. Jail*, 797 F.2d 332, 334 (6th Cir. 1986); *DL v. District of Columbia*, 302 F.R.D. 1, 17 (D.D.C. 2013); *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 214 CM, 2012 U.S. Dist. LEXIS 90289, 2012 WL 2505644, at *32 (S.D.N.Y. June 27, 2012); *Green v. Am. Express Co.*, 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001); *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. 1986); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 572 (S.D. Ohio 1983)).

Here, the terms of the Settlement provide for injunctive relief only and specifically preserve the Class Members' rights to bring claims for monetary damages of any kind. (Patterson Decl. Ex. 1 at ¶ 8.) Class Members do not have the right to opt out. As a result, notice is not required. *Moreno*, 2019 U.S. Dist. LEXIS 13309, at *10; *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *9; *Lilly*, 2015 U.S. Dist. LEXIS 34498, at *25-26. And because notice is not required, neither is a preliminary approval hearing. *See Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *15; *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 U.S. Dist. LEXIS 58451, at *11 (N.D. Cal. May 4, 2015) (*Lilly II*); *Kim v. Space Pencil, Inc.*, No. C 11-037996 LB, 2012 U.S. Dist. LEXIS 169922, 2012 WL 5948951, at *17 ("[T]he reaction of class members is not relevant here because notice [is] not required under Federal Rule of Civil Procedure 23(e)

and there is no binding effect on the Class nor is there a release being provided.").

## IV.   THE COURT SHOULD APPROVE THE SETTLEMENT

"The Ninth Circuit has declared that a strong judicial policy favors settlement of Rule 23 class actions." *Taafua v. Quantum Global Techs., LLC*, 2021 U.S. Dist. LEXIS 28754, 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) (citing *Class Plaintiffs v. City of Seattle*, 955 f.2d 1268, 1276 (9th Cir. 1992)). The judicial policy applies "particularly where complex class action litigation is concerned." *Class Plaintiffs* at 1276; *see also Officers for Justice v. Civil Serv. Committee'n of City & Cty. Of San Francisco*, 688 F2d 615, 625 (9th Cir. 1982). District courts have discretion to decide whether a proposed settlement is fair, adequate, and reasonable. *Class Plaintiffs*, 955 F.2d at 1276; Fed. R. Civ. P. 23(e)(2). They must evaluate whether a proposed settlement is fair, free of collusion, and consistent with plaintiffs' fiduciary obligations to the Class, but they need not address whether the settlement is ideal or the best outcome. *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *10. The Ninth Circuit has identified the following factors for district courts to use when analyzing a proposed settlement: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the Class Members to the proposed settlement. *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 579 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026. Each of the relevant factors weigh in favor of approving this Settlement.[4]

### A.   The Injunctive Relief Provided to Class Members

The negotiated injunction is fair, adequate, and reasonable and directly remedies the harms alleged in the complaint. Plaintiffs allege that Expedia falsely advertised Class Member hotels that have no affiliation with Expedia or a third party and cannot be booked by Expedia as being sold out (or words to that effect). Plaintiffs further alleged that Expedia purchased search engine advertising for Class Member hotels to direct travelers to Expedia websites where they would be offered alternative hotels that

---

[4] There are no government actors in this case, and as stated above, the reaction of the Class is not considered in injunctive relief only cases where the Class does not receive notice. *See Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *15; *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *11; *Kim*, 2012 U.S. Dist. LEXIS 169922, at *17.

Expedia could book and for which Expedia received compensation. "The parties' injunctive relief settlement 'stops the allegedly unlawful practices, bars [Expedia] from similar practices in the future, and does not prevent class members from seeking [monetary] recourse.'" *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *11 (quoting *Grant v. Capital Mgmt. Servs., L.P*, No. 10-V-2471-WQH (BQH), 2014 U.S. Dist. LEXIS 29836, 2014 WL 888665, at *11 (S.D. Cal. Mar. 5, 2014)). With a Rule 23(b)(2) Class and no claims for damages, Plaintiffs have achieved the same result they could have achieved at trial. As a result, this factor weighs in favor of granting approval. *Moreno*, 2019 U.S. Dist. LEXIS 13309, at *21-22 (approving settlement providing solely injunctive relief, attorney's fees, costs, and incentive awards to named plaintiffs); *Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2018 U.S. Dist. LEXIS 6014, 2018 WL 1710075, at *5 (N.D. Cal. Apr. 9, 2018) (same) (*Stathakos II*); *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *2 (same); Goldkorn *v. Cnty. Of San Benardino*, No. EDCW 06-707-VAP (OPx), 2012 U.S. Dist. LEXIS 17934, 2012 WL 476279, at *32 (D. Ariz. Aug. 31, 2010) (same)  *Kim*, 2012 U.S. Dist. LEXIS 169922, at *33 (same).

### B.      Strength of Plaintiffs' Case and Risk of Continued Litigation

While Plaintiffs continue to believe that they could prove to this court that Expedia's false advertisements violated the Lanham Act, they acknowledge the risks of proceeding in trial. The Court denied both Parties' motions for summary judgment and noted that there were genuine disputes of fact as to whether (1) Expedia's unavailability messages and Google ads were misleading and (2) whether that deception was material to consumers' purchasing decisions. (ECF No. 229 at 1.) Fact-intensive inquiries present significant risks to Plaintiffs' claims and potential recovery. *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *12. Just like in *Stathakos*, Expedia's liability hinges on the Court's factual determination of whether reasonable consumers were likely to be deceived by Expedia's false advertising. *Id.* at *13. Plaintiffs believe they can meet this burden, but must acknowledge that where "liability hinges on reasonableness, a favorable verdict cannot be certain." *Id.* at *13. Because of these uncertainties, this factor weighs in favor of approval. *Id.*; *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *9.

For these same reasons, the risks, expense, complexity, and duration of litigation also weigh in favor of approving this Settlement. *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *13; *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *9 (citing *Rodriguez v. W. Pub'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). The

7

Court must balance the risk of continued litigation against the "certainty and immediacy of recovery" from the Settlement. *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *13 (*quoting Kim*, 2012 U.S. Dist. LEXIS 169922, at *14). In addition to the uncertainty regarding liability, the Court found genuine questions as to whether the Class was likely to be harmed in the future such that a permanent injunction would be appropriate. (ECF No. 229 at 4.) Without this Settlement, injunctive relief is not guaranteed. "Because this settlement will result in changing the challenged [] representations, continued litigation could not result in any greater injunctive relief to the class and would only deprive the class of immediate relief." *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *13-14.

### C.      Extent of Discovery and Stage of Proceedings

The Court must also evaluate whether Class Counsel had sufficient information to make an informed decision about the merits of the case. (*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Just like in *Stathakos*, Plaintiffs have conducted an extensive amount of discovery before reaching the Settlement, including experts. The case has gone through two rounds of motions to dismiss, two rounds of contested class certification and dueling motions for summary judgment. In addition, the Settlement was negotiated at arm's-length with the assistance of Judge Infante and Magistrate Judge Westmore. This process gives an additional presumption that the Settlement is fair and reasonable. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 ("[T]he presence of a neutral mediator [is] a factor weighing in favor of a finding of non-collusiveness.") The extent of discovery and the state of proceedings weigh in favor of approval. *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *14.

### D.      The Experience of Class Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *14 (citing *In re Omnivision*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)). The Ninth Circuit recognizes that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez*, 563 F.3d at 967; *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *14. Class Counsel, who are well versed in false advertising and consumer class action litigation, support the approval of the Settlement. (*See* Patterson Decl. ¶¶ 10-11, 14-16; LaDuca Decl. ¶¶ 4-5 & Ex. 2.) Class Counsel has

8

handled and prosecuted scores of consumer class actions in state and federal courts. (*Id.*) After nearly five years of litigation, Class Counsel have demonstrated that they are well informed of the facts, claims, and defenses in this action, as well as the risks associated with trial. Class Counsel is qualified to evaluate the Settlement on a fully informed basis. (*Id.*) Class Counsel also took into consideration the fact that Judge Infante suggested the deal terms as a fair compromise for this action. (Patterson Decl. ¶¶ 8-9.) Class Counsel believes that this is a fair and reasonable Settlement in light of the case's complexities and uncertainties, the uncertainties of future litigation, and the excellent benefit for the Class. (Patterson Decl. ¶¶ 17-19.) This final factor also weighs in favor of approving the Settlement. *Stathakos*, 2018 U.S. Dist. LEXIS 17138, at *15; *In re Omnivision*, 559 F. Supp. 2d at 1043.

## V.     THE COURT SHOULD AWARD THE REQUESTED ATTORNEY'S FEES AND COSTS

The Parties agreed that Class Counsel shall be entitled to an award of attorney's fees and litigation costs of $2,100,000, which is significantly less than Class Counsel's actual lodestar of $5,182,582.50. (Patterson Decl. ¶¶ 20-21 & Ex. 2; LaDuca Decl. ¶ 3 & Ex. 1; Richa Decl. ¶ 3.) The Court has authority to award the requested fees and costs under both the Settlement agreement and the Lanham Act. *See* Fed. R. Civ. P. 23(h); 15 U.S.C. § 1117(a). The requested fee amount was proposed by Judge Infante following agreement as to the Class compensation and all other material terms of the preliminarily approved settlement. The fees are also fair considering the effort, risk, and costs advanced by Class Counsel with no guarantee of success and are reasonable in light of the injunctive relief that provides the Class with the same results that could have been achieved at trial. The Parties and mediator agreed that this represents a fair payment in view of the litigation, the benefits achieved for the Class, and the risks incurred. (Patterson Decl. ¶¶ 5-6, 8-11, 19.)

### A.     The Parties' Agreement for Payment of Attorney's Fees and Costs is Appropriate and Should Be Enforced

The United States Supreme Court held that the parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorney fees. *Evans v. Jeff D.*, 475 U.S. 717, 738 n.30 (1986). The Supreme Court has also held that negotiated, agreed-upon attorney fee provisions are the ideal towards which the parties should strive: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v.*

9

*Eckerhart*, 461 U.S. 424, 437 (1983). The Court stressed that the trial court "has a responsibility to encourage agreement" on fees. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984).

The Parties have adhered to this wisdom. The requested Attorney's Fees and Costs were negotiated during adversarial bargaining by counsel after the substantive terms of the settlement had been negotiated. And the amount was specifically proposed by Judge Infante as fair and reasonable given the intense litigation that led to the Settlement and the excellent results obtained by the Class. Indeed, after reimbursement of Class Counsel's out-of-pocket costs in the amount of $854,821.11, Class Counsel is only requesting modest fees of $1,245,178.89.[5]

### B. Class Counsel's Requested Attorney's Fees and Costs Award Is Properly Calculated Under the Lodestar Method

Courts in the Ninth Circuit properly use the lodestar multiplier method to award fees in injunctive relief class action settlements. *Hanlon*, 150 F.3d at 1029 (finding the lodestar method appropriate for injunctive relief "because there is no way to gauge the net value of the settlement or any percentage thereof"); *Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 887 (9th Cir. 2010) (same); *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at * 12-13. The lodestar is calculated by multiplying the hours reasonably spent on the case by appropriate hourly rates based on the locale and the attorneys' experience. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941-942; *Hanlon*, 150 F.3d at 1029. The resulting lodestar figure may be adjusted upward or downward by use of a multiplier to account for factors including, but not limited to: (i) the quality of the representation; (ii) the benefit obtained for the Class; (iii) the complexity and novelty of the issues presented; and (iv) the risk of nonpayment. *Hanlon*, 150 F.3d at 1029; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Courts typically apply a multiplier or enhancement to the lodestar to account for the substantial risk that plaintiffs' counsel undertook by accepting a case where no payment would be received if the lawsuit did not succeed. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). As a result, a fee that approximates lodestar is

---

[5] The risk in not recovering the more than the amount of out-of-pocket costs was a substantial consideration that ultimately led to Class Counsel to agree to accept $1,245,178.89 despite having more than $5,182,582.50 in fees committed to the litigation. (Patterson Decl. ¶ 20, 23, & Exs. 2, 4; LaDuca Decl. ¶¶ 3-6 & Exs. 1-2.)

considered presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64, n.8 (9th Cir. 1996) ("There is a strong presumption that the lodestar figure represents a reasonable fee.").

### 1. *Counsel's Hourly Rates Are Reasonable*

Hourly rates are reasonable if they are within the range of hourly rates charged by attorneys of comparable experience, reputation, and ability for similar litigation in the relevant community. *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *15; *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) ("[T]he relevant community is the forum in which the district court sits." (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008))). In the Northern District, hourly rates in the range of $560 to over $800 for partners and senior attorneys are reasonable. (*See, e.g.*, *Civil Rights Educ. and Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15-cv-00216-DMR, 2016 U.S. Dist. LEXIS 37256, 2016 WL 1177950, at *17-18 (N.D. Cal. Mar. 22, 2016) (finding hourly rates of $900, $750, $550, $500, $430, and $360 for attorneys and $225 for paralegals were "in line with the market rates charged by attorneys and paralegals of similar experience, skill, and expertise practicing in the Northern District of California"); *G.F. v. Contra Costa Cty.*, No. 13-cv-03667-MEJ, 2015 U.S. Dist. LEXIS 159597, 2015 WL 7571789, at *43-44 (N.D. Cal. Nov. 25, 2015) (finding hourly rates up to $975 per hour were "in line with the overall range of market rates for attorneys and for litigation support staff of similar abilities and experience" in the Northern District of California between 2013 and 2014 and approving requested fees for injunctive relief only settlement); *In re High-Tech Emple. Antitrust Litig.*, 2015 U.S. Dist. LEXIS 118052, at *33-34 (N.D. Cal. Sep. 2, 2015) (finding senior attorneys' rates from about $490 to 975 and junior attorney rates from about $310 to $800 were reasonable for the Northern District); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (finding rates ranging from $355 to $1,095 per hour for partners and associates were within the range of prevailing rates in the Northern District).

Class Counsel may support a fee request with declarations from counsel. *G.F.*, 2015 U.S. Dist. LEXIS 159597, at *42; *Roberts v. City & County of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate"); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). (finding affidavits from plaintiffs' attorneys are satisfactory evidence of the prevailing market rate). As the

declarations from Class Counsel set forth, their hourly rates are well within the range of rates billed by comparable attorneys in the Northern District. (*See* Patterson Decl. ¶¶ 21-22; LaDuca Decl. Ex. 1.)

### 2. *The Number of Hours Claimed Is Reasonable*

The hours spent by Class Counsel are also reasonable, and Class Counsel attached billing summaries to their declaration to support the claimed fees. Counsel need not provide "extensive detail about how an attorney or paralegal spends their time" and should identify the general subject matter of their time in supporting affidavits. *See Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *13 (citations omitted). The declarations of Counsel sufficiently document the hours spent. Class Counsel has spent 6,895.65 attorney hours in the prosecution of this action over the last five years. (Patterson Decl. ¶ 20 & Ex. 2; LaDuca Decl. ¶ 3 & Ex. 1; Richa Decl. ¶ 3.) These hours are justified by the course of this litigation and by the results obtained. Class Counsel removed time that appeared duplicative or unnecessary. (Patterson Decl. ¶ 20 & Ex. 2.) Class Counsel reviewed production of over twelve thousand pages of documents, engaged in extensive written discovery, and took or defended over twenty depositions, including numerous experts. Class Counsel reviewed and analyzed documents and other relevant information; researched the applicable laws and potential defenses; and participated in multiple hearings before the Court. (Patterson Decl. ¶ 20 & Ex. 2; LaDuca Decl. ¶ 3; Richa Decl. ¶ 3.)

The Parties also engaged in extensive motion practice throughout the nearly five years of litigation, including two motions to dismiss, two motions for certification, and a motion to intervene. Plaintiffs successfully defeated two separate attempts to exclude their expert witness. The Parties filed competing motions for summary judgment and litigated numerous discovery disputes. (Patterson Decl. ¶¶ 5-6; LaDuca Decl. ¶ 3; Richa Decl. ¶ 3.) The lodestar hours of Class Counsel reflect both the intensity and magnitude of the work that was required in this case. Considering the time required to litigate this case for nearly five years, Class Counsel's time reflects a level of efficiency and economy well within acceptable bounds. The hours were reasonably spent and necessary to achieve the excellent result obtained here, but Plaintiffs nonetheless agreed to a 75% reduction of their lodestar in consideration for the Settlement.[6] *See Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *16 ("Any lingering discomfort the Court

---

[6] Although the Court did not grant certification of the 23(b)(3) Class, the Court need not reduce the requested fee award by excluding time spent on those claims. *Cmty. Ass'n for Restoration of the Env't v.*

MEMO I/S/O UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 16-cv-04721-VC

might have about counsel's failure to submit timesheets documenting the amount of time spent on each particular task is mitigated by counsel's voluntary acceptance of a substantial 35% reduction from the full lodestar amount and the fact that counsels' fees will not be deducted from a monetary class settlement.")

3.   *The Requested Fee is Particularly Reasonable In Light of the Complex Nature of the Litigation and the Substantial Risks of Nonpayment*

As noted above, the requested Attorney's Fees and Costs award is substantially lower than Class Counsel's actual lodestar. Plaintiffs' counsel are not seeking a multiplier, but they would have been entitled to one given the novel and complex issues raised in this litigation and the excellent results obtained. *See Vizcaino*, 290 F.3d at 1051 n.6 (noting awards with multipliers are often issue and normally range from 0.6 to 19.6, with most (83%) falling between 1 and 4). In considering the reasonableness of attorney's fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, the novelty and complexity of the litigation, the skill and experience of counsel, the results obtained, and awards in similar cases. *Kerr*, 526 F.2d at 70; *Blum*, 465 U.S. at898-900 (1984). All of these factors further support the reasonableness of the requested Attorney's Fees and Costs award in this action. *Vizcaino*, 290 F.3d at 1051.

Class Counsel retained on a contingency fee basis, whether in private matters or in class action litigation, is entitled to a premium to compensate for both the risks and the delay in payment. *See e.g.*, *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) (courts "must apply a risk enhancement); *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (same). The simple fact is that, despite the most vigorous and competent of efforts, success is never guaranteed. Indeed, Class Counsel voluntarily accepted a substantial 75% reduction from the full lodestar amount to facilitate the Settlement and to ensure recovery of the significant costs invested in this case after nearly five years of hard fought

---

*Henry Bosma Dairy*, 305 F.3d 943, 956 (9th Cir. 2002) ("[E]ven if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." (quoting *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991))); *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2016 U.S. Dist. LEXIS 44131, 2016 WL 1255454, at *322 (N.D. Cal. Mar. 31, 2016) (approving the full fee award even though the court denied plaintiffs' request to certify a damages class in an injunctive relief only settlement and noting that "the finding of liability and the remaining injunctive relief are together an excellent result").

litigation. Courts have consistently recognized that the risk of receiving little or no recovery is a factor in considering an award of attorney's fees. *See In re Wash. Public Power Supply Sys. Sec. Litig.* (9th Cir. 1995) 19 F.3d 1291, 1299-01; *In re Pacific Enters. Sec. Litig.* (9th Cir. 1995) 47 F.3d 373, 379 (holding that fees were justified "because of the complexity of the issues and the risks"). Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk and a proper fee award. (*In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d. at 1300.) There is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis. The attorney being paid by the hour can simply go to the bank with her fee. (*Powers v. Eichen* (9th Cir. 2000) 229 F.3d 1249, 1257.) The attorney working on a contingent basis, however, can only log hours while working without pay towards a result that will hopefully entitle her to a marketplace contingent fee, considering the risk, delay, and other factors of the undertaking, risking that she will receive nothing. (*Id.*)

Class Counsel pursued difficult claims and presented them with skill based on long experience prosecuting consumer class actions, all on a purely contingent basis. The risk of non-payment in this case was particularly high considering that Class Counsel advanced more than $850,000 in out-of-pocket costs. Applying the relevant factors fully would supports the application of a multiplier to Class Counsel's lodestar and certainly justifies the requested fee, which is substantially less than the actual lodestar. The contingent recovery, difficulty of issues, and, particularly, the skill in presenting those issues, would support a multiplier. Class Counsel displayed tenacity and creativity in pursuing litigation for nearly five years against well-funded Defendants that employed experienced counsel to mount an aggressive defense. And most importantly, the excellent result achieved for the Class would also supports a multiplier. *Hensley*, 461 U.S. at 436.

## C.    Class Counsel's Costs Are Reasonable and Necessarily Incurred

Although Class Counsel's lodestar exceeds the amount of the requested Attorney's Fees and Costs award, it properly includes both attorney's fees and costs. The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of a class action settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). Class Counsel is entitled to reimbursement for standard out-of-pocket expenses that an attorney would ordinarily bill a fee paying client. *See, e.g., Harris v. Marhoefer*, 24 F.3d

16, 19 (9th Cir. 1994). The incurred costs include court fees, copying fees, courier charges, expert fees, legal research charges, telephone/facsimile fees, travel costs, postage fees, and other related costs. (*See* Patterson Decl. ¶ 22 & Ex. 4 (listing expenses for which reimbursement is sought); DaLuca Decl. ¶ 6 & Ex. 1 (same)). The total incurred costs are $854,821.11. (*Id.*) Each of these costs was necessarily and reasonably incurred to bring this case to a successful conclusion, and they reflect market rates for the various categories of expenses incurred. *Lilly II*, 2015 U.S. Dist. LEXIS 58451, at *17-18.

## VI.   THE REQUESTED INCENTIVE AWARDS FOR CLASS REPRESENTATIVES ARE REASONABLE

Plaintiffs seek Incentive Awards of $12,500 each (for a total of 50,000), and Expedia does not oppose this request. Incentive awards "are fairly typical in class action cases." Rodriguez, 563 F.3d at 958. They are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958-59 (citations omitted). The trial court has discretion to grant Incentive Awards and should consider, among other things, the amount of time and effort spent on the litigation, the duration of the litigation, and the degree of personal gain obtained as a result of the litigation. *See Van Vranken v. Atl. Richfield Co*., 901 F. Supp. 294, 299 (N.D. Cal. 1995). Courts in this District have conferred Incentive Awards in the exact amount requested and have also approved significantly higher awards. *See, e.g.*, *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 U.S. Dist. LEXIS 13797, 2012 WL 381202, at *24 (incentive award of $12,500 to class representative); *see also Van Vraken*, 901 F. Supp. at 299-300 (incentive award of $50,000); *Glass v. UBS Fin. Servs., Inc*., No. C-06-4068 MMC, 2007 U.S. Dist. LEXIS 8746, 2007 WL 221862, at *50-52 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (N.D. Cal. Jan. 26, 2007) (awarding $25,000 each to four plaintiffs).

The requested amount of $12,500 for each Class Representative reflects the involvement and time each Class Representative dedicated to the case. Their involvement in this action was critical to the ultimate success of the case. Class Counsel consulted with the Class Representatives throughout the investigation, filing, prosecution, and settlement of this litigation. (Pfau Decl. ¶¶ 1-9; Spero Decl. ¶¶ 1-9; Villavicencio Decl. ¶¶ 1-9; Wickman Decl. ¶¶ 1-9.) They reviewed documents, responded to written

discovery, prepared for and sat for depositions, and submitted declarations in support of Plaintiffs' motions for certification. (*Id.*) Plaintiffs also bore the full risk of an adverse judgment on behalf of a nationwide Class of hotels. *See, e.g.*, *Whiteway v. Fedex Kinkos Office & Print Servs*. No. C 05-2320 SBA) 2007 U.S. Dist. LEXIS 95398, 2007 WL 4531783, at *3, 6-8  (N.D. Cal. Dec. 17, 2007) (imposing costs of $56,947.68 against class representative in unsuccessful class action). For these reasons, the Parties agree that Plaintiffs should each receive an Incentive Award in recognition of their dedication to the Class and the risks they undertook.

## VII.    CONCLUSION

Class Counsel obtained a Settlement that represents an excellent result for the Class and for consumers throughout the country. The Settlement will efficiently, economically, and favorably resolve what would otherwise be uncertain, protracted, and expensive litigation. The Settlement directly resulted from the determined, diligent, and skilled work of Class Counsel. As a result, Plaintiffs request the Court grant approval of the proposed Settlement, enter the stipulated injunction, appoint Plaintiffs as Class Representatives and Plaintiffs' Attorneys as Class Counsel, and affirm the requested Attorney's Fees and Costs and Incentive Awards.

Dated:  February 24, 2021                    PATTERSON LAW GROUP APC

By: */s/ Jennifer M. French*

James R. Patterson, CA Bar No. 211102
Jennifer M. French, CA Bar No. 265422
PATTERSON LAW GROUP APC
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:   (619) 756-6991
jim@pattersonlawgroup.com
jenn@pattersonlawgroup.com

Charles J. LaDuca (*pro hac vice*)
Joel Davidow (*pro hac vice*)
Alexandra C. Warren (*pro hac vice*)
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Avenue, NW, Ste. 200
Washington, DC 20016
Telephone: 202-789-3960
Facsimile: 202-589-1813

16

1

charles@cuneolaw.com
joel@cuneolaw.com
2
awarren@cuneolaw.com

3
Pierce Gore (SB 128515)
4
Pratt & Associates
1871 The Alameda, Suite 425
5
San Jose, CA  95126
pgore@prattattorneys.com
6

7
Tony C. Richa (*pro hac vice*)
Richa Law Group, P.C.
8
One Bethesda Center
4800 Hampden Lane, Ste 200
9
Bethesda, MD 20814
Telephone: 301-424-0222
10
Facsimile: 301-576-8600
richa@richalawgroup.com
11

12
*Attorneys for Plaintiffs and the Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO I/S/O UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT