James R. Patterson, CA State Bar No. 211102
Jennifer M. French, CA State Bar No. 265422
PATTERSON LAW GROUP, APC
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
jenn@pattersonlawgroup.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, PROSPECT HISTORIC HOTEL, and SHILOH MORNING INN, LLC, a Oklahoma limited liability company, individually and on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company,<br><br>   Defendants. | Case No. 3:16-cv-04721-VC<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JAMES R. PATTERSON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY'S FEES AND COSTS, AND INCENTIVE AWARDS**<br><br>Date:       March 25, 2021<br>Time:      2:00 p.m.<br>Courtroom: 4, 17th Floor<br>Judge:     Hon. Vince Chhabria |

I, James R. Patterson, declare as follows:

1. I am a member of the State Bar of California and am a shareholder in the law firm Patterson Law Group, APC. I represent Plaintiffs Buckeye Tree Lodge and Sequoia Village Inn, LLC, 2020 O Street Corporation, Inc. D/B/A The Mansion on O Street, Prospect Historic Hotel, and Shiloh Morning Inn, LLC in the above-captioned lawsuit. I make this declaration in support of Plaintiffs' Unopposed Motion for Approval of Class Action Settlement. If called as a witness, I would and could testify to the following:

*Plaintiffs' Lawsuits*

2. This unopposed motion seeks final approval of a class action settlement of the lawsuits brought by Plaintiffs, individually and on behalf of similarly situated, against Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., and Hotels.com GP, LLC, and Venere Net S.r.L. (collectively, "Expedia"). Plaintiff Buckeye Tree Lodge filed its complaint on August 16, 2016 alleging causes of action for (1) Violation of the Lanham Act, 15 U.S.C. § 1125 (False Association); (2) Violation of the Lanham Act, 15 U.S.C. § 1125 (False Advertising); (3) Violation of California Business & Professions Code § 17200, *et seq*. (Unfair Competition); (4) Violation of California Business & Professions Code § 17500, *et seq*. (False Advertising); (5) Intentional Interference with Prospective Economic advantage; (6) Negligent Interference with Prospective Economic advantage and (7) Unjust Enrichment and Restitution. (ECF No. 1.)

3. Plaintiffs allege that Expedia falsely advertised Class Member hotels that have no affiliation with Expedia or a third party and cannot be booked by Expedia as being sold out (or words to that effect). Plaintiffs further alleged that Expedia purchased search engine advertising for Class Member hotels to direct travelers to Expedia websites where they would be offered alternative hotels that Expedia could book and for which Expedia received compensation.

4. Plaintiff Buckeye filed a First Amended Complaint on September 16, 2016 (ECF No. 12), and on January 12, 2017, the Court dismissed Plaintiff Buckeye's interference claims (ECF No. 46.) On May 5, 2017, Plaintiffs Buckeye and the Mansion filed a consolidated complaint after the Court deemed the two cases related. (ECF No. 62.) They filed a First Amended Consolidated Complaint on July 17, 2017 (ECF No. 72), and the Court denied Expedia's second motion to dismiss on October 11, 2017 (ECF

1  No. 87.) On October 17, 2018, the Court granted Plaintiffs Prospect and Shiloh's request to intervene (ECF No. 144) and Plaintiffs filed the operative Second Amended Consolidated Complaint on November 9, 2018 (ECF No. 147).

5. Before filing this case, Patterson Law Group investigated the potential claims, including the various causes of action raised above. Before agreeing to the Settlement, the Parties engaged in intense litigation for nearly five years. The Parties conducted extensive rounds of written discovery, we reviewed over twelve thousand pages of documentary evidence produced by Expedia, and the Parties took depositions of over twenty witnesses, including multiple experts. We reviewed and analyzed documents and other relevant information; researched the applicable laws and potential defenses; and participated in multiple hearings before the Court.

6. The Parties also engaged in extensive motion practice throughout the nearly five years of litigation, including two motions to dismiss, two motions for certification, and a motion to intervene. Plaintiffs successfully defeated two separate attempts to exclude their expert witness. The Parties filed competing motions for summary judgment and litigated numerous discovery disputes.

*Settlement Negotiations*

7. On February 5, 2018, the Parties attended their first mediation with the Honorable Edward Infante (Ret.) and agreed to initial language for a voluntary injunction. The only dispute that remained was the amount of attorney's fees and costs, which Plaintiffs were at all times willing to present to the Court in a contested motion. At the Court's suggestion, the Parties attended a further settlement conference with Magistrate Judge Kandis A. Westmore in July of 2019. The Parties were again unable to reach a resolution.

8. On December 3, 2020, the Parties attended a second mediation with Judge Infante. After finalizing the terms in the proposed Injunction, Judge Infante suggested a mediator's proposal that included the provisions for Attorney's Fees and Costs and Incentive Awards, which was accepted by all Parties.

9. Through these arm's-length negotiations at mediation, and after the Parties agreed to the language in the proposed injunction, the Parties agreed that Plaintiffs may seek approval of their request for Attorney's Fees and Costs in the amount of $2,100,000, which is significantly less than Class

2

1  Counsel's actual lodestar and litigation costs. The requested amount was a mediator's proposal by Judge
2  Infante that was accepted by all Parties, and it is fair and reasonable considering the results achieved,
3  efforts taken, and risks assumed by Class Counsel. Those negotiations resulted in the Settlement
4  Agreement that is attached to this declaration as **Exhibit 1**.

5  10. After reviewing the potential monetary value of the claims and considering the legal
6  arguments for and against the claims, we determined that the settlement is fair and in the best interests of
7  the Class because it provides Class Members a significant benefit and removes the risk of continued
8  litigation. We specifically evaluated and considered, with input from Judges Infante and Westmore, the
9  risks associated with trial in this complex litigation, the possibility of not obtaining a permanent
10 injunction, the risk of reversal on appeal, and the potential for delay. Although we are confident that
11 Plaintiffs would prevail on the merits of their claims, we acknowledge that there are legal uncertainties
12 associated with their case and that a successful resolution outside of settlement likely requires protracted
13 litigation at a significant cost.

14 11. The Parties acknowledge the legal uncertainties regarding both success on the merits and
15 obtaining a permanent injunction, and they have taken those uncertainties into account when evaluating
16 this Settlement. The fact-intensive inquiries necessary to succeed at trial and in obtaining a permanent
17 injunction would likely involve significant expense and additional delays. In light of these
18 considerations, the Parties agree that the Settlement is fair, reasonable, and a great result for the Class
19 and for consumers.

### *Plaintiffs' Efforts and Risks*

21 12. Collectively, Plaintiffs have worked diligently to represent the Class' best interests for
22 nearly five years. The proposed Incentive Awards are fair and reasonable given that Plaintiffs diligently
23 pursued this case, participated in written and oral discovery, prepared for and sat for depositions,
24 participated in mediations, undertook the risk of being held liable for Expedia's costs if they did not
25 achieve a favorable outcome, and made individual concessions to obtain this settlement.

26 13. Expedia does not oppose the requested and agreed upon Incentive Awards of $12,500 for
27 each Class Representative.
28 / / /

*Experience*

14. The attorneys at Patterson Law Group have spent the last decade successfully litigating complex cases, including numerous class actions. Before her appointment to the federal judiciary, Allison H. Goddard and I acted as lead counsel in this matter. After graduating from law school, we joined the law firm of Cooley LLP in San Diego, California. Cooley is a large national firm that focuses, among other things in complex litigation, including class action defense. We gained substantial experience representing defendants in class action and complex litigation matters while at Cooley. Accomplished attorney Jennifer M. French joined our firm in 2019 and also began her career at Cooley in 2010. Our extensive experience on the defense side provides us with a unique perspective and insight that has proven effective in representing plaintiffs and plaintiff classes.

15. The attorneys at Patterson Law Group have extensive experience in the last ten years representing consumers and employees in class actions, including the sampling of cases listed below:

   a. Class action cases on behalf of employees: (1) *Von Retteg v. La Costa Limousine*, Case No. 37-2008-00086676 (Sup. Ct. San Diego Cnty.) (wage and hour class action); (2) *Chase, et al. v. Rite Aid Corp.*, Case No. BC381055 (Sup. Ct. L.A. Cnty.) (wage and hour class action on behalf of pharmacists employed by Rite Aid); (3) *LaMasa, et al. v. INDYMAC Resources, Inc.,* Case No. 626836 (Sup. Ct. Stanislaus Cnty.) (wage and hour class action); (4) *Zapata v. BAE Systems,* Case No. 37-2008-00081654 (Sup. Ct. San Diego Cnty.) (wage and hour class action); (5) *Johnson v. Avalon Transportation*, Case No. 37-2009-00098807 (Sup. Ct. San Diego Cnty.) (wage and hour class action); (6) *Van Soest v. Frontline Direct*, Case No. 37-2009-00095582 (Sup. Ct. San Diego Cnty.) (wage and hour class action); (7) *President, et al. v. Fired Up, et al.,* Case No. 37-2007-00073696 (Sup. Ct. San Diego Cnty.) (wage and hour class action); (8) *Harris v. U.S. Security Associates, Inc.*, Case No No. 37-2015-00014759-CU-OE-CTL (Sup. Ct. San Diego Cnty.) (wage and hour class action); (9) *Singer, et al., v. M.A.C. Cosmetics, Inc.*, No. 37-2019-00033695-CU-OE-CTL (Sup. Ct. San Diego Cnty.) (wage and hour class action); and (10) *Garrett-Cain v. The GEO Group, Inc., et al.*, Case No. 37-2020-00008291-CU-OE-CTL (Sup. Ct. San Diego Cnty.) (wage and hour class action);

b. Consumer protection cases in California state and federal court alleging violations of California's protection laws which have been certified as class actions and prosecuted to judgment: (1) *Anderson v. United Retail Group*, Case No. 37-2008-00089685-CUBT-CTL (Sup. Ct. San Diego Cnty.) (provisionally certified class receiving benefits of approximately $4.2 million); (2) *McCarthy v. Euromarket*, Case No. 37-2008-00085041-CU-BT-CTL (Sup. Ct. San Diego Cnty.) (provisionally certified class receiving benefits of approximately $6 million) (3);  and (4) *Johnson v. New York & Company*, Case No. 37-2008-00080567-CU-BT-CTL, (Sup. Ct. San Diego Cnty.) (provisionally certified class receiving benefits of approximately $5 million);

c. Multidistrict Litigation class actions pending in federal court including, but not limited to: (1) *In re: Hydroxycut Marketing and Sales Practices Litigation*, MDL No. 2087; (2) In re: *Heartland Payment Systems, Inc., Customer Data Security Breach Litigation*, MDL No. 2046; (3) In re: *Payless Shoesource, Inc., California Song-Beverly Credit Card Act Litigation*, MDL No. 2022; and (4) *In re TJX Companies, Inc. Customer Data Security Breach Litigation*, MDL No. 1838;

d. Class actions brought on behalf of a class of California residents alleging violations of the Fair Debt Collections Practices Act and California's Rosenthal Act: Shelton *v. GMAC, LLC*, Case No. SCV21807 (Sup. Ct. Placer Cnty.) (class certified); and

e. Class actions brought on behalf of borrowers alleging unfair practices arising from the systematic and arbitrary reduction of their credit lines: (1) *Winkler v. Citibank*, Case No. 09-cv-1999-BTM-CAB (S.D. Cal.); and (2) *Falahati v. J.P. Morgan Chase Bank*, Case No. CV09-06012 RGK (C.D. Cal.).

16. We also have significant trial experience, including class action trials. Notable results include *Ichor Medical Systems v. Walters* ($14 million jury verdict); *Oris Medical Systems, Inc. v. Allion Healthcare, Inc.* ($4 million settlement mid-trial); *Hernandez v. Restoration Hardware* ($36 million verdict following class action trial); *Anderson v. Burlington Coat Factory* ($30 million settlement following trial as to class-wide liability); and *Beth Burns v. San Diego State University* ($3.35 million jury verdict).

17. I am all too familiar with the risks associated with losing. We have lost cases after investing thousands of hours of time and hundreds of thousands of dollars in advanced costs. For example, in 2018, we lost an employment wage and hour class case against May Trucking after investing well over a million dollars in attorney time and approximately $100,000 in advanced out-of-pocket costs. Patterson Law Group has been involved in four class action trials in the last five years, winning two and losing the other two. These losses are devastating from a financial standpoint given the enormous investment of uncompensated time.

18. We have experienced cases in which we lost certification, a dispositive motion, and even trial based on recent case law that did not exist at the time of filing after investing significant time and costs in the case. We have also experienced cases in which our approved class action settlements have been tied up for years on appeal at the hands of professional objectors. Unfortunately, even when we win, we sometimes lose. We have each litigated cases to a class-wide settlement, to only have the defendant later file bankruptcy, thereby precluding our ability to collect our fees and costs. For example, I recently lost a $636,000 fee award after judgment when the settling defendant (Styles for Less) declared bankruptcy in November 2017. There was close to a million dollars of time and tens of thousands of dollars in advanced costs lost as a result.

19. I believe that the Settlement set forth in the Settlement Agreement confers significant benefits upon the Settlement Class Members, is a fair, reasonable, and adequate resolution of the Class claims against Expedia, and is in the best interest of the Class Members. As such the Court should grant Approval of the Class Action Settlement in this matter.

### *Patterson Law Group's Lodestar*

20. My firm has spent 2,661.4 hours to date prosecuting these cases on behalf of the Class. This is a substantial amount of time, which prevented the firm from taking on other work. We removed time that appeared duplicative or unnecessary. The total lodestar is $2,091,867.50. Attached as **Exhibit 2** is a breakdown of the time billed by each attorney.

### *Class Counsel's Contingency Fee Rate*

21. The following is a summary of the qualifications of the timekeepers who worked on these tasks, as well as their hourly rates:

| Timekeeper | Hourly Rate | Summary of Experience |
|---|---|---|
| Allison H. Goddard (AHG) | $895.00 | Magistrate Judge Goddard graduated law school in 2000 and has been practicing in California since 2000. She has extensive experience in complex litigation, including employment class actions. Judge Goddard has appeared as Class Counsel before multiple Superior Courts, Courts of Appeal, federal district and appellate courts, and the California Supreme Court. Her hourly rate has been approved by federal and state courts in California. |
| James R. Patterson (JRP) | $895.00 | I graduated law school in 2000 and have also been practicing in California since 2000. I have extensive experience in complex litigation, including numerous class actions. I have appeared as Class Counsel before multiple Superior Courts, Courts of Appeal, federal district and appellate courts, and the California Supreme Court. My hourly rate has been approved by federal and state courts in California. |
| Jennifer M. French (JMF) | $695.00 | Ms. French graduated law school in 2009 and was admitted to the California State Bar in December 2009. She also began her legal career at Cooley where she focused on complex civil litigation. Ms. French has extensive experience in complex litigation, including class actions. She represented clients in multiple Superior Courts, federal district courts, arbitrations, and the California Supreme Court. |
| Elizabeth A. Mitchell (EAM) | $750.00 | Ms. Mitchell was admitted to the California State Bar in December 1999. Prior to working for Patterson Law Group, Ms. Mitchell was a partner at Solomon Ward Seidenwurm & Smith. |
| Jacquelyn E. Quinn (JQ) | $450.00 | Ms. Quinn graduated law school in 2017 and was admitted to the California State Bar in May 2017. Prior to that she worked as a clerk for Patterson Law Group supporting our class action practice. |

22. Attached as **Exhibit 3** are true and correct excerpts from a December 2015 Westlaw Legal Billing Report for attorneys in California reflecting rates charged by litigation defense attorneys in 2014-2015. This report confirms that the rates that we are seeking in this motion are reasonable in light of the complex nature of class action work. The hourly rate for Ms. Goddard and me is in line with partner rates at reputable law firms that work on class action cases. (E.g., Ex. 2, at 3.) The hourly rates for Ms.

Mitchell and Ms. French is also in line with of counsel rates at similar firms. (E.g., Ex. 2, at 4-5.) The hourly rates for Ms. Favret and Ms. Quinn are also in line with associate rates at similar firms, as is the hourly rate for Ms. O'Neill. We raised our rates in 2021 consistent with the market, but our rates have historically been approved in state and federal courts throughout California. We have never had a Court reduce any of our hourly rates. Our 2021 rates were recently approved by the Honorable Eddie C. Sturgeon in the *Garrett-Cain v. The GEO Group, Inc., et al.* matter cited above.

### *Expenses*

23. Although my firm is not seeking a separate cost award, the substantial costs advanced by Patterson Law Group are reasonable. My firm advanced approximately $192,988.23 in costs necessary to prosecute this matter. A breakdown of these costs is attached here as **Exhibit 4**. The total includes costs associated with mediation, depositions, and hearings in the Northern District, court filing fees, court reporter fees, deposition fees, travel costs, and legal research fees, among others. In addition to these direct costs, my firm incurred substantial indirect costs, including staff time, gas, and mileage, telephone expenses, photocopier expenses, and general overhead expenses associated with the case.

### *Non-Opposition*

24. Expedia does not oppose Plaintiffs' motion for (1) approval, (2) Attorney's Fees and Costs, and (3) Incentive Awards for the Class Representatives.

I declare under penalty of perjury under California laws that the foregoing is true and correct. Executed on February 24, 2021 in San Diego, California.

James R. Patterson

8
PATTERSON DECL. I/S/O UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 16-cv-04721-VC