Exhibit 1

James R. Patterson, CA State Bar No. 211102
Jennifer M. French, CA State Bar No. 265422
PATTERSON LAW GROUP, APC
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
jenn@pattersonlawgroup.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, PROSPECT HISTORIC HOTEL, and SHILOH MORNING INN, LLC, a Oklahoma limited liability company, individually and on behalf of themselves and all others similarly situated, | Case No. 3:16-cv-04721-VC  **CLASS ACTION**  **STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |
|        Plaintiffs, | |
| vs. | |
| EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company, | |
|        Defendants. | |

Subject to Court approval under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Buckeye Tree Lodge and Sequoia Village Inn, LLC, 2020 O Street Corporation, Inc. D/B/A The Mansion on O Street, Prospect Historic Hotel, and Shiloh Morning Inn, LLC (together, "Plaintiffs"), on behalf of themselves and the Class defined below, and Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., and Hotels.com GP, LLC (collectively, "Expedia") hereby enter into this agreement to settle this action subject to the terms and conditions described below.

## I.  DEFINITIONS

1.      Unless otherwise defined herein, capitalized terms used in this Stipulation of Class Action Settlement and Release ("Stipulation" or "Settlement") shall have the meanings set forth below:

a.      "Action" refers to the action currently pending before the United States District Court for the Northern District of California, entitled *Buckeye Tree Lodge and Sequoia Village Inn, LLC, et al. v. Expedia, Inc., et al.*, Case No. 3:16-cv-04721-VC.

b.      "Attorney's Fees and Costs" means the sum of two million one hundred thousand dollars and zero cents that Expedia agrees to pay Class Counsel for attorney's fees and costs.

c.      "Class" or "Class Members" is defined to mean hotels that do not have booking agreements with Expedia and are not capable of being booked through Expedia, but appear on Expedia's websites.  The definition includes hotels that appeared on Expedia's websites when they were not capable of being booked through Expedia at some point during the Class Period, regardless of whether they previously had booking agreements with Expedia or later entered into agreements with Expedia that gave Expedia booking capabilities. In addition, it includes hotels about whom Expedia will make similar statements in the future despite being incapable of booking rooms at those hotels.

d.      "Class Counsel" shall collectively refer to James R. Patterson and Jennifer M. French, Patterson Law Group, APC; Charles J. LaDuca, Joel Davidow, and Alexandra C. Warren, Cuneo Gilbert and LaDuca, LLP; and Tony C. Richa, Richa Law Group.

e.      "Class Period" shall mean from August 17, 2012 through the Approval Date.

f.      "Class Representatives" shall refer to the Plaintiffs in the Action, Buckeye Tree Lodge and Sequoia Village Inn, LLC, 2020 O Street Corporation, Inc. D/B/A The Mansion on O Street, Prospect Historic Hotel, and Shiloh Morning Inn, LLC.

g.    "Complaint" refers to the Second Amended Consolidated Class Action Complaint filed on November 9, 2018 (ECF No. 147).

h.    "Court" refers to the United States District Court, Northern District of California.

i.    "Defense Counsel" shall refer to Simon J. Frankel,  Emily Johnson Henn, Megan L. Rodgers, and Amy S. Heath of Covington & Burling LLP.

j.    "Approval Date" means the date the on which this Court enters an order giving final approval of this Settlement. The Effective Date is the Approval Date.

k.    "Approval Order" means the Court's order granting approval of this Settlement.

l.    "Approval Hearing" means a hearing set by the Court to review the Settlement and determine whether the Court should approve this Settlement, consider the request for attorney's fees and costs submitted by Class Counsel, and consider the request for Class Representative Incentive Awards.

m.    "Incentive Awards" shall refer to payments to the Class Representatives for their services in this Action and as consideration for their general release of all individual claims against Released Parties. This payment is subject to Court approval and shall not exceed $50,000, divided equally among the Class Representatives.

n.    "Released Parties" or "Releasees" means Defendants Expedia, Inc., Orbitz, LLC, Hotels.com, L.P., Hotels.com GP, LLC, Venere Net S.r.L., Trivago GmbH, and Expedia Australia Investments Pty Ltd., and all present and former parent companies, subsidiaries shareholders, officers, directors, employees, agents, attorneys, insurers, successors, and assigns. Released Parties shall not include third party providers or partners.

o.    "Settlement" or "Settlement Agreement" shall mean this Stipulation and the class action settlement contemplated by this Stipulation.

p.    "Websites" shall mean and include Hotels.com, Expedia.com, Orbitz.com, Trivago.com, Wotif.com, Hotwire.com, Ebookers.com, Cheaptickets.com, and Travelocity.com.

## II.   BACKGROUND AND REASONS FOR SETTLEMENT

2.    The Complaint alleges the following causes of action: (1) Violation of the Lanham Act, 15 U.S.C. § 1125 (False Association); (2) Violation of the Lanham Act,  15 U.S.C. § 1125 (False

Advertising); (3) Violation of California Business & Professions Code § 17200, *et seq*. (Unfair Competition); (4) Violation of California Business & Professions Code § 17500, *et seq*. (False Advertising); and (5) Unjust Enrichment and Restitution.

3.     On March 13, 2019, the Court granted in part and denied in part Plaintiffs' motion for class certification of the Lanham Act false advertising claim and certified the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 164.) On September 9, 2020, the Court issued its order clarifying the Class definition, denying in part the Parties' cross-motions for summary judgment, and denying Expedia's motion to exclude Plaintiffs' expert witness. (ECF No. 229.)

### III.   TERMS OF THE SETTLEMENT

4.     <u>Injunctive Relief</u>.

a.     In consideration for the complete and final settlement of the Lawsuit, the Releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Expedia agrees to implement, within thirty (30) days of the entry of the Approval Order, the following injunctive relief:

i.     Expedia shall use best efforts to ensure that properties with which Expedia does not have a contract and that have no relationship with a third party provider to the Websites ("class member properties") do not appear in search results on the Websites with unavailability messaging or on a property details page with unavailability messaging. Recognizing that technology is evolving, best efforts may include steps currently taken by Expedia and those that have been implemented since the filing of this Action, such as contractually requiring third party providers to notify Expedia when a hotel terminates its relationship with that third party and using technological controls to prevent hotels from appearing in search results when third parties notify Expedia that a hotel has terminated its relationship with that third party. Nothing in this Paragraph 4(a)(i) shall prevent Expedia from taking different or additional steps to ensure that class member properties do not appear in search results with unavailability messaging or on property details pages with unavailability messaging. To the extent that Expedia becomes aware that a class member property is appearing next to unavailability messaging, Expedia shall act promptly to remove that property from its Websites.

ii. Expedia shall remove from the Websites any property that terminates its contract with Expedia and that is not available to Expedia through a third party provider to the Websites.

iii. Expedia shall use best efforts to ensure that search engine marketing, search engine optimization, and social media advertisements for the Websites do not identify by name class member properties that are not in and of themselves attractions.

iv. To the extent it has not already done so, Expedia will notify all third party providers that when a hotel with which the third party has contracted terminates its agreement with that third party, the third party must provide accurate availability information to Expedia to allow it to remove the property from the Websites.

b. Expedia further acknowledges that it has made changes in its business practices to prevent non-affiliated Class Members from being advertised on the Websites with unavailability messages following the initiation of this Action, including the specific changes in practice that have been identified to the Court during the pendency of the case.

c. The terms of this injunction shall be in effect for three (3) years from the Approval Date.

5. <u>Attorney's Fees and Costs and Incentive Awards.</u>

a. Subject to Court approval, Expedia shall pay a total of $2,100,000.00 in full satisfaction of Class Counsel's Attorney's Fees and Costs. The Parties acknowledge and agree that this sum was proposed by the mediator Judge Edward Infante in connection with a mediator's proposal that was accepted by all Parties at the conclusion of two arm's-length mediations before Judge Infante.

b. Subject to Court approval, Expedia shall pay a total of $50,000 for Incentive Awards to be split evenly amongst the four Class Representatives ($12,500 each). The Parties acknowledge and agree that this sum was proposed by the mediator Judge Edward Infante in connection with a mediator's proposal that was accepted by all Parties at the conclusion of two arms-length negotiations before Judge Infante.

c. Class Counsel will apply to the Court for approval of payment of $2,100,000.00 in Attorney's Fees and Costs, and $50,000 for Incentive Awards to Plaintiffs, which Expedia agrees not to oppose.

d.      No later than thirty (30) days after the Effective Date or Expedia's receipt of an IRS Form W-9 for Class Counsel, whichever is later, Expedia shall transmit the Court-approved Attorney's Fees and Costs, and Incentive Awards to Class Counsel.

6.      Limitations on use of Settlement.

a.      Non-Admission.  Released Parties expressly disclaim and deny any wrongdoing or liability whatsoever. Nothing in this Settlement Agreement, nor any part of the related approval proceedings, shall be construed as or deemed to be an admission by any Party of any liability, culpability, negligence, or wrongdoing toward any other Party, or any other person, and the Parties specifically disclaim any liability, culpability, negligence, or wrongdoing toward each other or any other person. Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies. Nothing herein shall constitute any admission by Released Parties of wrongdoing or liability, or of the truth of any factual allegations in the Action. Nothing herein shall constitute any admission by any of the Plaintiffs regarding the merits of the Claims in this Action, including but not limited to claims for false advertising under the Lanham Act. Nothing herein shall constitute an admission by Released Parties that the Action was properly brought as a class or representative action other than for settlement purposes. To the contrary, Released Parties have denied and continue to deny each and every material factual allegation and all Claims. To this end, the Settlement of the Action, the negotiation and execution of this Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in the Complaint in the Action and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

b.      Neither this Settlement nor any of its terms shall be offered or used as evidence by any of the Parties, Class Members, or their respective counsel in this Action or any other administrative or legal proceeding, excluding only proceedings to approve and/or enforce this Settlement.

c.     <u>Press Statements</u>. The Parties shall not issue any press releases announcing the Settlement. In response to any media inquiries regarding the Settlement, the Parties may refer to publicly filed documents in the Action. The Parties shall not otherwise make any other public comments or statements to the media concerning the settlement.

## IV.   RELEASE OF CLAIMS

7.     Provided that the Court approves this Settlement Agreement, Plaintiffs, on behalf of themselves and their heirs, representatives, assigns, trusts, executors, and attorneys, hereby release and discharge Released Parties, and each of Released Parties' respective past and present officers, parent companies, subsidiaries shareholders, officers, directors, employees, agents, attorneys, insurers, successors, assigns, insurance companies, and attorneys, from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive, or of any other type), penalties, losses, or demands, whether known or unknown, existing, suspecting, or unsuspected, that Plaintiffs might or might have against them as of the date of this Agreement. Nothing in this release affects Plaintiffs' rights under this Settlement Agreement to apply for an award of Attorney's Fees and Costs or Incentive Awards, as described in this Agreement.

8.     Provided that the Court approves this Agreement, <u>the Class Members other than Plaintiffs,</u> on behalf of themselves and their heirs, representatives, assigns, trusts, executors, and attorneys, hereby release and discharge Released Parties, and each of Released Parties' respective past and present officers, parent companies, subsidiaries shareholders, officers, directors, employees, agents, attorneys, insurers, successors, assigns, insurance companies, and attorneys, from any and all claims for injunctive relief, other similar equitable relief, or any relief available under Rule 23(b)(2) (which does not include any potential claims for monetary damages of any kind), whether known or known, existing, suspected, or unsuspected, that were or reasonable could have been asserted based on the factual allegations in this Lawsuit that occurred during the Class period.

9.     Plaintiffs knowingly and voluntarily waive the protections of California Civil Code section 1542, which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

## V.  DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

10.     The Parties shall submit this Settlement to the Court in support of Plaintiffs' Motion for Settlement Approval and determination by the Court as to its fairness, adequacy, and reasonableness.

11.     Plaintiffs shall apply for an Order Granting Approval of Proposed Class Action Settlement. Within thirty (30) days of the signing of this Settlement Agreement, and subject to Court approval, Plaintiffs shall apply for an Order Granting Approval of Class Action Settlement, which shall provide, among other things, as follows:

       a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

       b.     Approving Class Counsel's application for an award of Attorney's Fees and Costs;

       c.     Approving the Class Representative Incentive Awards; and

       d.     Retaining continuing jurisdiction over the implementation, interpretation, administration, and consummation of the Settlement; and over all parties to the Settlement for the purpose of taking such other actions as may be necessary to administer, implement, or enforce the Settlement.

## VI.  EFFECT OF NON-APPROVAL

12.     If this Settlement is not preliminarily or finally approved by the Court, this Settlement shall be null and void, except this provision shall not apply to non-material procedural matters, such as those related to the timing and sequence of the approval process for this Settlement as directed by the Court. In the event of such non-approval, (a) nothing in this Settlement shall be construed as a determination, admission, or concession of any issue in the Action, and nothing in this Settlement may be offered into evidence in any trial on the merits of the claims asserted in this Action; (b) the Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Settlement never existed; and (c) the Action will revert to the status that existed before the Settlement Agreement's execution date, including the need to reset a new trial date.

13.     Because this Agreement settles an injunctive relief-only, Rule 23(b)(2) Class as defined above, and Class Members are not entitled to opt-out, the Parties agree that notice to the Class is not required. As a result, the Court can finally approve the Settlement without first granting preliminary

approval. To the extent the Court requires that notice be provided to the Class for approval to be ordered, the Parties and their respective counsel will cooperate with each other and do all things reasonably necessary to effectuate that notice. Expedia will bear the costs of providing any Court-required notice.

## VII.  PARTIES' AUTHORITY

14.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## VIII.  MUTUAL COOPERATION

15.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval.

## IX.  NO PRIOR ASSIGNMENTS

16.     The Parties and Class Counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## X.  NOTICES

17.     Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be in writing and shall be sent to counsel for the Parties as listed on the caption page of this agreement.

## XI.  CONSTRUCTION

18.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arm's-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the

drafting of this Settlement. The Parties have entered into this Settlement voluntarily and without duress or undue influence.

### XII.  CAPTION AND INTERPRETATIONS

19.     Paragraph or Section titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision. Each term of this Settlement is contractual and not merely a recital.

### XIII.  MODIFICATION

20.     This Settlement may not be changed, altered, or modified, except in writing, (and, after it has been submitted to the Court, after any such changes have been approved by the Court). This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Class Counsel and Defense Counsel.

### XIV.  TERMINATION

21.     This Settlement may be terminated by either Plaintiffs or Expedia by serving on counsel for the opposing party and filing with the Court a written notice of termination within ten (10) business days (or such longer time as may be agreed between Class Counsel and Expedia) after any of the following occurrences: (i) the Court materially modifies, or materially amends or changes the Settlement, (ii) the Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the Final Order and Judgment; or (iii) an appellate court reverses the Final Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand.

### XV.  INTEGRATION CLAUSE

22.     This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement. No rights under this Settlement may be waived except in writing.

### XVI.  BINDING ON ASSIGNS

23.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XVII.  COUNTERPARTS

24.     This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XVIII.  GOVERNING LAW

25.     This Settlement and **Exhibit A** attached hereto shall be deemed to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California. The rights and obligations of the Parties under this Settlement shall be construed and enforced in accordance with, and be governed by, the substantive and procedural laws of the State of California without regard to California's choice of law principles.

## XIX.  CONTINUING JURISDICTION

26.     Except as otherwise specifically provided for herein, the Court shall retain jurisdiction to construe, interpret, and enforce this Settlement, and to hear and adjudicate any dispute arising from or related to the Settlement.

**The Parties have agreed to the terms of this Settlement Agreement and have signed below**:

1

Dated:  January 28, 2021

BUCKEYE TREE LODGE AND SEQUOIA
VILLAGE INN, LLC

2

3

4

Dennis Villavicencio
Owner

5

6

Dated:  January 28, 2021

2020 O Street CORPORATION, INC. D/B/A THE
MANSION ON O STREET

7

8

9

Ted Spero
President

10

11

Dated:  January 28, 2021

PROSPECT HISTORIC HOTEL

12

13

14

Fred Wickman
Manager

15

Dated:  January 28, 2021

SHILOH MORNING INN, LLC

16

17

18

David Pfau
Manager

19

20

21

22

23

24

25

26

27

28

11

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Case No. 16-cv-04721-VC

1    Dated:  January 28, 2021                    BUCKEYE TREE LODGE AND SEQUOIA
                                                 VILLAGE INN, LLC
2

3
                                                 _____
4                                                Dennis Villavicencio
                                                 Owner
5

6    Dated:  January 28, 2021                    2020 O Street CORPORATION, INC. D/B/A THE
                                                 MANSION ON O STREET
7

8
                                                 _____
9                                                Ted Spero
                                                 President
10

11   Dated:  January 28, 2021                    PROSPECT HISTORIC HOTEL

12

13
                                                 _____
14                                               Fred Wickman
                                                 Manager
15

16   Dated:  January 28, 2021                    SHILOH MORNING INN, LLC

17

18                                               _____
                                                 David Pfau
19                                               Manager

20

21

22

23

24

25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE
Case No. 16-cv-04721-VC

1    Dated:  January 28, 2021                    BUCKEYE TREE LODGE AND SEQUOIA
                                                 VILLAGE INN, LLC
2

3

4    _____
                                                 Dennis Villavicencio
5                                                Owner

6    Dated:  January 28, 2021                    2020 O Street CORPORATION, INC. D/B/A THE
                                                 MANSION ON O STREET
7

8                                                DocuSigned by:

9                                                _Ted Spero_____
                                                 Ted Spero
10                                               President

11   Dated:  January 28, 2021                    PROSPECT HISTORIC HOTEL

12

13

14   _____
                                                 Fred Wickman
15                                               Manager

16   Dated:  January 28, 2021                    SHILOH MORNING INN, LLC

17

18   _____
                                                 David Pfau
19                                               Manager

20

21

22

23

24

25

26

27

28

1    Dated:  January 28, 2021           BUCKEYE TREE LODGE AND SEQUOIA

2                                           VILLAGE INN, LLC

3

4                                           _____

                                          Dennis Villavicencio

5                                           Owner

6    Dated:  January 28, 2021           2020 O Street CORPORATION, INC. D/B/A THE

7                                           MANSION ON O STREET

8

9                                           _____

                                          Ted Spero

10                                           President

11    Dated:  January 28, 2021           PROSPECT HISTORIC HOTEL

12

13                             *[signature: Fred Wickman]*

14                                           Fred Wickman       2/1/21

                                          Manager

15

16    Dated:  January 28, 2021           SHILOH MORNING INN, LLC

17

18                                           _____

                                          David Pfau

19                                           Manager

20

21

22

23

24

25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Case No. 16-cv-04721-VC

1  Dated:  February 2, 2021                    EXPEDIA, INC.

2                                              460DC32BF7B34F9
                                               *Bob Dzielak*
3                                              DocuSigned By: Bob Dzielak
                                               _____
4                                              Name
                                               Title
5
   Dated:  February 2, 2021                    ORBITZ, LLC
6
                                               460DC32BF7B34F9
7                                              *Bob Dzielak*
                                               DocuSigned By: Bob Dzielak
8                                              _____
                                               Name
9                                              Title

10 Dated:  February 2, 2021                    HOTELS.COM, L.P.

11                                             460DC32BF7B34F9
                                               *Bob Dzielak*
12                                             DocuSigned By: Bob Dzielak
                                               _____
13                                             Name
                                               Title
14
   Dated:  February 2, 2021                    HOTELS.COM GP, LLC
15
                                               460DC32BF7B34F9
16                                             *Bob Dzielak*
                                               DocuSigned By: Bob Dzielak
17                                             _____
                                               Name
18                                             Title

19

20 **Approved as to Form and Content:**

21

22

23

24

25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE
Case No. 16-cv-04721-VC

1    Dated:  January 28, 2021                EXPEDIA AUSTRALIA INVESTMNETS PTY LTD

2

3                                            _____
                                             Name
4                                            Title

5

6    **Approved as to Form and Content:**

7                                            PATTERSON LAW GROUP, APC
     Dated:  January 28, 2021
8

9                                            By:_____

10                                           *Attorneys for Plaintiffs and the Class*

11
     Dated:  January 28, 2021                CUNEO GILBERT & LaDUCA, LLP
12

13

14                                           By:_____

15                                           *Attorneys for Plaintiffs and the Class*

16   Dated:  January 28, 2021                RICHA LAW GROUP

17

18                                           By:_____

19

20   Dated:  January 28, 2021                COVINGTON & BURLING LLP

21

22                                           By:_____

23                                           *Attorneys for Defendants*

24

25

26

27

28

                                          13
                  STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE
                                                            Case No. 16-cv-04721-VC

Dated:  February 2, 2021

PATTERSON LAW GROUP, APC

By:_____

*Attorneys for Plaintiffs and the Class*

Dated:  February 2, 2021

CUNEO GILBERT & LaDUCA, LLP

By:_____

*Attorneys for Plaintiffs and the Class*

Dated:  February 2, 2021

RICHA LAW GROUP

By:_____

Dated:  February 2, 2021

COVINGTON & BURLING LLP

By:_____

*Attorneys for Defendants*

Dated:  February 2, 2021                    PATTERSON LAW GROUP, APC


                                            By:_____

                                            *Attorneys for Plaintiffs and the Class*


Dated:  February 2, 2021                    CUNEO GILBERT & LaDUCA, LLP


                                            By:_____

                                            *Attorneys for Plaintiffs and the Class*


Dated:  February 2, 2021                    RICHA LAW GROUP , P.C.


                                            By:_____


Dated:  February 2, 2021                    COVINGTON & BURLING LLP


                                            By:_____

                                            *Attorneys for Defendants*

DocuSign Envelope ID: 69417D5C-165F-423B-8C9A-8BF6245099CC

Dated:  February 2, 2021                    PATTERSON LAW GROUP, APC


                                            By:_____

                                            *Attorneys for Plaintiffs and the Class*

Dated:  February 2, 2021                    CUNEO GILBERT & LaDUCA, LLP


                                            By:_____

                                            *Attorneys for Plaintiffs and the Class*

Dated:  February 2, 2021                    RICHA LAW GROUP


                                            By:_____


Dated:  February 2, 2021                    COVINGTON & BURLING LLP


                                            By:_____

                                            *Attorneys for Defendants*

13

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Case No. 16-cv-04721-VC