James R. Patterson, CA State Bar No. 211102
Jennifer M. French, CA State Bar No. 265422
PATTERSON LAW GROUP, APC
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
jenn@pattersonlawgroup.com

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKEYE TREE LODGE AND SEQUOIA VILLAGE INN, LLC, a California limited liability company, 2020 O STREET CORPORATION, INC, D/B/A THE MANSION ON O STREET, PROSPECT HISTORIC HOTEL, and SHILOH MORNING INN, LLC, a Oklahoma limited liability company, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>EXPEDIA, INC., a Washington corporation; HOTELS.COM, L.P., a Texas limited partnership; HOTELS.COM GP, LLC, a Texas limited liability company; ORBITZ, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 3:16-cv-04721-VC<br><br>**CLASS ACTION**<br><br>**DECLARATION OF FRED WICKMAN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY'S FEES AND COSTS, AND INCENTIVE AWARDS**<br><br>Date:        March 25, 2021<br>Time:       2:00 p.m.<br>Courtroom: 4, 17th Floor<br>Judge:       Hon. Vince Chhabria |

---

WICKMAN DECL. I/S/O UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 16-cv-04721-VC

I, Fred Wickman, declare as follows:

1. I am the owner of Plaintiff Prospect Historic Hotel. I make this declaration in support of Plaintiffs' Unopposed Motion for Approval of Class Action Settlement. If called as a witness, I would and could testify to the following:

2. Prospect Historic Hotel is located 28 miles from Crater Lake National Park. It is a small inn that I run with my wife, Karen Wickman.

3. As a Class Representative, I have been very involved in my case against Expedia since I became a plaintiff in 2018. I assisted Class Counsel's investigation by discussing my experiences with Expedia's false advertisements about the Inn's availability, as well as my perception and understanding of the effect of those advertisements on my business and my customers.

4. Since I became involved with this action, I regularly spoke with my counsel to stay informed of the status of my case and to discuss the next steps.

5. I worked with Class Counsel on my discovery requests. I looked for documents and provided them to Class Counsel.

6. I met with Class Counsel to prepare for my deposition, which I attended on October 3, 2018. I faced questioning about the Inn's availability, my experiences with Expedia and similar websites, and the false unavailability messages about our Inn that appeared on Expedia's websites.

7. I communicated with Class Counsel regarding settlement throughout the litigation and in connection with the two mediations and the settlement conference. I have always had the best interests of the Class in mind when considering whether to resolve this action. Since I knew it was important to fulfill my obligation to Class Members, I evaluated the benefits of the settlement—the injunction that will stop Expedia from making false statements about Class Members' availability—to make sure the settlement was fair to the Class Members I represent.

8. I reviewed and submitted declarations in support of class certification and in support of settlement approval.

9. I have devoted substantial time to litigate this action to seek a change in Expedia's advertising practices. I believe that my dedication and effort have conferred a significant benefit on other Class Members and on consumers.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct. Executed on February 24, 2021 in Prospect, Oregon.

*/s/ Fred Wickman*   2/24/21
Fred Wickman